EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
SHAARILLE LINZY,

                  Plaintiff,

  -against-

UBER TECHNOLOGIES, INC.,

                  Defendants.
------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates **Bronx** County as the place of trial. The basis of venue is Plaintiffs address located at 100 Casals Place, Bronx, New York.

**To the above-named Defendant:**

    **You are hereby summoned** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
         February 8, 2021

_____
ANDREW G. MEIER
ROSENBAUM & ROSENBAUM P.C.
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007


TO:    UBER TECHNOLOGIES, INC.
         c/o Secretary of State
         111 8th Avenue
         New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
SHAARILLE LINZY,

               Plaintiff,

-against-

UBER TECHNOLOGIES, INC.,

               Defendant.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff, SHAARILLE LINZY, by her attorneys, Rosenbaum & Rosenbaum, P.C., set forth and allege the following, under information and belief, as and for her Verified Complaint:

### THE PARTIES

1. Upon information and belief and at all relevant times, Plaintiff, SHAARILLE LINZY, is a resident of the State of New York, County of Bronx.

2. Upon information and belief, and at all relevant times, Defendant, UBER TECHNOLOGIES, INC., (hereinafter "UBER"), was a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, and at all relevant times, Defendant, UBER, owned a motor vehicle bearing New York State license plate number T731174C.

4. Upon information and belief and at all times hereinafter mentioned, Defendant, UBER, was the lessor of a motor vehicle bearing New York State license plate number T731174C.

5. Upon information and belief and at all times hereinafter mentioned, Defendant, UBER, was the lessee of a motor vehicle bearing New York State license plate number T731174C.

6. Upon information and belief and at all times hereinafter mentioned, Defendant, UBER, maintained a motor vehicle bearing New York State license plate number T731174C.

7. Upon information and belief and at all times hereinafter mentioned, Defendant, UBER, controlled a motor vehicle bearing New York State license plate number T731174C.

8. Upon information and belief and at all times hereinafter mentioned, JOSE A. ALEMAR, operated a motor vehicle bearing New York State license plate number T731174C with the consent, knowledge, and permission of Defendant, UBER.

9. Upon information and belief and at all times hereinafter mentioned, JOSE A. ALEMAR, was an employee, agent, assign, representative, and/or independent contractor of Defendant, UBER.

10. Upon information and belief and at all times hereinafter, JOSE A. ALEMAR, operated a motor vehicle bearing New York State license plate number T731174C, as an independent contractor of defendant, UBER.

11. Upon information and belief and at all times hereinafter, JOSE A. ALEMAR, operated the aforementioned motor vehicle bearing New York State license plate number T731174C, while utilizing the Uber "application" on a portable electronic device.

12. Upon information and belief and at all times hereinafter, JOSE A. ALEMAR, was required to operate the aforementioned motor vehicle bearing New York State license plate number T731174C, while utilizing the Uber "application" on a portable electronic device pursuant to the direction, instruction, and/or contract with defendant, UBER.

13. The aforementioned direction, instruction, and/or contract constituted a violation of Vehicle and Traffic Law Section 1225-d.

## THE ACCIDENT

14. At all relevant times, the roadway at or near 3681 Bruckner Boulevard, Bronx, New York, was and still is a public throughway used extensively by the public in general (hereinafter "Accident Location").

15. That on December 5, 2019, Plaintiff, SHAARILLE LINZY, was lawfully traveling over and along the Accident Location as a pedestrian.

16. That on December 5, 2019, JOSE A. ALEMAR, operated the aforesaid motor vehicle bearing New York State license plate number T731174C within the scope of their agency, employment, representation, assignment, and/or as an independent contractor with Defendant, UBER.

17. That on December 5, 2019, at the Accident Location, the vehicle operated by JOSE A. ALEMAR, an employee, agent, assign, representative, and/or as an independent contractor of UBER came into violent contact with Plaintiff, a pedestrian.

## COUNT ONE: VICARIOUS LIABILITY AS TO DEFENDANT UBER

18. Plaintiff readopts and realleges the allegations contained in paragraphs "1" – "16" above as if fully set forth herein.

19. Upon information and belief and at all relevant times, JOSE A. ALEMAR, operated the aforesaid motor vehicle in their capacity as an agent, assign, representative, employee, and/or independent contractor of Defendant, UBER.

20. Upon information and belief and at all relevant times, JOSE A. ALEMAR, operating the aforesaid motor vehicle during the court of their agency, assignment, representation, employment, and/or performing his contractual duties for Defendant, UBER.

21. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the Defendants UBER owned, operated, maintained and controlled the aforesaid motor vehicle without Plaintiff in any way contributing thereto, including: failing to pass another vehicle properly; in failing to use the proper lane; in failing to make a safe lane change; in merging lanes when unsafe to do so; failing to properly operate the motor vehicle; failing to pay proper attention while operating a motor vehicle; in operating the motor vehicle in disregard of signs, lights, control devices, etc.; in improperly proceeding through an intersection; in failing to look before entering an intersection in entering an intersection when it was not safe to do so; in failing to look before proceeding into an intersection; in attempting to enter into an intersection when it was not safe to do so; in operating the vehicle at a greater rate of speed than care and caution would permit under the circumstances; in failing to provide and/or make timely and adequate use of brakes, signaling devices, horns and steering mechanisms; in failing to keep a safe distance from Plaintiff; negligently contracting with the defendant, driver, to operate the motor vehicle as an agent of defendant, UBER; respondent superior; defendant, UBER, failed to ensure defendant, driver, had the requisite skill, experience, judgment, and temperament to operate the motor vehicle as an agent of UBER; failure to provide the defendant, driver, with a reasonably safe way of performing rideshare duties so as not to violate the Vehicle and Traffic Law's prohibition of using cell phones while operating a motor vehicle; operating the vehicle negligently while responding to and/or in the course providing services to a client of a ridesharing application; failure to properly vet potential independent contractors; contracting with individuals who had a propensity to operate a motor vehicle negligently; failure to ensure that independent contractors would engage in

a safe operation of the motor vehicle; in failing to observe and obey traffic signals, rules and laws; in violating sections 1225-c and 1225-d of the Vehicle and Traffic Laws of the State of New York; in failing to observe and be alert over and along the aforementioned roadway; in failing to avoid a collision with Plaintiff; in failing to yield the right of way; in failing to properly operate and control the vehicle, with the result that the Defendant's vehicle violently struck Plaintiff, causing injuries to Plaintiff.

22. That as a result of the aforesaid contact, Plaintiff, SHAARILLE LINZY, was seriously and personally injured.

23. That by reason of the wrongful, negligent and unlawful actions of the Defendant, as aforesaid, the Plaintiff has sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

24. That under the doctrine of *respondeat superior*, Defendant, UBER, is liable for the aforesaid negligence of JOSE A. ALEMAR.

### COUNT TWO: NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION AS TO DEFENDANT UBER TECHNOLOGIES, INC.

25. Plaintiff readopts and realleges the allegations contained in paragraphs "1" – "23" above as if fully set forth herein.

26. Upon information and belief, and at all relevant times, Defendant, UBER, owed a duty to Plaintiff to use reasonable care in the hiring, training, and/or supervision of its employees, agents, assigns, and/or independent contractors, including, JOSE A. ALEMAR.

27. Upon information and belief and at all relevant times, JOSE A. ALEMAR, was operating a motor vehicle bearing New York State license plate number T731174C in their capacity

as an agent, assign, representative, employee, and/or independent contractor of Defendant, UBER.

28. Upon information and belief, JOSE A. ALEMAR, operated the motor vehicle while utilizing the Uber "application" on a portable electronic device.

29. Upon information and belief, defendant, UBER, failed to afford, JOSE A. ALEMAR, an alternative method to perform ridesharing duty so as to not violate the Vehicle and Traffic Law's prohibition of using a portable electronic device while operating a motor vehicle.

30. Upon information and belief and at all relevant times, JOSE A. ALEMAR, operated a motor vehicle bearing New York State license plate number T731174C during the course and scope of their agency, assignment, representation, employment and/or contract or performing their contractual duties for Defendant, UBER.

31. At all relevant times, Defendant, UBER, hired, trained, and/or supervised, JOSE A. ALEMAR, who injured Plaintiff while they were in the course of their employment and/or contract with Defendant, UBER.

32. Upon information and belief and at all relevant times, Defendant, UBER, knew, or, in the existence of reasonable care, should have known that JOSE A. ALEMAR was incompetent, unskilled, unqualified, had vicious propensities, and/or had a bad disposition.

33. At all times material hereto, Defendant, UBER, breached their duty of care owed to Plaintiff, SHAARILLE LINZY, by committing one or more of the following negligent acts; by knowing that JOSE A. ALEMAR had a propensity to commit the act which injured Plaintiffs and still hired them; that Defendant, UBER, should have known that JOSE A. ALEMAR had the propensity to commit the act which injured Plaintiff and still hired them; that Defendant, UBER, should have known JOSE A. ALEMAR was incompetent and still

hired them; that Defendant, UBER, should have known JOSE A. ALEMAR had a bad disposition and still hired them; by failing to train JOSE A. ALEMAR who injured Plaintiff while in the scope of employment; by learning after hiring or having should have learned after the beginning of their employment that JOSE A. ALEMAR has the propensity to commit the act which injured Plaintiff and continuing to retain them for employment; by learning after hiring or having should have learned after the beginning of their employment that JOSE A. ALEMAR was incompetent and continuing to retain them for employment; by negligently hiring JOSE A. ALEMAR who injured Plaintiff while in the scope of employment; by failing to implement policies, procedures, and/or protocols to prevent situations like the one in which JOSE A. ALEMAR injured Plaintiff in the scope of employment, by failing to reasonably and/or properly monitor the ongoing criminal record and bad acts of JOSE A. ALEMAR when Defendant knew or should have known of their criminal record and history of bad acts; by failing to investigate complaints and/or criticisms regarding the conduct of JOSE A. ALEMAR; by neglecting to adequately supervise JOSE A. ALEMAR; by failing to discharge JOSE A. ALEMAR before they injured Plaintiff and in otherwise being negligent in the hiring, training, retention and/or supervision of JOSE A. ALEMAR who injured Plaintiff while in the employment of Defendant, UBER.

34. That by reason of the wrongful, negligent actions of the Defendants, on the aforesaid date and at the aforesaid location, the Plaintiff, SHAARILLE LINZY, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and have sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

## PRAYER FOR RELIEF

35. That one or more of the exceptions of §1601 and 1602 of the Civil Practice Law and Rules applies to the within action.

36. That as a result of the foregoing, the Plaintiff has sustained damages in an amount that exceeds the jurisdictional limits of the lower Courts.

**WHEREFORE**, Plaintiffs, SHAARILLE LINZY, demands judgment against the Defendants, UBER TECHNOLOGIES, INC., in an amount that exceeds the jurisdictional limits of lower Courts of competent jurisdiction, all together with the costs and disbursements of this action.

Dated: New York, New York
February 8, 2021

_____
ANDREW G. MEIER
ROSENBAUM & ROSENBAUM P.C.
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007

## ATTORNEY VERIFICATION

STATE OF NEW YORK - COUNTY OF NEW YORK

**ANDREW G. MEIER,** an attorney duly admitted to practice before the Courts of the State of New York hereby affirms upon information and belief the following to be true under penalty of perjury:

I am an attorney associated with **ROSENBAUM & ROSENBAUM, P.C.,** attorneys of record for the Plaintiff in the above action.

I have read the annexed *SUMMONS & VERIFIED COMPLAINT* and know the contents thereof. The same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief and as to those matters, I believe them to be true. The reason this Verification is made by me and not by Plaintiffs, is that the Plaintiffs reside outside of the county in which I maintain my law office.

The grounds of my belief as to all matters not stated therein upon my own knowledge are as follows: a review of the file maintained by this office, books records and investigation.

Dated: New York, New York
February 8, 2021

_____
ANDREW G. MEIER
ROSENBAUM & ROSENBAUM P.C.
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007