EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SHAARILLE LINZY,

                Plaintiff(s),

vs

UBER TECHNOLOGIES, INC.

                Defendant(s).

Index No.: 801741/2021E

**VERIFIED ANSWER TO**
**VERIFIED COMPLAINT**

Defendant, UBER TECHNOLOGIES, INC. (hereinafter "Defendant") by its attorneys, GOLDBERG SEGALLA LLP, answering the Verified Complaint of the plaintiff herein, upon information and belief, alleges:

## THE PARTIES

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph numbered "1" of the Verified Complaint.

2. Defendant denies each and every allegation contained in paragraph "2" of the Verified Complaint, except to admit it is a foreign business corporation registered in the state of New York.

3. Defendant denies each and every allegation contained in paragraph "3" of the Verified Complaint.

4. Defendant denies each and every allegation contained in paragraph "4" of the Verified Complaint.

5. Defendant denies each and every allegation contained in paragraph "5" of the

**GOLDBERG SEGALLA LLP**
200 Garden City Plaza, Suite 520
Garden City, NY 11530-3203

Verified Complaint.

6. Defendant denies each and every allegation contained in paragraph "6" of the Verified Complaint.

7. Defendant denies each and every allegation contained in paragraph "7" of the Verified Complaint.

8. Defendant denies each and every allegation contained in the paragraph numbered "8" of the Verified Complaint.

9. Defendant denies each and every allegation contained in the paragraph numbered "9" of the Verified Complaint.

10. Defendant denies each and every allegation contained in the paragraph numbered "10" of the Verified Complaint.

11. Defendant denies each and every allegation contained in the paragraph numbered "11" of the Verified Complaint.

12. Defendant denies each and every allegation contained in the paragraph numbered "12" of the Verified Complaint.

13. Defendant denies each and every allegation contained in the paragraph numbered "13" of the Verified Complaint.

## THE ACCIDENT

14. Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph numbered "14" of the Verified Complaint.

15. Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph numbered "15" of the Verified

Complaint.

16. Defendant denies each and every allegation contained in the paragraph numbered "16" of the Verified Complaint.

17. Defendant denies each and every allegation contained in the paragraph numbered "17" of the Verified Complaint.

### COUNT ONE: VICARIOUS LIABILITY AS TO DEFENDANT UBER

18. Answering paragraph "18" of the Verified Complaint, defendant repeats, reiterate(s) and re-allege(s) each and every denial and admission heretofore made to the paragraphs "1" to "17", as set forth therein with the same force and effect as if more fully set forth herein.

19. Defendant denies each and every allegation contained in the paragraph numbered "19" of the Verified Complaint.

20. Defendant denies each and every allegation contained in the paragraph numbered "20" of the Verified Complaint.

21. Defendant denies each and every allegation contained in the paragraph numbered "21" of the Verified Complaint.

22. Defendant denies each and every allegation contained in the paragraph numbered "22" of the Verified Complaint.

23. Defendant denies each and every allegation contained in the paragraph numbered "23" of the Verified Complaint.

24. Defendant denies each and every allegation contained in the paragraph numbered "24" of the Verified Complaint.

## COUNT TWO: NEGLIGENT HIRING, TRAINING, RETENTION AN SUPERVISION AS TO DEFENDANT UBER TECHNOLOGIES, INC.

25. Answering paragraph "25" of the Verified Complaint, defendant repeats, reiterate(s) and re-allege(s) each and every denial and admission heretofore made to the paragraphs "1" to "24", as set forth therein with the same force and effect as if more fully set forth herein.

26. Defendant denies each and every allegation contained in the paragraph numbered "26" of the Verified Complaint.

27. Defendant denies each and every allegation contained in the paragraph numbered "27" of the Verified Complaint.

28. Defendant denies each and every allegation contained in the paragraph numbered "28" of the Verified Complaint.

29. Defendant denies each and every allegation contained in the paragraph numbered "29" of the Verified Complaint.

30. Defendant denies each and every allegation contained in the paragraph numbered "30" of the Verified Complaint.

31. Defendant denies each and every allegation contained in the paragraph numbered "31" of the Verified Complaint.

32. Defendant denies each and every allegation contained in the paragraph numbered "32" of the Verified Complaint.

33. Defendant denies each and every allegation contained in the paragraph numbered "33" of the Verified Complaint.

34. Defendant denies each and every allegation contained in the paragraph numbered "34" of the Verified Complaint.

35. Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph numbered "35" of the Verified Complaint.

36. Defendant denies each and every allegation contained in the paragraph numbered "36" of the Verified Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

37. That whatever injuries and damages Plaintiff may have sustained at the time and place alleged in the Complaint were caused and brought about by reason of the failure of the Plaintiffs to have utilized available seatbelts and/or helmet and/or safety devices. Consequently, Plaintiff is barred from recovering damages for any injuries which were caused or brought about by reason of Plaintiff's failure to utilize available seatbelts and/or helmet and/or safety devices.

### AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

38. The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed therein were caused in whole, or in part by the culpable conduct of Plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

### AS AND FOR A THIRD SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

39. If Plaintiff sustained any injuries or damages at the time and place alleged in the

Complaint, such injuries or damages were the result of the culpable conduct of Plaintiff or because of Plaintiff's assumption of the risk and/or consent to physical contact. Should it be found however, that Defendant is liable to Plaintiff herein, any liability being specifically denied, then Defendant alleges that if any damages are found, they are to be apportioned, pursuant to CPLR Section 1412, between Plaintiff according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE
DEFENSE, UPON INFORMATION AND BELIEF:**

40. The alleged damage suffered by Plaintiff was caused by the culpable conduct of others for whose acts and omissions Defendant bears no responsibility.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE
DEFENSE, UPON INFORMATION AND BELIEF:**

41. Although Defendant specifically denies liability for the occurrence and damages complained of, if Defendant is found liable for such occurrence and damages, Defendant's share of liability is fifty percent (50%) or less the total liability assigned to all persons or entities liable, pursuant to Section 1601 of the CPLR the liability of Defendant to the claimant for non-economic loss shall not exceed Defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE
DEFENSE, UPON INFORMATION AND BELIEF:**

42. That if at the time of trial any of the issues herein have been finally determined against Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

43. Defendant affirmatively pleads the provisions of CPLR Section 4545 insofar as applicable, to the reduction of any recovery Plaintiff may be awarded.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

44. That Plaintiff's Complaint fails to state a cause of action against Defendant.

### AS AND FOR A NINTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

45. Defendant lacked notice of the condition or conditions alleged.

### AS AND FOR A TENTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

46. The limitations on joint and several liability set forth in CPLR Article 16 are applicable to this action.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

47. That Plaintiff(s) was or were the sole proximate cause of the accident, injury and damages alleged.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

48. Upon information and belief, Plaintiff failed to use available means to mitigate damages.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE DEFENSE, UPON INFORMATION AND BELIEF:

49. The cause(s) of action set forth in the Verified Complaint are barred by the applicable statute(s) of limitations.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE
DEFENSE, UPON INFORMATION AND BELIEF:**

50. Plaintiff did not sustain a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York and has not sustained economic loss greater than basic economic loss as defined in Article 51 of the Insurance Law of the State of New York and on this basis Plaintiff does not have a cause of action.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE
DEFENSE, UPON INFORMATION AND BELIEF:**

51. Defendant asserts that the cause(s) of action alleged in the complaint are without merit and are frivolous and, as such, demands that Plaintiff discontinue the cause(s) of action. If the cause(s) of action are not discontinued Defendant will seek an order awarding costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in 22 N.Y.C.R.R. §130, as against plaintiff and/or counsel for Plaintiff.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

52. In the event Plaintiff seeks to recover a verdict or judgment against Defendant, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify Plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR AN SEVENTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

53. To the extent that Plaintiff failed to obtain coverage available to them as an

individual or as a family member, which they are eligible to obtain, and/or failed to take reasonable steps to protect themselves from medical costs, health care or life care costs or to avail himself of the resources, service benefits and coverage available to them under the Affordable Care Act, then Plaintiff failed to mitigate their damages and cannot recover for such failure.

**AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

54. With regard to Plaintiff's failure to mitigate their damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to Plaintiff under the Affordable Care Act, and will offer proof of the medical costs which Plaintiff will not incur under the Affordable Care Act.

**AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

55. Plaintiff's injuries, if any, were a result of intervening causes which were out of the control of Defendant and not the result of the conduct, acts or omissions of the undersigned Defendant. By virtue of the intervening causes Plaintiff's injuries were not proximately caused by Defendant and the claims against Defendant should be dismissed.

**AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

56. Defendant was confronted with a sudden and unexpected emergency not of his own making and Defendant's actions were reasonable under the circumstances.

**AS AND FOR A TWENTY FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:**

57. JOSE A. ALEMAR was confronted with a sudden and unexpected emergency not of his own making and JOSE A. ALEMAR's actions were reasonable under the circumstances.

## AS AND FOR A TWENTY SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

58. Plaintiff's causes of action are barred based on Inconvenient Forum.

## AS AND FOR A TWENTY THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

59. The Complaint, and each cause of action therein, may be barred, in whole or part, under the independent contractor defense because JOSE A. ALEMAR was an independent contractor responsible for his own means and methods, thereby making the doctrines of *respondeat superior* and agency inapplicable.

## AS AND FOR A TWENTY FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

60. At no time or place set forth in the Complaint did any other defendant or third person alleged to be at fault operate as the agent or employee of Defendant such that Defendant can be held vicariously liable for their acts. Should any other defendant or third party be deemed to have any affiliation with Defendant then such other defendant or third party was independently responsible for their own means and methods. Accordingly, the doctrines of *respondeat superior* and agency are inapplicable and Defendant have no vicarious liability for acts or omissions by said other defendants or third parties.

## AS AND FOR A TWENTY FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

61. Any judgement entered in favor of Plaintiff should be reduced pursuant to General Obligations Law section 15-108 by the stipulated amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiff for the damages alleged in the complaint; or in the amount of the released person's equitable share of the damages, whichever is greatest.

### AS AND FOR A TWENTY SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UPON INFORMATION AND BELIEF:

62. As to each and every cause of action contained herein, Defendant is informed and believes and thereon alleges that this dispute is subject to an arbitration agreement between Plaintiff and the answering defendant, such that this matter is properly brought before a qualified arbitrator rather than in the instant Court.

**WHEREFORE,** Defendant, UBER TECHNOLOGIES, INC., demands judgment dismissing the Plaintiff's complaint on the merits; and if Plaintiff, SHAARILLE LINZY, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which Plaintiff may be found to have so contributed to the accident and damages, together with the costs and disbursements of this actin and for such other and further relief as to this Court seems just and proper.

Dated: Garden City, New York
April 16, 2021

Yours etc.,

GOLDBERG SEGALLA LLP

By: _____
Gary A. Marshall
*Attorneys for Defendant*
*UBER TECHNOLOGIES, INC.*
200 Garden City Plaza, Suite 520
Garden City, NY 11530-3203
**Mailing Address:**
**P.O. Box 780, Buffalo, NY   14201**
Phone: 516.281.9800
Fax:    516.281.9801
File No.:15896.0352

TO:

**ROSENBAUM & ROSENBAUM P.C.**
Andrew G. Meier
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007

## ATTORNEY'S VERIFICATION

I, GARY A. MARSHALL, an attorney admitted to practice in the Courts of the State of New York, state that I am the attorney for Defendant UBER TECHNOLOGIES, INC. in the within action; I have read the foregoing Answer to the Verified Complaint, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not Defendant is that Defendant's principal place of business is in a County other than the County where I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Contents of file which constitutes attorney work product.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Garden City, New York
April 16, 2021

_____
GARY A. MARSHALL