EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
SHAARILLE LINZY

                         Plaintiff,          **DEMAND FOR VERIFIED**
                                                                  **BILL OF PARTICULARS**

        -against-

                                                                    Index No: 801741/2021E

UBER TECHNOLOGIES, INC.
                        Defendants.

------------------------------------------------------------------------x

COUNSELORS:

      **PLEASE TAKE NOTICE,** that pursuant to CPLR §§3041 through 3044, Plaintiff is required to serve a Verified Bill of Particulars upon the undersigned within thirty (30) days after the receipt of this demand, setting forth, in detail, the following information:

1. Set forth Plaintiff's residence address on the date of the accident.

2. Set forth the date of birth and social security number of the Plaintiff.

3. Set forth the exact date and approximate time of the accident.

4. Set forth the location of the happening of the accident in sufficient detail so as to permit accurate identification.

5. Set forth separately a precise statement of each and every act and/or error of omission or commission alleged constituting the negligence, recklessness and carelessness of the Answering Defendants.

6. State how it is claimed the accident happened.

7. If Plaintiff is claiming he sustained injuries due to a failure of a safety device or failure to provide a proper safety device, describe the safety device which allegedly failed or was improper.

8. State whether actual or constructive notice is claimed.

9. If actual notice is claimed, set forth the following:

    a. The names and addresses of any person(s) by whom notice was given/supplied.

    b. By whom it will be claimed that said actual notice was given on each occasion aforesaid;

    c. The date or dates of each said notice aforesaid; and

    d. The place said actual notice was given.

10. If constructive notice is claimed, set forth the length of time said condition is alleged to have existed prior to the happening of the alleged accident.

11. Set forth a complete and detailed statement of each and every injury claimed to have been sustained by the Plaintiff as a result of the alleged incident.

12. Set forth which injuries are claimed to be permanent and in what respect they are claimed to be permanent.

13. If it is claimed that the incident in question exacerbated and/or aggravated any physical condition of the Plaintiff, set forth specifically each and every physical condition it is claimed was exacerbated and/or aggravated, and set forth the names and addresses of each and every physician who treated or examined the Plaintiff for such condition prior to the date of the alleged incident herein.

14. State whether Plaintiff claims any limitation of motion, loss of use, or loss of function as a result of the injuries alleged, and if so state the nature, extent and degree of permanency thereof.

15. Set forth the length of time Plaintiff was confined to:

    a. Hospitals;

    b. Bed;

  c. House;

  d. Rehabilitation facilities.

16. State the length of time Plaintiff claims to have been:

  a. totally disabled;

  b. partially disabled;

  c. unable to pursue his usual occupation.

17. If loss of earnings will be claimed to have resulted from the alleged incident, set forth the following:

  a) The loss of earnings that will be claimed;

  b) The name and address of the employer at the time of the alleged negligence;

  c) Plaintiff's occupation at the time of the alleged negligence;

  d) Plaintiff's gross earnings for the last calendar year prior to the alleged negligence;

  e) Plaintiff's gross earnings for any calendar year during which it will be claimed that Plaintiff was incapacitated from work.

18. If Plaintiff was self-employed at the time of the incident, identify, by name and address, the nature of Plaintiff's self-employment and the lost wages, further specifying the net earnings of the Plaintiff at the time of the accident and for the two years prior thereto.

19. Set forth the total amounts claimed for special damages as a result of the alleged incident, itemize said damages, including but not limited to the following:

  a. Physician services;

  b. Medical supplies;

  c. Loss of earnings;

  d. X-rays;

  e. Hospital expense;

  f. Nurses services;

  g. All other special damages.

20. Set forth by chapter, article, section and paragraph each and every statute or ordinance, if any, which it is claimed the Answering Defendants violated.

21. Specifically set forth each and every regulation it will be claimed the Answering Defendants violated.

22. If it is claimed that a dangerous and/or defective condition existed, describe such condition, giving the specific dimensions, including the length, depth, height and width thereof.

23. State in what manner it is alleged that each of the defendants negligently and/or carelessly controlled, maintained and/or operated the premises so as to permit any alleged dangerous and/or defective condition to exist.

24. Describe any claimed nuisance, foreign substance, slippery substance and/or trap that is claimed to have existed and state the length of time said condition is alleged to have existed.

**PLEASE TAKE NOTICE**, that in the event that Plaintiff has no knowledge of any of the above matters, Plaintiff shall so specifically state.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are attained after the date of this demand, they are to be furnished to the undersigned pursuant to this demand.  The undersigned will move to preclude said item

*-continued on next page-*

4

not so provided and/or object upon a trial of this matter to the testimony and/or introduction of any item sought herein.

Dated: Garden City, New York
   April 16, 2021

Yours, etc.,

GOLDBERG SEGALLA LLP

_____
GARY MARSHALL, Esq.
*Attorneys for Defendant*
*UBER TECHNOLOGIES, INC.*
200 Garden City Plaza, Suite 520
Garden City, NY 11530-3203
**Mailing Address:**
**P.O. Box 780, Buffalo, NY   14201**
Phone: 516.281.9800
Fax:    516.281.9801
File No.:  15896.0352

TO:

**ROSENBAUM & ROSENBAUM P.C.**
Andrew G. Meier
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
SHAARILLE LINZY

                Plaintiff,

      -against-

UBER TECHNOLOGIES, INC.

               Defendants.
------------------------------------------------------------------------x

**COMBINED DEMANDS**

Index No: 801741/2021E

**PLEASE TAKE NOTICE,** that pursuant to CPLR Section 3120, the Plaintiff is required to serve on the undersigned, within twenty (20) days of receipt of this Notice, the following:

### DEMAND FOR EXPERT WITNESS INFORMATION

**PLEASE TAKE NOTICE**, that pursuant to CPLR §3101(d)(1), you are demanded to identify each person whom you expect to call as expert witness(es) at the trial of this action and you are demanded to disclose in reasonable detail: (1) the subject matter on which each expert is expected to testify; (2) the qualifications of each expert witness; (3) the substance of the facts and opinions on which each expert is expected to testify; and (4) a summary of the grounds for each expert's opinion.

### DEMAND FOR PARTY STATEMENTS

**PLEASE TAKE NOTICE**, that you are hereby required to produce and permit discovery, inspection and copying of the following:

1. Each and every statement made by or taken of the Answering Defendants whether orally or in writing, in your possession or control.

2. Each and every statement made by or taken of the Plaintiff or Defendants.

## DEMAND FOR PHOTOGRAPHS/VIDEOTAPES

**PLEASE TAKE NOTICE**, that demand is hereby made upon you, pursuant to CPLR §3101 and 3120(a), to produce and permit discovery, inspection and copying by the Answering Defendants, or its attorneys acting on its behalf, of the following:

1. Original copies of all photographs and videotapes taken of the property and premises, which accurately reflects the conditions that existed at the time prior to and immediately after the subject incident;

2. Original copies of all photographs, videotapes, films or slides taken of Plaintiff's injuries which accurately reflect the conditions complained of in the Complaint.

3. Original copies of any videotaped and/or audiotaped interviews, statements, and news reports with regard to the subject accident.

4. Original copies of any instrumentalities that are alleged to have caused or contributed to the incident alleged in the Complaint.

## DEMAND FOR NAMES AND ADDRESSES OF WITNESSES

**PLEASE TAKE NOTICE**, that you are hereby required to produce and permit discovery, inspection and copying of the following:

1. The names and addresses of any persons claimed to be a witness to:

    a) the occurrences alleged in the Complaint;

    b) any acts, omissions, defects or conditions which allegedly caused the occurrences(s) set forth in the Complaint;

    c) actual notice to the defendant of any condition which is alleged to have caused the occurrence(s) set forth in the Complaint, and the date and manner thereof; and if in writing, supply a copy thereof;

    d) the nature and duration of any alleged condition which allegedly caused the occurrence set forth in the Complaint.

## NOTICE FOR DISCOVERY AND INSPECTION FOR DOCUMENTS RELATED TO ECONOMIC LOSS

1. All documents that will be used at the trial to establish any claimed economic loss, including, but not limited to, bills, canceled checks, insurance forms, etc.

**PLEASE TAKE FURTHER NOTICE,** that if Plaintiff fails to timely comply with this Demand, a motion will be made to either dismiss this action and/or preclude the Plaintiff from offering at the trial of this action any evidence pertaining to or contained in the items demanded.

## DEMAND FOR LIEN INFORMATION

**PLEASE TAKE NOTICE,** that pursuant to CPLR §3120, you are required to furnish the undersigned, within twenty (20) days of the receipt of this notice, with the following:

1. A copy of all documents and/or information regarding any and all liens pertaining to the above captioned lawsuit.

2. A duly executed, current authorization permitting this office to obtain, copy and retain the records of any lien holder relative to this lawsuit.

**PLEASE TAKE FURTHER NOTICE,** that this Demand is a continuing Demand for Lien Information throughout the pendency of this lawsuit.

## DEMAND FOR EMPLOYMENT INFORMATION/RECORDS

**PLEASE TAKE NOTICE,** that demand is hereby made upon the Plaintiff or their Attorney to provide the following:

1. A duly executed, current authorization permitting this office to obtain, copy and retain copies of any and all records of Plaintiff's employers, set forth in response to the Demand for Bill of Particulars, including, but not limited to, Plaintiff's employer at the time of the incident relative to his employment history including, but not limited to, schedule, attendance history and salary.

**PLEASE TAKE NOTICE,** that this Demand shall be deemed to continue during the pendency of this action, if any witnesses' names and/or addresses are subsequently obtained.

**PLEASE TAKE FURTHER NOTICE,** that upon Plaintiff's failure to produce the aforesaid documents at the time and place required in this Demand and Notice, a motion will be made for appropriate relief to the Court.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE,** that pursuant to Section 3101(f) and Rule 3120, you are hereby required to produce for discovery and inspection at the office of GOLDBERG SEGALLA LLP, 200 Garden City Plaza, Suite 520, Garden City, New York 11530, within twenty (20) days of the service of this Demand, the following:

1. Any primary insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered against you or to indemnify or reimburse you for payments made to satisfy said judgment against you in the above-entitled action or to satisfy part or all of the damages sustained by you or to reimburse you for payments made due to said damages in the above entitled action;

2. Any documents setting forth the name of the company that issued said primary insurance agreement;

3. Any documents setting forth the number of said primary policy;

4. Any documents setting forth the effective period and the maximum limits of liability for each person provided for in said primary policy;

5. Any documents setting forth the name of the insured appearing in said primary policy;

6. Any documents setting forth who paid the premiums for said primary policy;

7. Any documents setting forth the date of occurrence or date when claim was first made for purposes of determining the applicability of said primary policy;

8. Any documents setting forth whether the defense of this lawsuit or the indemnity provisions are subject to a reservation of rights as to said primary policy;

9. Any excess or umbrella insurance business may be liable to satisfy part or all of a judgment which may be entered against you or to indemnify or reimburse you for payments made to satisfy said judgment against you in the above-entitled action or to satisfy part or all of the damages sustained by you or to reimburse you for payments made due to said damages in the above-entitled action;

10. Any documents setting forth the name of the company that issued said excess or umbrella insurance agreement;

11. Any documents setting forth the number of said excess or umbrella insurance agreement;

12. Any documents setting for the effective period and the maximum limits of liability for each person provided for in said excess or umbrella insurance agreement;

13. Any documents setting forth the name of the insured appearing in said excess or umbrella insurance agreement;

14. Any documents setting forth who paid the premiums for said excess or umbrella insurance agreements;

15. Any documents setting forth the date of occurrence or date when claim was first made for purposes of determining the applicability of said excess or umbrella insurance agreement;

16. Any documents setting forth whether the defense of this lawsuit or the indemnity provisions are subject to a reservation of rights with respect to said excess or umbrella insurance agreement;

**PLEASE TAKE FURTHER NOTICE,** that in lieu of compliance with the above, you may forward copies of said documents to the undersigned by mail prior to the date set for discovery.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply with the foregoing, the Answering Defendants will move for sanctions.

## DEMAND FOR SPECIFIC PHOTOGRAPHS

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR, and particularly CPLR Section 3101 and the precedents established by <u>Reese v. Long Island Railroad</u>, 46 Misc.2d 5, 46 App. Div. 581; <u>Murdick v. Bush</u>, 254 N.Y.S.2d 54; <u>Havward v. Willard Mountain Inc.</u>, 266 N.Y.S.2d 453, the undersigned demand that you serve upon them, within twenty (20) days of the service of this Demand, the following:

1. Photographs of the scene of the accident which is the subject of this litigation;

2. Photographs of the instrumentalities involved in such litigation.

3. Photographs of the Plaintiff which demonstrate, or allege to demonstrate the injuries allegedly sustained, or any device applied to Plaintiff's person as a result of the incident alleged.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply, a motion will be made to the Court for an Order directing compliance, plus costs of this Motion.

## DEMAND FOR MEDICAL, HOSPITAL AND PHYSICIANS' AUTHORIZATIONS AND IDENTITIES OF AL HEALTH CARE PROVIDERS

**PLEASE TAKE NOTICE**, that the demand is hereby made upon the Plaintiff to:

1. Serve upon and deliver to the attorneys for the Answering Defendants within thirty (30) days from the date thereof copies of the medical reports, medical records, hospital records, ambulance/EMS reports, diagnostic films and bills of those physicians, hospitals and other health care providers who treated or examined the injured plaintiff with regard to any injuries alleged in the Complaint. These shall include, but not be limited to, a detailed recital of

the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-rays and technician's reports which will be offered at the trial.

2. Serve upon and deliver to the attorneys for this defendant within thirty (30) days from the date hereof duly executed and acknowledged written HIPAA compliant authorizations, permitting the Answering Defendants to obtain and make copies of all medical and hospital records and diagnostic films by and at which Plaintiff was treated as a result of the occurrence complained of and permitting defense counsel to hold ex parte communications with said medical providers pursuant to *Arons v. Jutkowitz*.

3. Identify the name and address of each physician, hospital or health care provider who treated or examined the Plaintiff.

## DEMAND FOR DISCLOSURE AS TO MEDICARE/MEDICAID LIEN

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules of the State of New York, and Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. 1395Y(B)(7)&(8), demand is hereby made by GOLDBERG SEGALLA LLP, the attorneys for the Answering Defendants, that Plaintiff furnish the following within thirty (30) days of the service of this Notice in a sworn statement:

1. A sworn statement as to whether Plaintiff has made a claim, received benefits or intends to make a claim from Medicare at any time, for any reason, not limited to the injuries and treatment alleged in the present action. If so, demand is further made that plaintiff provides the following:

    a. Plaintiff's date of birth;

    b. Plaintiff's Social Security Number;

    c. First and last name;

    d. Gender;

  e. The Medicare file and/or identification number;

  f. The name and address of the office handling the Medicare file;

  g. Copies of all documents in the possession of Plaintiff or their attorneys pertaining to Plaintiff's receipt of Medicare benefits, including, but not limited to, claim forms, forms accompanying checks sent by Medicare, lien papers, and all other papers received from Medicare or the Agency handling the Medicare claim; and

  h. A duly executed HIPPA compliant authorization bearing Plaintiff's date of birth and social security number, and the Medicare file number, permitting GOLDBERG SEGALLA LLP, or its designee to obtain copies of Plaintiff's Medicare records.

2. A statement of conditional payments from Medicare to date.

3. A duly executed Social Security form SSA-3288 (Consent to Release Information).

**PLEASE TAKE FURTHER NOTICE**, that pursuant to New York Civil Practice and Rules §3101(h), this is a continuing demand that requires Plaintiff to update the responses made hereto within twenty (20) days of receipt of the above-entitled information.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with this Notice will serve as a basis for a Motion to Preclude the Plaintiff upon the trial of this action from offering proof relative to medical damages, if such sworn statements, HIPAA compliant authorizations, and documents and papers requested are not produced within the time set forth above.

### DEMAND FOR COLLATERAL SOURCE INFORMATION

**PLEASE TAKE FURTHER NOTICE**, that demand is hereby made upon you, pursuant to CPLR §4545(c), to produce and permit the undersigned attorneys to inspect and copy the contents of:

  a. each and every collateral source of payment including but not limited to insurance agreements (except life insurance), Social Security (except those benefits provided under Title XVIII of the Social Security Act), Worker's Compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the Plaintiff), and any other collateral source of payment for past or future costs or expenses alleged to have been incurred by the Plaintiffs and for which recovery is sought in the instant action;

13

    b. a written statement setting forth any and all such collateral sources and their amounts; and

    c. duly executed and acknowledged written authorizations for all collateral sources identified in Paragraph (a) above.

If medical payments or lost earnings were obtained from any collateral source, including, but not limited to, Worker's Compensation, no-fault, private health insurance, employee benefit program, pre-paid health plans or other liability or first party coverage, state and/or provide:

    a. The name of each organization that made such payments;

    b. The amounts of each such payment and copies of receipt and/or canceled checks;

    c. The dates of each payment;

    d. The policies or contracts for such payments;

    e. The premium amounts paid by Plaintiff for such coverage, and

    f. The length of time paid by Plaintiff for such coverage.

State the amount of any purported lien(s) or lawful lien(s) against plaintiff's recovery and if any were known to the Plaintiff, state the basis for said lien(s), and the date said lien(s) were established, asserted, filed and/or perfected and state the names of any lienholder(s) or purported lienholder(s).

## DEMAND FOR INCOME TAX RECORDS

**PLEASE TAKE NOTICE**, that pursuant to CPLR §§3101 and 3120(a), the Plaintiff is required to produce and permit discovery, inspection and copying by the Answering Defendants or the attorneys acting on their behalf, of the following:

Plaintiff's federal and state tax return forms and W-2 forms for the three years preceding the accident, up to and including 2010. In the event Plaintiff is not in possession of this information, it is hereby demanded that Plaintiff serves upon and deliver to the attorneys for the

defendants duly executed and acknowledged written authorizations permitting the Defendants to obtain and make copies of the above documents.

### DEMAND FOR WORKERS' COMPENSATION RECORDS AND AUTHORIZATIONS

**PLEASE TAKE NOTICE**, that the demand is hereby made upon the Plaintiff to:

Serve upon and deliver to the attorneys for these defendants within thirty (30) days from the date thereof duly executed and acknowledged written authorization(s) permitting said Answering Defendants to obtain, examine, inspect and photocopy Plaintiff's entire Workers' Compensation file of both the New York State and the employer's Workers' Compensation carriers.

### NOTICE DECLINING SERVICE BY ELECTRONIC MEANS

**PLEASE TAKE NOTICE**, that the undersigned, GOLDBERG SEGALLA LLP, pursuant to CPLR §2103(5), as attorney for the Answering Defendants in the above-captioned matter, will not accept service of legal pleadings, proceedings or documents by facsimile or other electronic means in this matter.

### DEMAND FOR STATEMENT OF RELIEF REQUESTED

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §3017(c) Plaintiff is required to serve a statement upon the undersigned within fifteen (15) days setting forth the total damages to which the Plaintiff deems themselves entitled.

### DEMAND PURSUANT TO G.O.L. §15-108

**PLEASE TAKE NOTICE**, that pursuant to G.O.L. §15-108 you are required to set forth within twenty (20) days after receipt of this notice:

1. If any sum has been paid or promised to the Plaintiff by any person claimed to be liable for the injuries (or damages) alleged in the Verified Complaint, a) the name and address of the person, corporation, insurance company or other entity making such payment or promise; and

b) state the amount(s) which have been or will be with reasonable certainty received by Plaintiffs.

### DEMANDS FOR DOCUMENTS, PRIOR PLEADINGS, AND OTHER DISCOVERY

**PLEASE TAKE NOTICE**, that Plaintiff is hereby required to produce and permit discovery, inspection and copying of the following:

1. Any and all written accident reports regarding the accident in issue.

2. Any police and/or ambulance reports regarding the accident in issue.

3. A copy of any violations, citations, notices or correspondence from any governmental agency with respect to the premises.

4. Copies of transcripts of records of all examinations before trial, Worker's Compensation Hearing and statutory hearings heretofore conducted, including those conducted pursuant to General Municipal Law §50(h) and any exhibits marked at such action. If it is claimed that no transcript is available for any of said proceedings, then please set forth the following:

    a. Date, time, place of proceeding(s);
    b. Agency or Municipality;
    c. Hearing Officer;
    d. Reporter or recording means utilized;
    e. Witness(es) name(s).

**PLEASE TAKE NOTICE**, that upon your failure to comply with the above-mentioned demands, these defendants will move this Court for those sanctions and remedies which are deemed appropriate under the laws of New York State.

**PLEASE TAKE FURTHER NOTICE**, that these are continuing demands and that if you obtain any of the information demanded herein subsequent to the service of this notice, then said information is to be furnished to defendant whenever obtained, and defendants will object at

the time of trial to the offering into evidence of any of the information which has been demanded herein and not produced.

**PLEASE TAKE FURTHER NOTICE**, that said information is to be produced to GOLDBERG SEGALLA LLP, 200 Garden City Plaza, Suite 520, Garden City, New York 11530 within thirty (30) days of the date hereof.

## NOTICE FOR DISCOVERY AND INSPECTION OF PROOFS TO ESTABLISH SPECIAL DAMAGES

**PLEASE TAKE NOTICE,** that the Plaintiff is hereby requested to produce for discovery and inspection, at the offices of the undersigned within twenty (20) days after receipt of this notice, the following documents:

1. Each and every bill, statement of account, or itemized charge received by the Plaintiff or anyone on their behalf pertaining to the special damages claimed in this lawsuit.

**PLEASE TAKE FURTHER NOTICE,** that this demand shall be deemed to continue during the pendency of this action, if any of the above requested information or documents are subsequently obtained.

**PLEASE TAKE FURTHER NOTICE,** that if the Plaintiff fails to timely comply with this Demand, a motion will be made to either dismiss this action and/or preclude the Plaintiff from offering at the trial of this action any evidence pertaining to or contained in the items demanded herein.

## DEMAND FOR CONTRACTS AND LEASES

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR, the undersigned demand that you serve upon them, within twenty (20) days of service of this Demand, the following:

1. Any and all contracts, purchase order, invoice, change orders, or leases, including extensions, assumptions and/or amendments related to the property in question.


**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply, a motion will be made to the Court for an Order directing compliance, plus costs of this Motion.

### DEMAND FOR INDEX NUMBER AND PROOF OF COMPLIANCE WITH CPLR §306(a)

**PLEASE TAKE NOTICE,** that demand is hereby made that the Plaintiff herein serves upon the undersigned attorneys for these Answering Defendants the Index Number, the date upon which the Index Number was assigned to the above entitled action as provided for by §306(a) of the CPLR, affidavit of service upon these Answering Defendants, and date when the Summons and Complaint herein was filed with the Clerk of the Court, within ten (10) days of the date hereof.

Dated: Garden City, New York
      April 16, 2021

> Yours, etc.,
> GOLDBERG SEGALLA, LLP
>
> _____
> GARY MARSHALL, Esq.
> *Attorneys for Defendant*
> *UBER TECHNOLOGIES, INC.*
> 200 Garden City Plaza, Suite 520
> Garden City, NY 11530-3203
> **Mailing Address:**
> **P.O. Box 780, Buffalo, NY   14201**
> Phone: 516.281.9800
> Fax:    516.281.9801
> File No.:  15896.0352

TO:

**ROSENBAUM & ROSENBAUM P.C.**
Andrew G. Meier
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007

Shaarille Linzy v. Uber Technologies, Inc.
Index No.: 801741/2021E
GS File No.:15896.0352

## AFFIDAVIT OF SERVICE

Madisyn Drescher, being duly sworn deposes and says, that deponent is not a party to this action, is over 18 years of age and resides in Suffolk County, New York. That on the 16th day of April, 2021, deponent served a copy of the within **Verified Answer, Notice of EBT, Demand for Bill of Particulars & Combined Demands** upon:

ROSENBAUM & ROSENBAUM P.C.
Andrew G. Meier
*Attorneys for Plaintiff*
100 Wall Street, 15th Floor
New York, NY 10005
(212) 514-5007

by depositing the enclosed in a stamped envelope in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Madisyn Drescher

Sworn to before me this
16 day of April, 2021

_____
NOTARY PUBLIC

BARBARA J. GILMOR
Notary Public, State of New York
No. 01GI6060592
Qualified in Nassau County
Commission Expires June 25, 2023

1