EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
SHAARILLE LINZY,

        Plaintiff,

        -against-

UBER TECHNOLOGIES, INC.

        Defendant(s).
-------------------------------------------------------------------X

Index No.: 801741/2021E

**VERIFIED BILL OF PARTICULARS**

    Plaintiff, SHAARILLE LINZY, by her attorneys, ROSENBAUM & ROSENBAUM P.C., sets forth the following, under information and belief, as and for her Verified Bill of Particulars as to defendants UBER TECHNOLOGIES, INC.:

1. Plaintiff resides at 100 Casals Place, Bronx, New York.

2. Plaintiffs date of birth is xxx-xx-1988. Plaintiff objects to the demand for her Social Security number as privileged and, and also to the disclosure of such information in a filing likely to be publicly filed, due to the danger of identity theft. (See, for instances, In re: The August 2, 2004 Amendment to the E-Government Act of 2002, Administrative Order 2004-09, Chief Judge Edward R. Korman, dated October 2004, United States District Court, Eastern District of New York, which prohibits the disclosure of full Social Security numbers in documents likely to be filed either electronically of in paper form.).

3. The incident herein complained of occurred on December 5, 2019 at approximately 4:45pm – 5:15pm.

4. The incident occurred on Bruckner Boulevard, at or near its intersection with Westchester Avenue, Bronx, New York.

5. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendant owned, operated, maintained and controlled the aforesaid motor vehicle without plaintiff in any way contributing thereto, including: hiring, training, and or vetting its employees, agents, and/or independent contractors, and in negligently designing its ridesharing platform; failing to yield to a pedestrian with the right of way; negligently leaving his lane of traffic; negligently changing lanes, without signaling; failing to yield to plaintiff; improperly operating said motor vehicle; operating the vehicle at a greater rate of speed than care and caution would permit under the circumstances; failing to provide and/or make timely and adequate use of brakes, signaling devices, horns and steering mechanisms; failing to keep a safe distance from plaintiff; operating said motor vehicle in violation of applicable statute, laws, rules, regulations and ordinances including but not limited to the Vehicle and Traffic Laws of the State of New York and the Traffic Regulations of the City of New York; failing to observe and be alert over and along the aforementioned roadway; in failing to operate the motor vehicle as a reasonably prudent person under like circumstances; in failing to see what there was to be seen; in failing to avoid coming into contact with plaintiff; in failing to avoid the happening of the accident; in failing to exercise due care to avoid striking the plaintiff; in failing to observe and be alert while operating the motor vehicle; in using a portable electronic device at the time of the impact; in failing to maintain a proper lookout; in failing to engage in evasive maneuvers; in failing to operate the motor vehicle under the appropriate

conditions then prevailing; in failing to yield the right of way; in failing to ensure it was safe to enter the intersection before doing so; in failing to recognize a green light is merely an invitation to proceed; in failing to yield the right of way to the vehicle already in control of the intersection; failing to avoid a collision with plaintiff; failing to prevent injury to plaintiff; failing to reasonably maintain and control the vehicle; operating the vehicle negligently while logged into a ridesharing application; negligently contracting with the defendant, driver, to operate the motor vehicle as an agent of defendant, UBER; respondent superior; defendant, UBER, failed to ensure defendant, driver, had the requisite skill, experience, judgment, and temperament to operate the motor vehicle as an agent of UBER; **in negligently designing a rideshare platform forcing drivers to use a portable electronic device while operating a motor vehicle; failing to provide its independent contractors with an alternative method to search for potential customers and respond to request for rideshare so as to not utilize a portable electronic device while operating a motor vehicle; failure to provide the defendant, driver, with a reasonably safe way of performing rideshare duties so as not to violate the Vehicle and Traffic Law's prohibition of using a portable electronic device while operating a motor vehicle; operating the vehicle negligently while searching for, responding to and/or in the course providing services to a client of a ridesharing application**; failure to properly vet potential independent contractors; contracting with individuals who had a propensity to operate a motor vehicle negligently; failure to ensure that independent

contractors would engage in a safe operation of the motor vehicle; failing to exercise due care in the operation of the motor vehicle; failing to prevent the accident from occurring; failing to ensure the vehicle was in good working order; in using a portable electronic device while operating the motor vehicle; in placing a portable electronic device in defendant, drivers, line of sight/on the dashboard/on the windshield; in coming in contact with plaintiff while engaged on a ridesharing application; and failing to properly operate and control the vehicle.

6. Plaintiff objects to this demand as being improper in that it fails to comply with the Provisions of Rule 3043(a) of the CPLR in that it is overly broad, improper and beyond the scope of a Bill of Particulars.

7. Not applicable.

8. Not applicable.

9. Not applicable.

10. Not applicable.

11. Upon information and belief, the following injuries were caused as a result of the defendant's negligence:

   **CERVICAL SPINE**

   - Cervical radiculopathy
   - Nerve damage
   - Disc herniation at C3-4
   - Disc herniation at C4-5
   - Disc herniation at C5-6

- Future surgical intervention is anticipated

## LUMBAR SPINE

- Lumbar radiculopathy
- Nerve damage
- Disc herniation with annular tear at L1-2
- Disc herniation with annular tear at L2-3
- Disc herniation with annular tear at L3-4
- Disc herniation with annular tear at L4-5
- Disc herniation with annular tear at L5-S1
- Antalgic gait
- Significant disfigurement
- On August 4, 2020 Plaintiff received interlaminar lumbar injection, fluoroscopic guidance, and epidurogram with interpretation.
- As a result of the previously plead injuries, on December 22, 2020, plaintiff underwent a bilateral Epidural Steroid Injections at L4-L5, and L5-S1.
- As a result of the foregoing, on April 6, 2021, plaintiff underwent a left sided hemilaminotomy, medial facetectomy, foraminotomy, and discectomy at L4-5 with neurolysis of the L4 and L5 nerve roots.
- Addition surgical intervention in anticipated.

## HEAD

- Concussion with loss of consciousness and its natural sequelae

As a result of the foregoing the Plaintiff suffers from severe pain, swelling and tenderness resulting in loss of strength, loss of function, loss of motion, restriction in movement, all with

involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

The foregoing injuries directly affected the bones, tendons, tissues, muscle ligaments, nerves, blood vessels and soft tissue in and about the involved areas and symptomatic and radiating pains from all of which the Plaintiff suffered, still suffers and may permanently suffer. The Plaintiff verily believes that all of the injuries hereinabove sustained, with the exception of bruises and contusions, are permanent and progressive in nature.

**Severe pain, swelling, tenderness, spasms, numbness, decreased strength, decreased sensation, decreased range of motion.**

**Future surgical intervention is anticipated.**

**Post-traumatic arthritis of the affected body parts.**

**As a result of the following plaintiff required extensive physical therapy and chiropractic treatment.**

**All of the injuries sustained are permanent and were accompanied by severe pain, swelling and ecchymosis with damage to the surrounding soft tissues, nerves, tendons, muscles, ligaments and blood vessels with permanent loss of use, function and motion.**

**All soft tissues injuries have resulted in permanent loss of range of motion and plaintiff has or will sustain the natural sequelae of said injuries.**

**All injuries which have been sustained have or will require further corrective surgery, hospitalization and disability together with the necessary medical and hospital expenses.**

**All of the injuries, their natural sequelae have aggravated and/or exacerbated previously asymptomatic underlying degenerative conditions for which plaintiff previously did not experience any pain nor symptomology of the previously asymptomatic underlying**

**degenerative condition.**

Plaintiff sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York and have sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law. Plaintiff sustained significant disfigurement, permanent loss of use of body organ, member, function or system; permanent consequential limitation of use of body organ, member, significant limitation of use of body function or system; medically determined injury or impairment of a non-permanent nature which prevented plaintiff from performing substantially all of the material acts which constitute plaintiff's usual and customary daily activities for not less than 90 of the first 180 days following the accident

12. Please see response to 11 above.

13. Please see response to 11 above.

14. Please see response to 11 above.

15. Plaintiff has been confined to bed and home from the day of the accident intermittently and upon information and belief continues to be confined to bed and home on an intermittent basis.

16. Plaintiff remains partially disabled.

17. Plaintiff is employed by Pokeworks. Plaintiff is still incapacitated from employment. Plaintiff earns $15.00 per hour, 30 hours a week. Plaintiff earns $450.00 per week. Plaintiff lost wage claim is $13,500 and continuing. An authorization to obtain plaintiffs salary and attendance records are attached to plaintiffs Response to Combined Demands.

18. Not applicable.

19. Plaintiff is currently unaware of the total billing amounts. The following is an

estimation of those bills currently known to Plaintiff:

(a) Medical/ Physicians' services: Estimated $50,000 and continuing;

(b) Hospital services: Included in (a);

(c) Nurses' services: Included in (a);

(d) Ambulance/Xray services: Included in (a);

(e) Other special damages: Plaintiff is claiming past, present and future medical bills and past present and future pain and suffering amounts which will be determined at trial by the trier of fact.

20. Plaintiff alleges that the defendants violated Sections 388, 1101, 1110, 1111, 1111-a, 1122, 1123, 1124, 1128, 1129, 1130, 1141, 1142, 1143, 1144, 1146, 1161, 1180, 1212, 1225-c, 1225-d and 1226 of the Vehicle and Traffic Laws of the State of New York, and Sections 4-01, 4-02, 4-05, 4-06, 4-08, and 4-12 of the Traffic Regulations of the City of New York, along with all other applicable statutes, ordinances, rules and regulations that the Court will take judicial notice of at the time of trial. Plaintiff reserves her right to supplement this response.

21. Please see response to 20 above.

22. Not applicable.

23. Not applicable.

24. Not applicable.

**PLEASE TAKE NOTICE**, that these responses are furnished as of the date hereof. Plaintiff reserves the right to amend and/or supplement these responses when and if new information becomes available, up to and including the time of trial.

Dated:  New York, New York
        May 12, 2021

Yours etc.,

ANDREW G. MEIER
Rosenbaum & Rosenbaum, P.C.
Attorneys for Plaintiff
100 Wall Street, 15th Floor
New York, New York 10005
212-514-5007

TO:

**GOLDBERG SEGALLA, LLP**
*Attorney(s) for Defendants*
*Uber Technologies, Inc.*
200 Garden City Plaza, Suite 520
Garden City, New York 11530
(516) 281-9800

ATTORNEY'S VERIFICATION

**Andrew G. Meier,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true upon information and belief under the penalties of perjury:

I am an attorney at ROSENBAUM AND ROSENBAUM, P.C, attorneys of record for Plaintiff. I have read the annexed **VERIFIED BILL OF PARTICULARS** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiff is not presently in the county wherein, I maintain my offices.

DATED:    New York, New York
          May 12, 2021

                                                    _____
                                                    ANDREW G. MEIER

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK - COUNTY OF NEW YORK: SS

I, **Kristina Tineo,** being duly sworn, say:

I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.

On **May 12, 2021,** I served the within

**<u>VERIFIED BILL OF PARTICULARS</u>**
**<u>RESPONSE TO COMBINED DEMANDS</u>**
**<u>COMBINED DEMANDS</u>**
**<u>DEMAND FOR BILL OF PARTICULARS</u>**

by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name:

**<u>Via Regular Mail & Email:</u>**
<u>gmarshall@goldbergsegalla.com</u>
**GOLDBERG SEGALLA, LLP**
*Attorney(s) for Defendants*
*Uber Technologies, Inc.*
200 Garden City Plaza, Suite 520
Garden City, New York 11530

_____
Kristina Tineo

Sworn to before me this
12 day of May 2021

_____
Notary Public

NIKKI MUCCIO
Notary Public, State of New York
Reg. No. 01MU6401355
Qualified in Bronx County
Commission Expires 12/09/2023