UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAARILLE LINZY,

                        Plaintiff,                Civil Action No.:
                                                        1:21-cv-05097

    -against-


UBER TECHNOLOGIES, INC.,

                        Defendant.

------------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO REMAND

                                                  **GOLDBERG SEGALLA, LLP**
                                                  **Attorneys for Defendant**
                                                  **50 Main Street, Suite 425**
                                                  **White Plains, New York 10606**
                                                  **914-798-5400**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT……………………………………….. 2

ARGUMENT……………………………………………………………….3

    A.    PLAINTIFF DOES NOT ARGUE REMOVAL WAS IMPROPER……………………………………………………3

    B.    PLAINTIFF HAS NOT ESTABLISHED THAT HER REMAND   APPLICATION MEETS THE REQUIREMENTS SET FORTH IN 28 USC §1447(e)………..4

    C.    PLAINTIFF'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER FOR FAILURE TO INCLUDE THE REQUIRED NOTICE OF MOTION IN VIOLATION OF LOCAL RULE 7.1.(a)(1)………………….11

    D.    PLAINTIFF CANNOT CLAIM SHE WILL BE PREJUDICED BY DENIAL OF THE INSTANT MOTION, AS PLAINTIFF IS BOUND BY HER OWN TACTICAL LITIGATION DECISIONS………………………………..12

CONCLUSION………………………………………………………..13

# TABLE OF AUTHORITIES

**Cases**  **page**

*Buisson v. Uber Technologies, Inc.*, et al.,
EDNY Docket No.: 21-cv-02534-AMD-LB……………………………………….11

*Gissim, Inc. v. Scottsdale Ins. Co.*,
No. 16CV3306ILGSLT, 2016 WL 7413488, at *3 (E.D.N.Y. Dec. 22, 2016)…..8
.
*Hernandez v. Conriv Realty Associates,*
(2d. Cir. 1997), 116 F.3d 35, 38……………………………………………………..4

*Koch v. Pechota*,
No. 10 CIV. 9152, 2012 WL 2402577, at *6 (S.D.N.Y. June 26, 2012)……..4,5,8

*Mensah v. World Truck Corp.*,
210 F. Supp. 2d 320 (S.D.N.Y. 2002) (28 USC §1447(e)………………………...8

*Nnaji v. Fernandez et al.*,
No. 21 CIV. 1559 (KPF), 2021 WL 2433850, at *4 (S.D.N.Y. June 15, 2021)…..6

*Reyes v. Rite-Line Transp., Inc.*,
2013 U.S. Dist. LEXIS 94820……………………………………………………..8

*United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*,
30 F.3d 298 (2d. Cir. 1994)……………………………………………………..4

*Wilds v. United Parcel Service, Inc.*,,
262 F.Supp.2d 163, 171 (S.D.N.Y. 2003)…………………………………..............4

**Statutes**

28 USC §1447 ……………………………………………………………………..4,5,6,8,9
Local Rule 7.1……………………………………………………………………11,12

## **PRELIMINARY STATEMENT**

Uber Technologies, Inc. ("Uber") submits this Memorandum of Law in opposition to plaintiff's request that this matter be remanded. For the foregoing reasons, Plaintiff's request to remand should be denied.

As an initial matter, Plaintiff does **not** argue or suggest that removal was improper. Rather, Plaintiff contends (and wishes), and her intent all along was, to consolidate this matter with *Linzy v. Jose A. Alemar, American United Transportation, Inc., and American United Transportation II, Inc.,* Index. No.23280/2020E ("*Linzy I*"). However, this is belied by the record, which shows that Plaintiff chose to file a separate lawsuit instead of attempting to seek leave to amend her complaint to assert separate claims against Uber under the Civil Practice Law and Rules in *Linzy I*. Instead, Plaintiff filed a Note of Issue in *Linzy I* on February 5, 2021 certifying that all discovery had been completed and that *Linzy I* was ready for trial. Thereafter, on February 9, 2021, Plaintiff filed this instant lawsuit ("*Linzy II*") against Uber only, as part of an alleged consolidation gambit. Plaintiff could have attempted to seek leave to include Uber as a defendant in the *Linzy I* matter but elected not to do so. Simply because Plaintiff's intent was to later consolidate the lawsuits does not make removal improper and does not warrant remand. Additionally, Uber would vehemently oppose consolidation there as these matters involve separate legal issues and discovery in *Linzy I* has already been

completed thus prejudicing Uber if it were forced to litigate these separate and distinct legal issues in State Court.

Further, the instant action ("*Linzy II*") does not involve the same questions of liability and damages as *Linzy I*. *Linzy I* alleges negligent operation against the vehicle operator and owner. The instant action, by contrast, alleges separate and independent negligence on the part of Uber, including allegations of defective App design, allegations of negligent hiring, training, retention and supervision, and allegations of an agency relationship between Uber and the independent driver Jose Alemar. These issues are separate and distinct from the negligent operation claim pending in *Linzy I* and involve different questions of liability and damages.

Finally, Plaintiff's motion is procedurally improper and fails to include the required Notice of Motion in violation of Local Rule 7.1(a)(1).

Accordingly, based upon the foregoing, as spelled out in more detail below, Plaintiff's request to remand should be denied.

## ARGUMENT

### A.  PLAINTIFF DOES NOT ARGUE REMOVAL WAS IMPROPER

"The basic rules for removal of cases from state court to federal court are well settled.  An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." *See Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163, 171 (S.D.N.Y.

3

2003) *quoting Hernandez v. Conriv Realty Associates* (2d. Cir. 1997), 116 F.3d 35, 38. Jurisdiction is conferred upon the district court in civil actions where diversity of citizenship exists between the parties and the amount in controversy exceeds the limits contained under 28 USC §1332(a)(1). *See United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*, 30 F.3d 298 (2d. Cir. 1994).

As set forth in its Notice of Removal, Uber established that its citizenship is diverse to the Plaintiff's, the amount in controversy concerning the Plaintiff's injuries exceeds $75,000 and that removal to this Court under 28 U.S.C. 1332(a) is therefore proper. *See* Docket Paper No. 1. The Plaintiff does **not** dispute or contest any of these facts in her Motion.

**B. PLAINTIFF HAS NOT ESTABLISHED THAT HER REMAND APPLICATION MEETS THE REQUIREMENTS SET FORTH IN 28 USC §1447(e)**

Remand pursuant to 28 USC §1447(e) applies only in cases where plaintiff is seeking to join defendants, whose joinder would destroy subject matter jurisdiction. *Koch v. Pechota*, No. 10 CIV. 9152, 2012 WL 2402577, at *6 (S.D.N.Y. June 26, 2012). However even if this Court wishes to utilize a broader interpretation of 28 USC §1447(e), remand is inappropriate here because the legal issues asserted against Uber in *Linzy II* are separate and distinct from the legal issues asserted in *Linzy I*,

4

and Plaintiff certified in *Linzy I* that discovery was completed and the case was ready for trial before filing her separate claim against Uber.

### i. 28 USC §1447(e) is inapplicable here and does not warrant remand in this case because Plaintiff is not seeking to join additional parties

Plaintiff attempts to rely on 28 USC §1447(e) for the proposition that remand is appropriate here. 28 USC §1447(e) sets forth:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter, the court may deny joinder, or permit joinder and remand the action to the State court.

Remand pursuant to 28 USC §1447(e) applies only in cases where plaintiff is seeking to join defendants, whose joinder would destroy subject matter jurisdiction. *Koch v. Pechota*, No. 10 CIV. 9152, 2012 WL 2402577, at *6 (S.D.N.Y. June 26, 2012) (explaining that "Section 1447(e) is inapplicable to the instant case as there are no additional defendants seeking joinder.")

Here, plaintiff is not seeking to join additional defendants. Having failed to meet this condition, plaintiff cannot rely on 28 USC §1447(e).

### ii. Broad interpretation of 28 USC §1447(e) does not warrant remand because the legal issues in *Linzy II* are distinct from the issues in *Linzy I*, and Plaintiff certified that *Linzy I* was ready for trial with completed discovery before filing her separate claim against Uber.

Defendants dispute that 28 USC §1447(e) applies where a plaintiff is not seeking to join defendants, however to the extent the Court wishes to utilize a

5

broader application of 28 USC §1447(e), Plaintiff's request for remand should still be denied.

The case law Plaintiff cites to for the proposition that this Court should interpret §1447(e) more broadly here is not analogous to the case at hand and instead involve distinguishable, distinct, case specific concerns that are not applicable here. Every single case cited by Plaintiff involved the same question of liability, however here, there are separate and distinct claims made against Uber that necessarily do not involve the same legal determinations.

Plaintiff attempts to rely on *Nnaji v. Fernandez et al.*, No. 21 CIV. 1559 (KPF), 2021 WL 2433850, at *4 (S.D.N.Y. June 15, 2021). However, in *Nnaji*, the specific case concerns warranted remand and consolidation unlike the case before this Court. On August 4, 2020, Plaintiff Benjamin *Nnaji* and his infant son were involved in a motor vehicle accident. Plaintiff Benjamin *Nnaji* filed suit against Jorge Guzman Fernandez, Goya Foods, Inc., and Penske Truck Leasing Corporation. Days later, Plaintiff's infant son, represented by his mother, filed suit against Benjamin Nnaji, Jorge Guzman Fernandez, Goya Foods, Inc., and Penske Truck Leasing Corporation. Importantly, these two lawsuits were filed within days of each other and both lawsuits asserted the same cause of action and involved the same legal questions. The Court reasoned that absent consolidation, the parties would be forced to litigate the same issues with the same facts with the same discovery

asserting the same theories of liability in different courthouses with the risk of inconsistent outcomes. Further, there was no prejudice in allowing remand and consolidation where both lawsuits were filed days apart from each other.

By contrast, here, Plaintiff filed a Note of Issue in *Linzy I* certifying that discovery was completed and *Linzy I* was ready for trial *before* filing this instant separate suit against Uber. Additionally, the legal issues which this Court will need to adjudicate in the instant action are separate and distinct from the legal issues presented in *Linzy I*. *Linzy I* alleges negligent operation against the vehicle operator and owner. The instant action, by contrast, alleges separate and independent negligence on the part of Uber Technologies, Inc., including allegations of defective App design, allegations of negligent hiring, training, retention and supervision, and allegations of an agency relationship between Uber and the independent driver Jose Alemar. These issues are separate and distinct from the negligent operation claim pending in *Linzy I* and involve different questions of liability and damages.

Further, there is no risk of inconsistent outcomes – the outcome of Plaintiff's negligent operation claim pending in *Linzy I* is separate and distinct from the outcome of Plaintiff's allegations of negligent App design and negligent hiring, training, retention and supervision against Uber in this case. Given the distinct claims in *Linzy II*, the discovery involved in *Linzy I* will not be the same discovery necessary for *Linzy II*. Moreover, issues of agency are unrelated to the outcome of

7

the negligent operation claim pending in *Linzy I* and only relevant to the claims pending in *Linzy II*. Accordingly, even a broad interpretation of 28 USC §1447(e) does not warrant remand here.

Similarly, the *Reyes* and *Mensah* cases Plaintiff cites to are also distinguishable because they involve situations where the court considered consolidation of two lawsuits with identical facts, identical causes of action and legal issues, and identical discovery to be completed. *Reyes v. Rite-Line Transp., Inc.*, No. 13 CIV. 968, 2013 WL 3388975, at *4 (S.D.N.Y. July 8, 2013) (granting remand to consolidate where the legal issues in both matters were identical, with identical facts and identical discovery to be completed); *Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320, 322 (S.D.N.Y. 2002) (same, plus all parties agreed to remand).

By contrast, the Court denied Plaintiff's request for remand under 28 USC §1447(e) in *Gissim, Inc. v. Scottsdale Ins. Co.*, No. 16CV3306ILGSLT, 2016 WL 7413488, at *3 (E.D.N.Y. Dec. 22, 2016) where the Court reasoned that the fact finder in the first action will make no determination with respect to the defendant's alleged liabilities in the second action and there is no risk of inconsistent verdicts as the nature of the two cases were qualitatively different and a verdict in each case will have little bearing on the other. Id. Similarly, the Court in *Koch v. Pechota*, No. 10 CIV. 9152, 2012 WL 2402577, at *5 (S.D.N.Y. June 26, 2012) denied Plaintiff's

request for remand under 28 USC §1447(e) reasoning that the two pending lawsuits at issue involved "qualitatively different allegations."

Like in *Gissim* and in *Koch*, and unlike the cases cited to by Plaintiff, here, the two cases involve qualitatively different allegations. Further, the fact finder in *Linzy I* will make no determination with respect to Uber's alleged liabilities in *Linzy II*. Additionally, a verdict in each case will have little bearing on the other. Whether Plaintiff is successful in his claim of negligent operation against the defendants in *Linzy I* has little to no bearing on whether Plaintiff is successful in his claims against Uber for negligent App design and negligent hiring, training, retention and supervision. Further, the issue of agency is irrelevant to *Linzy I*. **Simply put, these two cases are qualitatively different, with different discovery, different causes of action, and different legal issues. Accordingly, remand and/or consolidation of the two matters would be inappropriate.**

Citing to interests of justice and judicial economy, Plaintiff contends she wishes, and her intent all along was, to consolidate this matter with *Linzy v. Jose A. Alemar, American United Transportation, Inc., and American United Transportation II, Inc.,* Index. No.23280/2020E ("*Linzy I*"). However, this is belied by the record and Plaintiff chose to file a separate lawsuit instead of attempting to seek leave to amend her complaint to assert separate claims against Uber under the Civil Practice Law and Rules in *Linzy I*.

9

Indeed, **Plaintiff filed a Note of Issue in *Linzy I* on February 5, 2021 certifying that all discovery had been completed and that *Linzy I* was ready for trial. Thereafter, on February 9, 2021, Plaintiff filed this instant lawsuit, *Linzy II*, against Uber only.** Although Plaintiff attempts to argue that she filed suit against Uber with the intent to later consolidate as a result of Defendant's Alemar testimony in *Linzy I*, this argument is similarly belied by the record. Alemar was deposed on February 4, 2021 (almost a year after Plaintiff filed suit in *Linzy I* and over two years after the date of the alleged accident). The very next day, on February 5, 2021, Plaintiff filed her Note of Issue certifying that discovery was completed and that *Linzy I* was ready for trial. Four days later, on February 9, 2021 Plaintiff initiated this separate lawsuit against Uber with different causes of actions involving separate and distinct legal issues as to liability and damages as part of an alleged consolidation gambit. Plaintiff could have sought leave after Alemar's testimony to attempt to include Uber as a defendant in the *Linzy I* matter but elected not to do so. Regardless, simply because Plaintiff's intent was to later consolidate the lawsuits does not make removal improper and does not warrant remand. Further, Uber would vehemently oppose consolidation here as consolidation would be inappropriate - these matters involve separate legal issues and discovery in *Linzy I* has already been completed.

The exact issue raised by the instant motion was addressed and disposed of by the Hon. Ann M. Donnelly, U.S.D.J. in *Buisson v. Uber Technologies, Inc*., et al., EDNY Docket No.: 21-cv-02534-AMD-LB.  In that matter, which arose from identical procedural circumstances, Justice Donnelly expressed such skepticism as to the merits of the motion to remand that Plaintiff's Counsel withdrew his request for a pre-motion conference.  The facts in *Buisson* are identical to those herein: plaintiffs initiated an action in New York State Court arising from a motor vehicle accident.  Rather than availing themselves of the New York Civil Practice Law and Rules and amending the Complaint, they chose to file a separate and independent lawsuit against Uber.  Uber properly remanded that case to the Eastern District and there was no dispute as to diversity jurisdiction; rather, the *Buisson* plaintiffs argued that the case should be remanded because they *intended* to consolidate the two actions.  This argument was found to be meritless in that action and the same result is required herein.

By properly exercising their statutory right to remove this matter to this Court, Uber has the right to have these discrete legal issues, as well as the other issues in this matter, heard by this Honorable Court.

### C. PLAINTIFF'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER FOR FAILURE TO INCLUDE THE REQUIRED NOTICE OF MOTION IN VIOLATION OF LOCAL RULE 7.1(a)(1)

Local Rule 7.1. Motion Papers, sets forth the following:

(a) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions **shall include** the following motion papers:

(1) A **notice of motion**, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

[emphasis added]

Here, plaintiff's motion should be denied as procedural deficient because it fails to comply with the requirements set forth under Local Rule 7.1(a)(1). Plaintiff's Motion does not contain a Notice of Motion that sets forth the relief sought and the statutes/rules in support of same. Without such Notice of Motion, Plaintiff's Motion is procedurally defective. Accordingly, Plaintiff's motion should be denied.

### D. **PLAINTIFF CANNOT CLAIM SHE WILL BE PREJUDICED BY DENIAL OF THE INSTANT MOTION, AS PLAINTIFF IS BOUND BY HER OWN TACTICAL LITIGATION DECISIONS**

As discussed in detail above, plaintiff commenced and has fully litigated *Linzy I*. Upon the completion of defendant's deposition, plaintiff, without taking any further action, filed a Note of Issue certifying that *Linzy I* was ready for trial. Just several days later, plaintiff commenced *Linzy II* against Uber. Tellingly, at no time prior to the commencement of *Linzy II* did plaintiff seek any judicial remedies to extend the time to file a Note of Issue and/or to amend the complaint to add Uber as a defendant in *Linzy I*. Rather, plaintiff simply chose to file a separate and distinct

12

action against Uber, despite the multiple other avenues available to counsel prior to doing so. Accordingly, plaintiff should not be permitted to use this motion or this Court as vehicle to address any of her litigation errors; nor can she claim that she is now prejudiced as a result of same.

## CONCLUSION

In summary, Plaintiff does not claim or suggest that Uber's removal was improper. Plaintiff could have complied with the case scheduling order and the C.P.L.R. in *Linzy I* and sought leave to amend her complaint to add Uber. She did not. Having eschewed the appropriate practice in favor of filing a separate lawsuit against Uber, a foreign corporation and limited liability company, Plaintiff ran the risk of removal. Uber is entitled to the adjudication of this dispute in this Court under 28 U.S.C. § 1332. Adjudication of this dispute in this Court will necessarily include separate and distinct legal issues that *Linzy I*. There is no legal basis to deny the Uber Defendants their statutory right to removal.

**WHEREFORE**, based upon the foregoing, there is no legal basis to deny Uber its statutory right to removal and plaintiff's request to remand should be denied.

Dated: White Plains, New York
     July 13, 2021

                                  GOLDBERG SEGALLA, LLP

                                  By: _____
                                       ANDREW N. FLUGER