UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAARILLE LINZY,

                            Plaintiff,

        -against-

UBER TECHNOLOGIES, INC.,

                            Defendant.
-------------------------------------------------------------------X

**Civil Action No.:**
1:21-CV-05097

# MEMORANDUM OF LAW IN REPLY
# TO PLAINTIFF'S MOTION TO REMAND

ROSENBAUM & ROSENBAUM, P.C.
Attorneys for Plaintiff
SHAARILLE LINZY
100 Wall Street, 15th Fl.
New York, New York 10005
(212) 514-5007

# TABLE OF CONTENTS

Pg.

PRELIMINARY STATEMENT ............................................................................................... 4

ARGUMENT ............................................................................................................................. 5

   POINT I ................................................................................................................................ 5

REMAND IS APPROPRIATE IN THE INSTANT ACTION TO FACILITATE CONSOLIDATION WITH THE RELATED STATE COURT ACTION AS BOTH ACTIONS ARISE FROM THE SAME OCCURRENCE AND POSE IDENTICAL LEGAL QUESTIONS

    i. Should This Court Deny Plaintiff's Instant Motion to Remand, Plaintiff will   need to seek the Joinder of Those Non-Diverse Defendant's in the Related   State Court Action as Those Defendants Are Necessary Parties. ............................................................................. 5

    ii   The Instant Action and Related State Court Action Share a Common Nexus   of Facts and Circumstance and the Allegations and Legal Questions of Law   are so Intertwined That Remand is Warranted in the Interests of Justice and   Judicial Resources ..................... 6

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

Cases                                                                                                                Pg.

Kelly v. Starr, 181 A.D.3d 799, 120 N.Y.S.3d 373 (2d Dept. 2020) ................................................. 8

Mensah v. World Truck Corp., 210 F.Supp. 2d 320 (S.D.N.Y. 2002) ............................................. 6

Morano v. Slattery Skanska, Inc., 18 Misc. 3d 464, 474 (Queens Cnty. Sup. Ct. 2007) ................ 8

Nnaji v. Jorge Guzman Fernandez, 2021 WL 2433850 (S.D.N.Y. 2021) ........................................ 6

Reyes v. Rite-Line Transp., Inc.,
No 13 Civ 968 (RWS), 2013 WL 3388975 (S.D.N.Y. July 8, 2013) ................................................ 6

Scott v. Lopez, 136 A.D.3d 885, 886, 25 N.Y.S.3d 298 (2d Dept 2016) ......................................... 8

Vazquez v. Zollo, 2018 WL 2186411 ............................................................................................... 8

Statutes

28 USC §1447 ................................................................................................................................... 6

N.Y. Veh. & Traf. Law §1125-c ...................................................................................................... 8

## **PRELIMINARY STATEMENT**

The plaintiff's instant action, and an action in the State Court are ongoing, both pertaining to the same common nucleus of facts and circumstances; a defendant driver, employed and acting in his scope as a driver for the instant defendant, whose negligence caused him to strike the pedestrian plaintiff. Plaintiff's claims, in their totality, amount to claims that defendant driver, an employee acting within the scope of his employment for Uber, was negligent, in pertinent part, for using his cellphone to use the Uber application therein, while operating a motor vehicle. Consequently, Uber is responsible for the acts of its driver under the doctrine of *respondent superior* and in their hiring, training, and supervision of the driver which, in part, required him to use a cellphone while driving a motor vehicle which, in turn, contributed to his negligently striking a pedestrian.

Defendant's only contention for prejudice why this Court should not remand the instant action to facilitate consolidation with the State Court action stemming from the same facts and circumstances is that discovery is complete in the related action. This is simply untrue, as the Plaintiff has filed a letter application willingly seeking vacatur of her own Note of Issue with the Court as of June 10, 2021. Therein, plaintiff outlined the need for additional discovery, including at least one deposition and physical examination of the plaintiff. As a result, the instant defendants, upon remand and consolidation, will be afforded a full and fair opportunity to conduct all necessary discovery in State Court.

Otherwise, the defendant's remaining contentions are otherwise without merit, plaintiff has not alleged any claims sounding in products liability, but negligence attributable to the defendant in their requiring the defendant driver to use his cellphone while in their employ and while

operating his motor vehicle. Additionally, those claims sounding in supervision and training are founded in doctrine of *respondeat superior* making the liability of these two defendants indivisible.

For these reasons, as further delineated herein, and previously provided in the plaintiff's initial application papers, plaintiff's motion to remand should be granted to facilitate the necessary consolidation of these two actions stemming from a common nucleus of facts and circumstances surrounding one incident where the defendants vehicle struck the pedestrian plaintiff.

## ARGUMENT

### POINT I

### REMAND IS APPROPRIATE IN THE INSTANT ACTION TO FACILITATE CONSOLIDATION WITH THE RELATED STATE COURT ACTION AS BOTH ACTIONS ARISE FROM THE SAME OCCURRENCE AND POSE IDENTICAL LEGAL QUESTIONS

Initially, the Defendant's opposition contends that the instant action should not be remanded because the Plaintiff's application does not seek to join defendants whose joinder would destroy subject matter jurisdiction. The Defendant's advancement of this argument disregards the plain language decisions of this District's which has held that remand is appropriate to facilitate consolidation with related State Court cases under 28 USC §1447. See, Nnaji v. Jorge Guzman Fernandez, 2021 WL 2433850 (S.D.N.Y. 2021) citing, Mensah v. World Truck Corp., 210 F.Supp. 2d 320 (S.D.N.Y. 2002); Reyes v. Rite-Line Transp., Inc., No 13 Civ 968 (RWS), 2013 WL 3388975 (S.D.N.Y. July 8, 2013).

i. **Should This Court Deny Plaintiff's Instant Motion to Remand, Plaintiff will need to seek the Joinder of Those Non-Diverse Defendant's in the Related State Court Action as Those Defendants Are Necessary Parties.**

Notably, whilst the Plaintiff has not sought, in the instant application, joinder of those necessary parties in the related State Court action, should this Court deny the Plaintiff's instant application then Plaintiff would be required to seek joinder of those necessary parties, the joinder

of which would destroy subject matter jurisdiction. Specifically, the Defendant driver in the related State Court action, Jose Alemar, is a necessary party to the instant action wherein Plaintiff has alleged claims of negligence in conjunction with the doctrines of *respondent superior*. It is indisputable that these parties whose duties and responsibilities, as an independent contractor and/or employer/employee, in connection with the subject motor vehicle accident, are indivisible necessitating the facilitation of their joinder to the same litigation.

### ii    The Instant Action and Related State Court Action Share a Common Nexus of Facts and Circumstance and the Allegations and Legal Questions of Law are so Intertwined That Remand is Warranted in the Interests of Justice and Judicial Resources.

The opposition otherwise proposes that the legal issues and allegations in the two actions are distinct and as such this Court should not follow this District's well established holding that 28 USC §1447 permits, and warrants, this action be remanded to facilitate consolidation with the related State Court actions. Notably, the Defendant also advises that because discovery is complete in the State Court action, remand for consolidation would bar them from participating in discovery.

At the outset, the Defendant's representation that discovery is complete in the related State Court action is a misrepresentation by omission. This Court should be advised that on June 10, 2021, Plaintiff electronically filed a letter application on the New York State Court's Electronic Filing system requesting the vacatur of Plaintiff's previously filed Notice of Issue, as additional discovery is necessary. While this application remains pending, there is no reasonable basis to believe such request will not be granted by the Court; and as such, the instant Defendant would be afforded any and all opportunities to conduct discovery upon consolidation in the related State Court action.

Otherwise, the Defendant's contention that these two actions involve qualitatively different allegations is also improper. The Plaintiff's claims sound in negligence as against the driver and

owner of the vehicle in the related state Court action, and an independent contractor and/or employer/employee relationship with the instant Defendant and driver in the State Court action. It is well established that "[t]he doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment ... so long as the tortious conduct is generally foreseeable and a natural incident of the employment" Kelly v. Starr, 181 A.D.3d 799, 120 N.Y.S.3d 373 (2d Dept. 2020) citing, Scott v. Lopez, 136 A.D.3d 885, 886, 25 N.Y.S.3d 298 (2d Dept 2016). Plaintiff has alleged that the instant defendant was an employer of the defendant driver, Jose Alemar, in the related State Court action. Thus, any determination by the State Court as to the negligence of the defendant driver, Jose Alemar, would impose liability on the instant Defendant under the doctrine of *respondeat superior*.

Plaintiff has also alleged the defendant driver, Jose Alemar, was negligent in his operation of a motor vehicle, when he struck the plaintiff pedestrian, in part due to his being distracted by his use of the defendant Uber's cellphone application while operating a motor vehicle. Likewise, plaintiff has alleged herein that the instant defendant was negligent by requiring its drivers to use their cellphones for purposes of utilizing their application while driving. This Court in Vazquez v. Zollo, held that "while use of a hands-free cellphone does not violate the statute [N.Y. Veh. & Traf. Law §1125-c], and is therefore not negligent per se, it may still be evidence of negligent behavior." Id. 2018 WL 2186411 citing, Morano v. Slattery Skanska, Inc., 18 Misc. 3d 464, 474 (Queens Cnty. Sup. Ct. 2007)["[E]ven the use of a 'hands-free mobile telephone' to engage in a call while operating a motor vehicle may contribute to causing an accident, and would be relevant to the issue of negligence."]. Thus, any determination of fact or law as to the negligence of the parties for using, or requiring the use of, a cellphone is intertwined between the parties of these two actions necessitating remand. The opposition's contention that the claims brought by plaintiff

amount to a cause of action sound in products liability is patently false and devoid of merit.

Likewise, the interplay between the instant defendant and the defendant driver, Jose Alemar, make the plaintiff's claims that the defendant Uber was negligent in the hiring, training, retention, and supervision of Jose Alemar indivisible to those instructions and actions taken by the two parties.

For these reasons this Court should find that the plaintiff's claims in the State Court action, premised on the same nexus of facts and circumstances as those herein, alleging that the defendant driver was negligent in his use and operation of a vehicle, including the use of a cellphone as required by Defendant, Uber Technologies, Inc., are wholly inseparable. Absent remand, plaintiff would be immediately prejudiced by having to advance multiple and duplicative litigations in connection with one motor vehicle accident, and be at irreparable risk for inconsistent verdicts and a lack of congruity in her resolution of her personal injury claims. Consequently, with the instant defendant being capable of pursuing all necessary discovery following the vacatur of the Note of Issue in the State Court action, the defendants herein can cite no reasonable burden or prejudice imposed by the grant of the instant remand.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Plaintiff, Shaarille Linzy, respectfully requests that this Court issue an Order remanding this action to its original forum, the Supreme Court of the State of New York, County of Bronx, and for such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY
July 29, 2021

Matthew T. Gammons, Esq.
**ROSENBAUM & ROSENBAUM, P.C.**
Attorneys for Plaintiff
SHAARILLE LINZY
100 Wall Street, 15th Floor
New York, New York 10005
(212) 514-5007