USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Linzy,

       Plaintiff,

  –v–

Uber Technologies, Inc.,

       Defendant.

21-cv-5097 (AJN)

MEMORANDUM OPINION
AND ORDER

ALISON J. NATHAN, District Judge:

  This personal injury action is before the Court following removal from state court. Plaintiff Shaarille Linzy alleges she was struck by a car driven by Jose Alemar while crossing a Bronx street in late 2019. Linzy filed two separate actions in New York State Supreme Court arising from the accident. She filed the first case against Alemar ("*Linzy I*"), and the second nearly a year later against Uber Technologies, Inc. ("*Linzy II*"). Alemar was a driver for Uber at the time of the accident. Uber timely removed *Linzy II* to this Court based on diversity citizenship. *Linzy II* remains pending in state court.

  Now before the Court is Linzy's motion to remand this case back to state court. Dkt. No. 5. For the reasons articulated below, the Court denies Linzy's motion.

  **I. BACKGROUND**

  The factual allegations recited here are taken from Linzy's complaint. On December 5, 2019, Jose Alemar, while working as an Uber driver, struck and injured Linzy with his car while Linzy was crossing the street at the intersection of Westchester Avenue and Bruckner Boulevard in the Bronx. Dkt. No. 5-1 at 4. The bill of particulars alleges injuries to Linzy's cervical spine,

lumbar spine, and head, all of which "have or will require further corrective surgery, hospitalization and disability together with the necessary medical and hospital expenses." Dkt. No. 2-4 at 5-9.

On March 9, 2020, Linzy commenced an action in the Supreme Court of the State of New York, County of Bronx, against Alemar and the owners of the vehicle Alemar was driving at the time of the accident—American United Transportation, Inc. and American United Transportation II, Inc. Dkt. No. 5-2. She sought to recover for the injuries she had sustained in the accident. *Id.*

On February 4, 2021, during a deposition with Alemar, Linzy learned that Alemar was actively working as a livery driver for Uber and was logged into the driver mobile application at the time he struck her. Dkt. No. 5-1 at 2. Subsequently, Linzy commenced the current action against Uber in the Supreme Court of the State of New York, County of Bronx, on February 8, 2021. Dkt. No. 5-5. She brought claims of vicarious liability and negligent hiring, training, retention, and supervision against Uber. *Id.* She also sought to recover for the injuries she had sustained in the accident. On April 16, 2021, Uber filed its answer. Dkt. No. 5-6.

Linzy never moved in state court to consolidate the two actions. Instead, on May 13, 2021, Linzy sent a proposed stipulation to Uber for purposes of consolidating *Linzy I* and *Linzy II* because the actions "arise out of the same set of facts and circumstances and both actions involve parties necessary to the resolution of each case respectively." Dkt. No. 5-1 at 6; Dkt. No. 5-7 at 4-5. Uber did not respond to that request. On June 8, 2021, Uber timely removed *Linzy II* to this Court based on diversity jurisdiction. Dkt. No. 2.

Linzy now moves to remand this case pursuant to 28 U.S.C. § 1447(e) to facilitate the consolidation of this case with *Linzy I* and argues that "the interests of justice" and "judicial economy" warrant it.

## II. DISCUSSION

The Court first considers the propriety of Uber's removal of this case to federal court. Finding the removal proper based on diversity jurisdiction, the Court then considers Linzy's argument for a discretionary remand. The Court concludes that a discretionary remand is inappropriate, and therefore denies Linzy's motion to remand.

### A. Propriety of Uber's Removal

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant of the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases in which the parties are "citizens of different States," and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), (a)(1). Removal must also be timely under 28 U.S.C. § 1446(b).

When removal of an action to federal court is challenged, the removing party "has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The same is true for a motion to remand: "the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. United Parcel Serv. Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003).

Uber has demonstrated that removal was proper under 28 U.S.C. § 1332(a). There is diversity of citizenship because Linzy is a resident of New York State and Uber is incorporated in Delaware with its principal place of business in California. Dkt. No. 2 at 4. Although Linzy fails to allege a specific damages amount, she does not dispute that the injuries, surgeries, and damages alleged in her Bill of Particulars establish that the amount in controversy exceeds

$75,000.  *See* Dkt. No. 2-4 at 2-12 (listing a variety of medical issues that "have or will require further corrective surgery, hospitalization and disability together with the necessary medical and hospital expenses").  There is diversity between the parties and the amount in controversy is satisfied, so Uber has demonstrated that removal was proper.

### B. Linzy's Application for Discretionary Remand

Having concluded that Uber's removal to this court was proper, the Court now considers Linzy's argument for a discretionary remand.  Linzy argues remand is warranted under 28 U.S.C. § 1447(e).  The statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Linzy's motion to remand does not fall within the scope of § 1447(e) under a literal reading of the text: she does not seek to join Alemar, a diversity-destroying defendant,[1] to this lawsuit.  Instead, Linzy seeks a remand so that she may consolidate this case with Alemar's (*Linzy I*) in state court.  Therefore, the text of the statute does not compel remand in this case.

Thus, to advance her argument, Linzy turns to cases within this circuit that "have remanded cases pursuant to § 1447(e)"—absent a request for joinder—"in order to facilitate consolidation with related actions in state court."  *Nnaji v. Guzman Fernandez*, 21-cv-1559, 2021 WL 2433850 (S.D.N.Y. June 15, 2021) (citing *Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320 (S.D.N.Y. 2002); *Reyes v. Rite-Line Transp. Inc.*, 13-cv-968, 2013 WL 3388975 (S.D.N.Y. July 8, 2013)).  Linzy argues that those cases construed § 1447(e) more broadly to "award[]

---

[1] Had Linzy sought to join Alemar in this action, a remand would be warranted, as Alemar is a citizen of New York and therefore destroys the diversity of citizenship requirement.  Dkt. No. 5-2 at 4.

4

federal courts discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved." *See* Dkt. No. 5-1 at 7-8 (quoting *Reyes*, 2013 WL 3388975, at \*2).

In a nearly factually identical case, Judge Engelmayer considered and ultimately rejected the same argument Linzy now makes before this court. *Kurtz v. Uber Technologies, Inc.*, 21-cv-6188, 2021 WL 477973, at \*4 (S.D.N.Y. Oct. 13, 2021). In *Kurtz*, following a car accident, the plaintiff filed two separate lawsuits in state court: one against the driver and another against Uber. When Uber removed the case to federal court based on diversity of citizenship, the plaintiff moved to remand to state court. Acknowledging that Uber's removal to federal court was proper, Judge Engelmayer considered the plaintiff's argument for a discretionary remand.

Judge Engelmayer recognized that, as Linzy points out, there is a "limited line of cases in which district courts, notwithstanding proper removals, have granted remands that did not strictly satisfy § 1447(e)." *Kurtz*, 2021 WL 477973, at \*4. In the cases Linzy cites, "the plaintiff could not be construed, even implicitly, to seek a diversity destroying defendant." *Id.* But the district courts in those cases still remanded "in the interests of enabling consolidation with a parallel pending state court action, on the ground that '[t]he most logical, economical, and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding.'" *Id.* (quoting *Nnaji*, 2021 WL 2433850, at \*4). Those courts, Judge Engelmayer explained, "found broader discretion to remand than textually afforded by § 1447(e), based on 'the policy rationale of § 1447(e) [which] could, and should, extend to avoid multiple and duplicative litigation.'" *Id.* (quoting *Nnaji*, 2021 WL 2433850, at \*4). In deciding whether to remand absent a diversity-destroying defendant, these courts considered the following factors: "(1) whether denying remand would cause duplicative litigation and discovery, (2) the risk of

inconsistent outcomes, and (3) the prejudice each party would suffer." *Id.* (citing *Nnaji*, 2021 WL 2433850, at *5).

Judge Engelmayer first noted that the *Kurtz* case arose "in a far different posture—one far less sympathetic to the moving plaintiff's motion to remand" than *Nnaji*, *Reyes*, and *Mensah*. *Kurtz*, 2021 WL 4777973, at *5. In *Nnaji* and *Reyes*, the plaintiffs moving for remand were *defendants* in their parallel state courts actions. *Id.* And in *Mensah*, the parties consented to a remand. 210 F. Supp. 2d at 322.

In contrast, the *Kurtz* plaintiff, like Linzy, did not bring the second lawsuit against Uber until nearly a year after she brought the first one. *Kurtz*, 2021 WL 4777973, at *5. Thus, Linzy "is responsible for the predicament in which she now finds herself; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident." *Id.* Linzy could have avoided this outcome by "nam[ing] Uber as a defendant in [*Linzy I*]" or "after promptly filing [*Linzy II*] in state court, she could have moved to consolidate it with [*Linzy II*]. *Id.* But Linzy did not move to consolidate the two cases in state court during the four months between when she filed this case and when Uber removed to this Court. The failure to consolidate the two cases in state court is particularly surprising because it would have effectively blocked Uber's removal under 28 U.S.C. § 1441(b)(2) given that Alemar is a New York resident, and thus would have destroyed diversity of citizenship. But these missteps in Linzy's litigation strategy do not compel a discretionary remand. *See McDermott Inc. v. Indus. Risk Insurers et al.*, Civ.A.03-402, 2003 WL 21362330, at *6 (E.D. La. June 10, 2003) (denying remand when "[p]laintiff created [the] situation by filing separate state court action against a diverse defendant *after* it had already filed a non-removable suit, arising out of the same factual occurrence, against other defendants" and finding no reason to deprive the

defendant "of the federal forum allowed it by the removal statute" because plaintiff "offered no satisfactory explanations for" its failure to move to consolidate before removal).

Next, turning to Linzy's argument that consolidating the cases is warranted in the interests of justice and judicial resources, the Court finds that unlike *Nnaji*, *Reyes*, and *Mensah*, any issues that may arise from separate proceedings in this case are manageable. Linzy requests that the cases be consolidated for the purposes of joint discovery, but efficient discovery is possible without remand and consolidation. *Kurtz*, 2021 WL 4777973, at *5 ("There is . . . every opportunity to organize discovery across the two cases to achieve maximum efficiency."). The case management plan in this matter will task counsel with assuring coordination with *Linzy I* on common discovery issues, such as those regarding the events of the accident and Linzy's alleged damages. In fact, it appears that most of the discovery in *Linzy I* is complete, *see* Dkt. No. 7 at 12; Dkt. No. 12, which should make coordinating between the two cases even easier.

Similarly, the Court finds no issue with separate trials being conducted even though the cases "stem[] from one accident." Dkt. No. 5-1 at 9. As Judge Engelmayer noted in *Kurtz*, "in the statistically unlikely scenario that neither case were resolved before trial . . . sensible case management can assure that common issues are not needlessly litigated twice." *Kurtz*, 2021 WL 4777973, at *6. For example, this case would only be tried after *Linzy I* because *Linzy I* will determine Alemar's liability, while this case will add a liability question specific to Uber.

Finally, the Court rejects Linzy's argument that the two cases are so related as to compel a discretionary remand. Courts have rejected remand on this ground when the claims and allegations in the two cases are "qualitatively different." *See, e.g.*, *Koch v. Pechota*, 10-cv-9152, 2012 WL 2402577, at *5 (S.D.N.Y. June 26, 2012); *see also Gissim, Inc. v. Scottsdale Ins. Co.*, 16-cv-3306, 2016 WL 7413488, at *2-3 (E.D.N.Y. Dec. 22, 2016) (denying remand when

7

diversity jurisdiction requirements were met, plaintiff did not seek to join a diversity-destroying defendant, and the existence of "qualitatively different" claims reduced interest in efficiency such that it did not outweigh statutory right to a federal forum). Linzy's allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against Alemar. As Uber notes, the fact finder in *Linzy I* "will make no determination" with respect to Uber's alleged liabilities in this case. Dkt. No. 7 at 10. And as explained above, the similarities between the cases can be handled through coordinated discovery and careful case management that considers the progress of both cases. The Court finds that the "common nexus of facts" between the cases do not compel a discretionary remand.

Thus, the Court concludes that Linzy's desire to consolidate the case in state court does not outweigh Uber's statutory right to removal in this case.

### III.  CONCLUSION

For the foregoing reasons, the Court denies Linzy's motion to remand this matter to state court. The Clerk of Court is directed to terminate the motion pending at docket number 5.

The Court will separately issue an order referring this case to Magistrate Judge Aaron for general pre-trial management.

SO ORDERED.

Dated: February 8, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge