UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAARILLE LINZY,

                        Plaintiff,

       -against-

UBER TECHNOLOGIES, INC.,

                        Defendant.
------------------------------------------------------------------X

**Civil Action No.:**
1:21-CV-05097

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR JOINDER

**ROSENBAUM & ROSENBAUM, P.C.**
**Attorneys for Plaintiff**
**SHAARILLE LINZY**
**100 Wall Street, 15th Fl.**
**New York, New York 10005**
**(212) 514-5007**

i

# TABLE OF CONTENTS

Pg.

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS .....................................................1

ARGUMENT..................................................................................................................................3

POINT I .........................................................................................................................................4

JOINDER OF DEFENDANTS AS MANDATORY PARTIES PURSUANT TO
FED. RULES OF CIV. PRO. RULES 19 AND 20 IS NECESSARY AS THE
COURT CANNOT AFFORD COMPLETE RELIEF WITH THE EXISTING
PARTIES AND THERE EXISTS COMMON QUESTIONS OF LAW AND FACT ...................4

CONCLUSION.............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

Cooper v. Trustees of College of Holy Cross, 2014 WL 2738545 (S.D.N.Y. 2014) ...................... 9

Duino v. CEM West Village, Inc., 2020 WL 3249214 (S.D.N.Y. 2020) ............................... 10, 13

Gursky v. Northwestern Mutual Life Insurance Company, 139 F.R.D. 279, 282 (E.D.N.Y.1991) 8

Hosein v. CDL West 45th Street, LLC, 2013 WL 4780051 (S.D.N.Y. 2013) .................. 8, 9, 10, 14

Juliano v. Toyota Motor Sales, U.S.A., Inc., 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998) ........ 10, 13

M.S.S. Const. Corp. v. Century Sur. Co., 2015 WL 6516861 (S.D.N.Y. 2015) .............. 8, 9, 10, 13

Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) .................................... 4, 8, 13

Ruiz v. Forest City Enterprises, Inc., 2010 WL 3322505 (E.D.N.Y. 2010) ................................. 13

Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) .............. 3, 4

Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018) ................................................... passim

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) .............................................. 4, 6

Vanderzalm v. Sechrist Industries, Inc., 875 F.Supp.2d (E.D.N.Y. 2012) .................................... 10

Wyant v. National R.R. Passenger Corp., 881 F.Supp. 919 (S.D.N.Y 1995) ............................... 10

**Statutes**

Fed. R. Civ. P. 15(a) .................................................................................................................. 3, 4

Fed. R. Civ. P. 19(a)(1)(A) ......................................................................................................... 3, 5

Fed. R. Civ. P. 20(a)(2) ............................................................................................................... 3, 6

Fed. R. Civ. P. 21 ............................................................................................................................ 3

iii

## PRELIMINARY STATEMENT

Plaintiff seeks joinder of Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber as mandatory parties to the instant action under the Federal Rules of Civil Procedure Rules 19 and 20, as the Court cannot accord complete relief among the existing parties. These parties must be joined as there is common question of law and fact to all proposed Defendants, and the claims against each arise from the same transaction or occurrence.

Plaintiff's sole intention is and always has been to simply to consolidate the two pending actions and/or to join all parties into one action despite our error in filing a Motion to Remand initially. Linzy I, captioned <u>Shaarille Linzy v. Jose A. Alemar, American United Transportation, Inc. and American United Transportation II, Inc.</u>, in the Supreme Court of the State of New York, County of Bronx, and Linzy II, the instant action, captioned <u>Shaarille Linzy v. Uber Technologies, Inc.</u>, are inextricably intertwined. Joinder is crucial and failure to do so will severely prejudice the Plaintiff, as there is a genuine risk of two parallel litigations in different forums and ultimately the possibility of inconsistent verdicts. The issues of liability and damages are one in the same, and to maintain two separate actions would cause severe undue prejudice to the Plaintiff. Plaintiff's error in making the initial Motion to Remand should not bar Plaintiff from seeking joinder of these mandatory parties, and for the reasons discussed *infra*, the instant application should be granted.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

On December 5, 2019, the Plaintiff, Shaarille Linzy, was a pedestrian lawfully crossing the street at the intersection of Westchester Avenue and Bruckner Boulevard in the Bronx when she was struck by a motor vehicle operated by a Jose Alemar, with the aforesaid vehicle being owned

---

[1] All exhibits referenced herein refer to those exhibits annexed to the Affirmation of Erica M. Martini.

1

by American United Transportation, Inc. and American United Transportation II, Inc. (hereinafter collectively, "American United").

On March 9, 2020, Plaintiff commenced Linzy I, captioned <u>Shaarille Linzy v. Jose A. Alemar, American United Transportation, Inc. and American United Transportation II, Inc.</u>, in the Supreme Court of the State of New York, County of Bronx, under Index Number 23280/2020E (Exh. "A"). The Defendants joined issue through the filing of a Verified Answer on May 14, 2020 (Exh. "B").

On February 4, 2021, the Defendant, Jose A. Alemar, appeared for an examination before trial, in connection with the related action remaining in State Court, wherein he provided testimony as to the instant accident, annexed hereto are relevant portions of the resulting transcript (Exh. "C"). During his deposition he testified that at the time of the accident he was employed by Uber Technologies, Inc. and had been logged into their driver-based mobile application for purposes of receiving livery assignments.

As a result of the Defendant's, Jose A. Alemar, testimony, the Plaintiff commenced Linzy II, arising from the same motor vehicle collision, which was also filed in the Supreme Court of the State of New York, County of Bronx, captioned <u>Shaarille Linzy v. Uber Technologies, Inc.</u> (hereinafter, "Uber action") under Index Number 801741/2021E (Exh. "D"). On April 16, 2021, the Defendant, Uber, joined issue by filing their Verified Answer (Exh. "E").

Following a conversation with Mr. Gary Marshall, Esq. of Goldberg Segalla on May 13, 2021, Plaintiff sent a proposed stipulation to Defendant, Uber, for purposes of consolidating Linzy I and Linzy II inasmuch as these actions arise out of the same set of facts and circumstances and both actions involve parties necessary to the resolution of each case respectively (Exh. "F"). Rather than executing said stipulation, defense counsel sought removal of the instant action.

By Notice of Removal, Defendant Uber removed Linzy II to this Court on June 9, 2021, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1141(b), 1446, and 1332(a)(1) (Exh. "G").

Plaintiff filed a Motion to Remand on June 30, 2021, inasmuch as this action and the Bronx County action arise out of the same set of facts and both involve necessary parties, and to allow the two actions can be properly consolidated. Honorable Alison J. Nathan issued a decision denying Plaintiff's Motion to Remand on February 8, 2022 (Exh. "H").

As evidenced above and further detailed below, Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber are proper and necessary parties to the instant action and must be joined in order for the Court to accord complete relief.

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend be "freely given if justice so requires." Fed. R. Civ. P. 15(a). Under Rule 19 of the Federal Rules of Civil Procedure, joinder of an additional defendant is considered mandatory when, absent joinder, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). Under Rule 20, joinder of multiple defendants in a single action is permissible, if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). "Rule 21 of the Federal Rules of Civil Procedure governs proposed amendments seeking to add new defendants." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007); see also, Fed. R. Civ. P. 21

(providing that, a court may, "[o]n motion or on its own, ... at any time, on just terms, add or drop a party").

The Courts generally adhere to the same liberal standard in determining motions for joinder as they do in deciding motions to amend a pleading under Rule 15 of the Federal Rules, which provides that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); see also, Sly Magazine, 241 F.R.D. at 532 (in deciding Rule 21 motions, "courts adhere to the same standard of liberality afforded to motions to amend under Rule 15," such that "the leave sought" should ordinarily "be freely given" (internal quotation marks and citations omitted)).

Under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," and thus "joinder of claims, parties and remedies is strongly encouraged." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Even if joinder would require remand, the joinder need only be permissible under Rule 20. Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) ("Joinder and remand under § 1447(e) must first satisfy Fed. R. Civ. P. 20, which permits a joinder of multiple defendants in one action 'if there is asserted against [the defendants] any right to relief in respect of or arising out of the same transaction or occurrences and if any question of law or fact common to all defendants will arise in the action.'" (alteration in original)).

### POINT I

**JOINDER OF DEFENDANTS AS MANDATORY PARTIES PURSUANT TO FED. RULES OF CIV. PRO. RULES 19 AND 20 IS NECESSARY AS THE COURT CANNOT AFFORD COMPLETE RELIEF WITH THE EXISTING PARTIES AND THERE EXISTS COMMON QUESTIONS OF LAW AND FACT**

    i.    Applicability of Federal Rules of Civil Procedure Rule 19

4

Rule 19 of the Federal Rules of Civil Procedure provides that joinder of an additional defendant is considered mandatory when, absent joinder, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018).

Applying this very specific rule, it is evident that Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber should be joined to the instant action. Jose A. Alemar was the operator of the motor vehicle that struck the Plaintiff on December 5, 2019. The motor vehicle operated by Mr. Alemar was owned by American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber. During his deposition, Mr. Alemar testified that he was employed by Uber Technologies, Inc. and had been logged into their driver-based mobile application for purposes of receiving livery assignments. (See, Exh. "C").

Defendant, Uber, vehemently denies any employment relationship between Jose A. Alemar and Uber Technologies, Inc. However, there is a concession of an independent contractor and operation pursuant to a contract. Irrespective of the classification of Jose A. Alemar as an employee of Defendant, Uber, there must be discovery as to Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber to determine Defendant's, Uber, relationship as to each respective person and/or entity. Further, discovery is necessary as to the ownership and operation of the subject vehicle, instructions regarding operation and oversight, vetting of employees and/or independent contractors, requirements of using a portable electronic device while operating a motor vehicle, and the furtherance of each respective person and/or entity's interest.

All causes of action arise from the same set of circumstances and facts; specifically, the

action surrounds negligent operation of a motor vehicle by Jose A. Alemar. Defendant, Uber, and American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber as the owners of the vehicle are all vicariously liable for Mr. Alemar's actions. Defendant, Uber, employed and/or contracted Mr. Alemar and American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber rented, leased, and/or provided the vehicle to Mr. Alemar for the purpose of using it as a livery vehicle. Thus, Plaintiff maintains causes of action for, at a minimum, standard negligence, vicarious liability, and negligent hiring, contracting, training, retention, and supervision. Should these parties be joined to the action, Plaintiff will timely move to amend the complaint to affirmatively assert these causes of action. Further, the issue of damages as against Defendant, Uber, and the proposed joinder are one in the same.

The proposed joinder and the Defendant herein are inextricably intertwined, and all parties are mandatory in order for the Court to accord complete relief; thus, the elements of Rule 19 are satisfied.

    ii.    Applicability of Federal Rules of Civil Procedure Rule 20

Rule 20 allows permissive joinder "if there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Under this rule, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Applying these broad principles, it is evident that Jose A. Alemar, American United

Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber should be joined to the instant action. As aforementioned, Jose A. Alemar was the operator of the motor vehicle that struck the Plaintiff on December 5, 2019 and said motor vehicle was owned by American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber. Mr. Alemar testified that he was employed by Uber and operating on the Uber application at the time of the accident. (See, Exh. "C"). Plaintiff must be granted the opportunity to investigate the relationship between Defendant, Uber, and Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber, individually and jointly, to establish whether an agency relationship, either apparent or implied, exists between Defendant, Uber, and any proposed entity, the relationship between the operator and the proposed entities or Defendant, Uber, any oversight as to the owners, Jose A. Alemar and his relationship to owners of the vehicle and the individually named principals, how the relationship between the owners and operator of the vehicle relates to Defendant, Uber, and whether there are requirements defined by Defendant, Uber, on the owner of a motor vehicle to allow the operator to use the Uber application. This application must be granted as issues on liability and damages pertaining to operation of the vehicle, the use of a portable device, *respondat superior*, negligent contracting, and the numerous different relationships must be expanded upon in discovery and all parties are required.

As mentioned above, all causes of action arise from the same set of circumstances and facts. The claims against these individuals and the Defendant in this action all arise out of one single transaction or occurrence and thus, the elements of Rule 20 are satisfied.

    iii.    <u>The Four-Prong Test</u>

"The Court must next weigh certain relevant considerations to determine whether joinder

will comport with the principles of fundamental fairness the Federal Rules were designed to promote." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); Gursky v. Northwestern Mutual Life Insurance Company, 139 F.R.D. 279, 282 (E.D.N.Y.1991). The courts within this circuit have adopted a four-pronged test to consider whether joinder of non-diverse parties would be fundamentally fair: "(1) any delay, and its reasons, in moving to amend, (2) any resulting prejudice to the defendants, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in moving to amend." Id. Each prong and their applicability herein will be discussed in turn.

### a. Delay

As for the first prong, generally, "[d]elay in seeking [joinder] is measured from the date of removal." Nazario, 295 F. Supp. 2d at 363; Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). A delay of several months may be found unreasonable, depending on the circumstances of the case. Nazario, 295 F. Supp. 2d at 363-64. In addition to looking at the length of any period of delay, courts have also considered the reasons for any delay, and whether the motion was made in compliance with any scheduling order issued by the court. See, M.S.S. Const. Corp. v. Century Sur. Co., 2015 WL 6516861 (S.D.N.Y. 2015), at *7 (noting that plaintiff's filing met court-ordered deadlines, and that plaintiff had learned new facts through discovery that were relevant to its motion); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). Where the motion for joinder falls within the schedule set by the court for such motions, this alone may excuse what might otherwise be seen as an unreasonable delay. See, Hosein v. CDL West 45th Street, LLC, 2013 WL 4780051 (S.D.N.Y. 2013), at *5 (finding that a six-month delay was excusable because plaintiff's filing of the Amended Complaint complied with a court-ordered deadline); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018).

8

In the instant action, there is no undue delay in the filing of this application. As noted above, a decision was only issued on Plaintiff's Motion to Remand on February 8, 2022. The parties in this action have just entered into a Case Management Plan, wherein it is ordered that any motion to join additional parties shall be filed within 30 days of the date of the order that was filed on February 22, 2022, and the initial conference has not yet been held; thus Plaintiff is within the time to seek joinder. Ultimately, this motion is being timely made and there has been no undue delay.

### b. Prejudice to Defendant

As for the second prong, prejudice on Defendant, Uber, no prejudice should be found where the case "is still in its preliminary stages and discovery is ongoing." M.S.S. Const. Corp., 2015 WL 6516861, at *7; Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). A defendant's interest in litigating in a federal forum does not alone suffice to enable it to claim that remand would be prejudicial. Hosein, 2013 WL 4780051, at *5; M.S.S. Const. Corp., 2015 WL 6516861, at *7; Cooper v. Trustees of College of Holy Cross, 2014 WL 2738545 (S.D.N.Y. 2014) at *8 ("It is true that Defendants have an interest in defending this action in this forum, and that they properly removed the action, but these facts alone do not suffice."); Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018).

As noted above, Linzy II was recently removed to federal court, a Motion to Remand was subsequently filed, and a decision was issued on February 8, 2022. A Case Management Plan has just been entered into by the parties, and the parties in this action have not partaken in any discovery since the filing of a Notice of Removal. Thus, Defendant would not be prejudiced by the granting of the joinder.

Secondly, in the present state court action, Linzy I, discovery is still proceeding. Although

9

the Note of Issue was previously filed, Plaintiff voluntarily withdrew said Note of Issue by way of letter, as Plaintiff is required to submit to a further EBT in light of spinal surgery and must undergo a further Independent Medical Examination by Defendants. If all parties are joined into one action, all appropriate parties will be present for these further discovery proceedings, thus Defendant will not be prejudiced.

### c. Likelihood of Multiple Litigation

As for the third prong, the likelihood of multiple litigations, the Courts "consider whether denying joinder could result in two parallel litigations-one in state court and one in federal court." Hosein v. CDL West 45th Street, LLC, 2013 WL 4780051 (S.D.N.Y. 2013), at *6 (citing Vanderzalm v. Sechrist Industries, Inc., 875 F.Supp.2d (E.D.N.Y. 2012) at 186). "Courts in [this] circuit have held that avoidance of multiple litigation weighs in favor of joinder of a party, even if joinder will defeat diversity." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); Juliano v. Toyota Motor Sales, U.S.A., Inc., 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998). "Permitting joinder and remanding this action eliminates the possibility of multiple litigations and the potential for inconsistent outcomes." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018); M.S.S. Const. Corp. v. Century Sur. Co., 2015 WL 6516861 (S.D.N.Y. 2015), at *8. Further, if joinder of the proposed parties is denied, Plaintiff will be "forced to litigate in two different fora to bring [her] claims against all potential tortfeasors, resulting in an inefficient use of judicial resources." Wyant v. National R.R. Passenger Corp., 881 F.Supp. 919 (S.D.N.Y 1995); Duino v. CEM West Village, Inc., 2020 WL 3249214 (S.D.N.Y. 2020).

In the instant action, should this Court deny Plaintiff's application, Plaintiff will be left with no recourse but to continue parallel litigations in each state court and federal court, thus exposing Plaintiff to the possibility of inconsistent outcomes. The issue of liability in each action

is inextricably intertwined, as discussed *supra*. Discovery must ensue as to Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber to determine Defendant's, Uber, relationship as to each respective person and/or entity, specifically including but not limited to, the ownership and operation of the subject vehicle, instructions regarding operation and oversight, requirements of using a portable electronic device while operating a motor vehicle. Mr. Alemar is an employee of Defendant, Uber, and was within the course of his employment at the time of the accident. The specifics as to theories liability are one in the same in each action, including but not limited to the Vehicle and Traffic Law's prohibition of using cell phones while operating a motor vehicle, the need for drivers to use a portable electronic device while operating a motor vehicle, contracting with individuals who had a propensity to operate a motor vehicle negligently, the failure to properly vet potential independent contractors, and negligently contracting with the owner and operator of the motor vehicle as an agent of Defendant, Uber.

      Further, the issue of damages and causality in each action are one in the same, as the injuries Plaintiff was caused to suffer arise from the same transaction or occurrence in both actions. Given that the parties in Linzy I have continued on with discovery, depositions, and expert disclosure, Plaintiff would be severely prejudiced in Linzy II should she not have access to the information exchanged and/or testimony provided in Linzy I. Notably, Defendants in Linzy I have exchanged expert disclosure, wherein their expert neurologist, Dr. Elizabeth Ortof, notates findings of radiculopathy, limitations, and Plaintiff's inability to work (Exh. "K"). Should the instant application be denied, and Plaintiff is forced to continue two separate actions in separate forums, Plaintiff would be forced to both subpoena and pay a fee to call Dr. Ortof's as an expert witness at the time of trial for Linzy II. The jury would also hear the testimony of Defendant's,

Uber, expert witness, who would have conducted an evaluation more than 3 years after the date of accident, and after Plaintiff was required to undergo spinal surgery; Defendant, Uber, would unjustly benefit from the absence of Dr. Ortof's testimony, thereby circumventing the justice that Plaintiff seeks. Dr. Ortof's expert testimony is crucial to both Linzy I and Linzy II, as the issue of damages and causal relation is the same.

The importance of Dr. Ortof's examination and testimony is that the objective, positive symptomology in her findings was consistent with Plaintiff's alleged injuries, the need for surgical intervention, and prolonged disability. Thus, it is crucial that the jury hear this evidence; without such testimony Plaintiff will be severely prejudiced, as an expert hired by the Defendants in Linzy I provided an expert opinion, to a reasonable degree of medical certainty, which is favorable to the Plaintiff. The jury must hear the testimony pertaining to Plaintiff's physical ability and injuries both before and after spinal surgery from Dr. Ortof and from Defendant's, Uber, expert witness. Failure to consider and/or have access to all pertinent testimony and evidence could lead to inconsistent verdicts on the issue of damages and causality, as different juries in two different forums hearing different evidence could ultimately award different amounts for past pain and suffering, future pain and suffering, future medical costs, lost wages, and future lost wages. This inconsistency and substantially more costs of litigation would cause severe prejudice to the Plaintiff.

The resulting prejudice from Plaintiff's inability to join all parties in one single action could certainly result in inconsistent verdicts on the issues of liability, causation, threshold, and damages. Should this Court grant the instant motion for joinder, the possibility of prejudice against the Plaintiff and multiple litigations would be eliminated.

    **d. Plaintiff's Motivation for the Amendment**

The fourth and final prong of the analysis pertains to Plaintiff's motivation for the amendment. To determine a plaintiff's motivation for joining a non-diverse defendant, "courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant." M.S.S. Const. Corp. v. Century Sur. Co., 2015 WL 6516861 (S.D.N.Y. 2015) at &7 (citing Ruiz v. Forest City Enterprises, Inc., 2010 WL 3322505 (E.D.N.Y. 2010) at *3); Duino v. CEM West Village, Inc., 2020 WL 3249214 (S.D.N.Y. 2020). The principle desire to destroy diversity is an impermissible motive. Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).

As evidenced herein and discussed *supra*, Plaintiff's primary motivation in the instant action is to have all claims adjudicated in one action, which is a permissible motive. Id. Plaintiff always intended to consolidate both Linzy I and Linzy II whilst they were based in Supreme Court, Bronx County, as demonstrated by the proposed stipulation annexed hereto. (See, Exh. "F"). Less than four weeks later, without providing any response to Plaintiff as to their proposed stipulation, Defendant filed their Notice of Removal. (See, Exh. "G"). This Court has held that "the fact that an action was previously brought in state court against the defendants sought to be joined, which plaintiffs maintain they originally intended to consolidate with this action, suggests that plaintiffs did not move for joinder solely to destroy diversity jurisdiction." Juliano v. Toyota Motor Sales, U.S.A., Inc., 20 F.Supp.2d 573 (S.D.N.Y. 1998).

Further, in order to fully protect Plaintiff's rights should this matter proceed to trial, it is crucial for a jury to consider all evidence available as it pertains to liability and damages. All parties proposed herein are appropriate to the action. This motivation is intertwined with the third prong, the likelihood of multiple litigations, *supra*, and the inherent risk of inconsistent verdicts. Denying Plaintiff the opportunity to join these defendants would weigh against the fundamental

fairness and justice analysis. Hosein v. CDL West 45th Street, LLC, 2013 WL 4780051 (S.D.N.Y. 2013).

It is expected that Defendant's primary argument will be that joinder is sought solely on the principle desire to destroy diversity; this argument is inherently incorrect. The annexed stipulation alone demonstrates that Plaintiff always had the intention of consolidating the two actions into one. Plaintiff's error in filing a Motion to Remand initially and failing to request Joinder should not bar the opportunity to now seek joinder of mandatory parties, nor should the instant application be interpreted as an attempt to solely destroy diversity. Plaintiff's intention was always to consolidate the two pending actions and/or join all parties, as both Linzy I and Linzy II arise out of the same set of facts and both involve all necessary parties, to avoid piecemeal litigation, and reduce the risk for inconsistent results.

    iv.    Discontinuance Without Prejudice Alternatively

Should this Court deny Plaintiff's instant application, Plaintiff respectfully requests that this Court discontinue this action without prejudice in order for Plaintiff to file a Motion to Amend in the Supreme Court State of New York, County of Bronx, under Linzy I to join Defendant, Uber Technologies, Inc. as a defendant.

## CONCLUSION

"As joinder is generally freely permitted in the interest of justice, and as the additional factors relevant in this context collectively weigh in favor of the Court's permitting joinder, Plaintiff's motion for joinder must be granted." Smith v. Nkomarume, 2018 WL 4660362 (S.D.N.Y. 2018). Accordingly, pursuant to the Federal Rules of Civil Procedure Rules 19 and 20, Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa, and Ethan B. Gerber are mandatory parties to the instant action and must be joined in

order for the Court to accord complete relief. Plaintiff's claims and right to relief against the defendants in Linzy I and Linzy II arise out of the same occurrence, a motor vehicle accident that occurred on December 5, 2019, and the same questions of law and fact will be raised in both actions. Joinder is, therefore, appropriate.

**WHEREFORE,** the Plaintiff, For the foregoing reasons, the Plaintiff, Shaarille Linzy, respectfully requests that this Court issue an Order joining to this action, and for such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
March 1, 2022

Erica M. Martini
**ROSENBAUM & ROSENBAUM, P.C.**
*Attorneys for Plaintiff*
SHAARILLE LINZY
100 Wall Street, 15th Floor
New York, New York 10005
(212) 514-5007

TO:   ***Via* Electronic Case Filing**
**GOLDBERG SEGALLA LLP**
Derek M. Zisser
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.
200 Garden City Plaza, Suite 520
Garden City, New York 11530

15