# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAARILLE LINZY, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| *Defendant*. | ) | 1:21-cv-05097-AJN-SDA |

---

## OPPOSITION TO MOTION FOR JOINDER

---

Coughlin Betke LLP
Attorneys for Uber Technologies, Inc.
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380

# TABLE OF CONTENTS

OPPOSITION TO MOTION FOR JOINDER .........................................................4

I. BACKGROUND ....................................................................................................6

II. LEGAL STANDARDS .........................................................................................8

III. ARGUMENT .......................................................................................................9

A. The defendants to *Linzy I* are not necessary parties and should not be permissively joined.............................................................................................10

    1.    The defendants to *Linzy I* are not necessary parties under Rule 19 because a judgment in *Linzy II* would not adversely affect them.....................10

    2. The defendants *Linzy I* should not be permissively joined under Rule 20 in *Linzy II*  because there is no question of law common to them all...................11

B. Joinder and remand will not comport with fundamental fairness. ..................12

    1.    Plaintiff unduly delayed 267 days from the date of removal and 386 days from defendant Alemar's deposition and filing of the instant suit in seeking joinder........................................................................................................12

    2. Joinder would prejudice diverse party Uber by depriving it of its choice of forum, further delaying the adjudication of the merits of this case, and impeding its ability to develop its defense........................................................13

    3. *Linzy I* and *II* are not so related that denying joinder would undermine judicial economy, joinder would stall and disrupt a trial-ready suit, and the plaintiff, not Uber, opted for multiple litigation. ..............................................14

    4. Plaintiff's principal desire in seeking joinder to destroy federal diversity jurisdiction is an impermissible motive. ...........................................................16

C. Fraudulent joinder of the *Linzy I* defendants and remand would subject *Linzy II* to dismissal under the prior pending action doctrine........................................18

IV. CONCLUSION ...................................................................................................21

# TABLE OF AUTHORITIES

**Cases**

*A. L. Smith Iron Co. v. Dickson*, 141 F.2d 3 ( 2d Cir. 1944)....................................11

*Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276
    (S.D.N.Y.1984)......................................................................................................19

*Caldwell Mfg. Co. v. Unique Balance Co.*, 18 F.R.D. 258 (S.D.N.Y. 1955)..........11

*Charles v. Seinfeld,* 2022 U.S. Dist. LEXIS 54387, at *4 (S.D.N.Y. Mar. 25, 2022) (Nathan, J.) .........................................................................................................9

*Cherico, Cherico & Assoc. v Midollo*, 67 A.D.3d 622, 622-623 (2d Dept. 2009)..20

*Colon v. Gold*, 166 A.D.2d 406, 407 (2d Dept. 1990)...........................................19

*Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, 2005 U.S. Dist. LEXIS 14312,(S.D.N.Y. July 19, 2005) (Pauley, J.).........................................................17

*Deutchman v. Express Scripts, Inc.,* 2008 U.S. Dist. LEXIS 61111, at *8 (E.D.N.Y. Aug. 11, 2008) (Irizarry, J.)........................................................... 12, 15

*Grant v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 214078, 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017) (Daniels, J.)........................................................16

*Id.* ...........................................................................................................................17

*Kahn V. Avnet, Inc.,* 1983 U.S. Dist. LEXIS 17876 (SDNY 1983) ........................19

*Kurtz v. Uber Technologies, Inc.*, 2021 U.S. Dist. LEXIS 199326, at *4 (S.D.N.Y. Oct. 13, 2021) (Engelmayer, J.) ......................................................................7, 14

*Lebetkin v. Giray*, 2018 U.S. Dist. LEXIS 184072, at *4 (S.D.N.Y. Oct. 26, 2018) (Cote, J.)................................................................................................ 13, 15, 17

*Lederman v. Marriott Corp.*, 834 F. Supp. 112, 115 (S.D.N.Y. 1993) (Broderick, J.) ........................................................................................................................17

*Liebert v. TIAA-CREF*, 34 A.D.3d 756, 757 (2d Dept. 2006) ................................20

*Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 22524, at *11 (S.D.N.Y. Feb. 8, 2022) (Nathan, J.) ................................................................................... passim

*Linzy, supra* at *2 ....................................................................................................6

*Media America. Inc.  v. Rudnick*, 156 A.D.2d 174, 174 (1st Dep't 1989) .............19

*Mississippi Valley Barge Line Co. v. Bulk Carriers, Ltd*., 249 F.Supp. 743 (S.D.N.Y. 1965)..................................................................................................19

*Mraz v. JPMorgan Chase Bank, N.A.*, 2018 U.S. Dist. LEXIS 75217, at *9 (E.D.N.Y. May 3, 2018) (Glasser, J.)................................................... 8, 9, 17, 18

*Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 365 (S.D.N.Y. 2003) (Buchwald, J.) ............................................................................................................... passim

*Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 460-61 (2d Cir. 1998) ...... 8, 9, 18

*Rivera v. Red Robin*, 2020 U.S. Dist. LEXIS 58734, at *2-3 (S.D.N.Y. Apr. 2, 2020) (Oetken, J.) ....................................................................................... 16, 17

S*eneca Specialty Ins. Co. v T.B.D. Capital, LLC*, 143 A.D.3d 971, 972 (2d Dept. 2016).....................................................................................................................20

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001)...................18

**Statutes**

28 U.S.C. 1447 ............................................................................................ 4, 8, 14

**Other Authorities**

Notes of Advisory Committee on Rules—1966 Amendment ................................11

**Rules**

CPLR 3211 ................................................................................................ 19, 20

Fed.R.Civ.P. Rule 12 ..............................................................................19

Fed.R.Civ.P. Rule 13 ..............................................................................19

Fed.R.Civ.P. Rule 19 ...........................................................................8, 10

Fed.R.Civ.P. Rule 20 ...........................................................................8, 11

Local Civil Rule 6.3 ................................................................................10

## OPPOSITION TO MOTION FOR JOINDER

On February 8, 2022, Judge Alison Nathan denied the motion for remand filed by the plaintiff, Shaarille Linzy, concluding, "Linzy's desire to consolidate the case in state court does not outweigh Uber's statutory right to removal in this case." *Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 22524, at *11 (S.D.N.Y. Feb. 8, 2022) (Nathan, J.).

Only after the Court's denial of her motion to remand, and **267 days** after the defendant Uber Technologies, Inc. ("Uber") properly removed this case, *see Linzy, supra* at *3, the plaintiff moved for joinder of the non-diverse defendants in her pending case in state court, *Linzy v. Alemar et al.,* Index No. 23280/2020E (Bx. Sup. Ct.) ("*Linzy I*") to this matter ("*Linzy II*") and remand under 28 U.S.C. 1447(e). Dkt. 21-1 at 4. The plaintiff did not seek leave to amend her non-removable complaint in *Linzy I* to add Uber as a defendant. The plaintiff did not attempt to move for consolidation of *Linzy I* and *Linzy II* prior to removal.

Only now, after the Court denied her motion for remand, does the plaintiff insist that the parties to *Linzy I* are subject to necessary and permissive joinder.

"[T]he instant application for joinder was made only after plaintiff was denied remand. It appears that only now is plaintiff, as a last resort, placing the need to unite each defendant at the fore." *Nazario v. Deere & Co*., 295 F. Supp. 2d 360, 365 (S.D.N.Y. 2003) (Buchwald, J.) (denying motion for joinder). For the same reason, plaintiff's motion for joinder should be denied.

The *Linzy I* defendants are not necessary parties where a judgment in *Linzy II* would not adversely affect them, nor should they be permissively joined where there is no question of law is common to all the defendants.

Further, joinder would not comport with fundamental fairness. Here, the plaintiff unduly delayed her motion for joinder for 267 days after removal. If granted, joinder would prejudice Uber by depriving it of its choice of forum, delaying the adjudication of the merits, and impeding its ability to develop its defense. Joinder would disrupt *Linzy I*, a trial-ready suit, even though the plaintiff, not Uber, opted for multiple litigation. It is quite apparent that Plaintiff's principal desire in seeking joinder is to destroy federal diversity jurisdiction. However, this is an impermissible motive.

Finally, under the doctrine of fraudulent joinder, the non-diverse *Linzy I* defendants should be disregarded by this Court, as there is no possibility the plaintiff can state a cause of action against those *Linzy I* defendants that would not be subject

to dismissal under the prior pending action doctrine. As such, the motion for joinder should be denied.

## I. BACKGROUND

On March 9, 2020, "the plaintiff commenced an action [*Linzy I*] in the Supreme Court of the State of New York, County of Bronx, against [driver] Alemar and the owners of the vehicle Alemar was driving at the time of the accident— American United Transportation, Inc. and American United Transportation II, Inc." *Linzy, supra* at *1.

On February 4, 2021, the plaintiff took the deposition of Alemar, during which he testified concerning Uber. *Id*. at *2; Dkt. No. 5-4. On February 8, 2021, "the plaintiff commenced the current action [*Linzy II*] against Uber in the Supreme Court of the State of New York, County of Bronx." *Linzy, supra* at *2; Dkt. No. 5-5.

"On April 16, 2021, Uber filed its answer." *Linzy, supra* at *2; Dkt. No. 5-6. At the same time, the plaintiff litigated *Linzy I,* requesting independent medical examination records from defendant's counsel in that case. *See* Exhibit A; *Linzy I,* NYSCEF Doc. No. 10.

"Linzy never moved in state court to consolidate the two actions. Instead, on May 13, 2021, Linzy sent a proposed stipulation to Uber for purposes of consolidating *Linzy I* and *Linzy II.*" *Linzy, supra* at *3. Of note, the defendants in *Linzy I* had **not** signed the proposed stipulation, and there is no evidence in the record

they ever even agreed to it: "Uber did not respond to that request. On June 8, 2021, Uber timely removed *Linzy II* to this Court based on diversity jurisdiction." *Linzy, supra* at \*2; Dkt. No. 2.

Immediately thereafter on June 10, 2021, the plaintiff filed a motion to consolidate *Linzy I* and *Linzy II,* in state court notwithstanding the fact that *Linzy II* had already been removed. Exhibits B, C. Justices Hummel and Barbato denied the respective untimely motions to consolidate because of the prior removal of *Linzy II.* Exhibits D, E. On June 30, 2021, the plaintiff filed a motion for remand. Dkt. No. 5. On February 8, 2022, this Court, Nathan, J., denied the motion for remand. Judge Nathan's holdings included:

> Linzy is responsible for the predicament in which she now finds herself; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident…

> Linzy's allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against Alemar.

*Linzy, supra* at \*8-9, 10 (quotations, alterations omitted), *quoting Kurtz v. Uber Technologies, Inc.*, 2021 U.S. Dist. LEXIS 199326, at \*4 (S.D.N.Y. Oct. 13, 2021) (Engelmayer, J.).

On March 1, 2022, the plaintiff filed her motion for joinder. Dkt. No. 21.

## II. LEGAL STANDARDS

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." F.R.C.P. 19(a)(1)(A). Parties "may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a)(2).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

District courts in this Circuit, "permit a joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario, supra* at 363 (citations omitted).

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Mraz v. JPMorgan Chase Bank, N.A.*, 2018 U.S.

Dist. LEXIS 75217, at *9 (E.D.N.Y. May 3, 2018) (Glasser, J.), *citing Pampillonia
v. RJR Nabisco, Inc*., 138 F.3d 459, 460-61 (2d Cir. 1998).  **Similarly, a plaintiff
may not defeat federal court diversity jurisdiction by joining a defendant where
the plaintiff cannot state a cause of action against that defendant.** *Id*. "Thus,
under the doctrine of fraudulent joinder, a court may disregard a non-diverse party
if the defendant demonstrates, by clear and convincing evidence, <u>either</u> that (i) there
has been outright fraud committed in the plaintiff's pleadings <u>or</u> (ii) that there is no
possibility, based on the pleadings, that a plaintiff can state a cause of action against
the non-diverse defendant in state court." *Mraz, supra* at *9, *quoting Pampillonia,
supra* at 461.

## III. ARGUMENT

As an initial matter, the plaintiff's motion for joinder should be denied insofar
as it attempts to relitigate the Court's holdings in the ruling on plaintiff's motion for
remand. For example, in its ruling denying plaintiff's motion for remand, the Court
held that Linzy's allegations against Uber contain different causes of actions
involving issues that are distinct from those against Alemar, and rejected plaintiff's
argument "that the two cases are so related as to compel a discretionary remand."
*Linzy, supra* at *10. Undeterred by the prior findings of this Court, plaintiff
nevertheless repeatedly insists in her motion for joinder that *Linzy I* and *Linzy II* are
"inextricably intertwined." Dkt. No. 21 at 4, 9, 14. Indeed, plaintiff blatantly

disregards the Court's February 8, 2022 Order throughout her motion. *See* §§ III(A)–(B), *infra.* This alone should be fatal to her motion. *See Charles v. Seinfeld,* 2022 U.S. Dist. LEXIS 54387, at *4 (S.D.N.Y. Mar. 25, 2022) (Nathan, J.) (denying reconsideration where plaintiff "devotes much of [her] brief to relitigating the Court's conclusion," which "amounts to a request for the Court to reconsider a prior order determining a motion, [and] the Court construes these portions of the brief as a motion for reconsideration governed by Local Civil Rule 6.3.)

Further, joinder is improper where, as here, the defendants to *Linzy I* are not necessary parties and should not be permissively joined; joinder will not comport with fundamental fairness; and a fraudulent joinder of the *Linzy I* defendants would subject *Linzy II* to dismissal under the prior pending action doctrine. The plaintiff's motion for joinder should accordingly be denied.

## A. The defendants to *Linzy I* are not necessary parties and should not be permissively joined.

### 1.  The defendants to *Linzy I* are not necessary parties under Rule 19 because a judgment in *Linzy II* would not adversely affect them.

A party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." F.R.C.P. 19(a)(1)(A). The plaintiff misapprehends the application of Rule 19.  The plaintiff argues that absent joinder of the *Linzy I* defendants, the Court cannot accord complete relief among the existing parties, but never identifies how the *Linzy I* defendants would be adversely affected

absent joinder. Dkt. No. 21 at 5. The Advisory Committee explained the "complete relief" factor as follows:

> The first factor brings in a consideration of what a judgment in the action would mean to the absentee. Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor? The possible collateral consequences of the judgment upon the parties already joined are also to be appraised. Would any party be exposed to a fresh action by the absentee, and if so, how serious is the threat?

Notes of Advisory Committee on Rules—1966 Amendment, *citing A. L. Smith Iron Co. v. Dickson*, 141 F.2d 3 ( 2d Cir. 1944); *Caldwell Mfg. Co. v. Unique Balance Co.*, 18 F.R.D. 258 (S.D.N.Y. 1955). Would the *Linzy I* defendants be adversely affected by nonjoinder in any practical sense? The plaintiff cannot identify any such adverse effects. She only points to issues concerning discovery across the two cases, and the Court, Nathan, J., already ruled that with coordination, no prejudice will accrue: case management will provide for common discovery issues and assure that common issues are not disputed twice at trial. *Linzy, supra* at *9. The *Linzy I* defendants are not necessary, and the motion for joinder should be denied.

### 2. The defendants *Linzy I* should not be permissively joined under Rule 20 in *Linzy II*  because there is no question of law common to them all.

In addition to arising from the transaction or occurrence, permissive joinder of defendants under Rule 20 requires that there be a common question of law or fact to **all** defendants. F.R.C.P. 20(a)(2)(B). Here, the factual and legal issues relating to

the plaintiff's claims against Uber are distinct from those involving the *Linzy I* defendants: "Linzy's allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against Alemar." *Linzy, supra* at *10. Indeed, "the fact finder in *Linzy I* will make **no determination** with respect to Uber's alleged liabilities in this case." *Id.* (Emphasis added).

The plaintiff again points to issues concerning the coordination of discovery in support of joinder under Rule 20–but this point is again foreclosed by the Court's holding that case management will provide for coordination of common discovery issues and assure that common issues are not disputed twice at trial. Dkt. No. 21-1 at 9-10; *Linzy, supra* at *9.

**B. Joinder and remand will not comport with fundamental fairness.**

> **1. Plaintiff unduly delayed 267 days from the date of removal and 386 days from defendant Alemar's deposition and filing of the instant suit in seeking joinder.**

Delay is measured from the date of removal. *See Deutchman v. Express Scripts, Inc.,* 2008 U.S. Dist. LEXIS 61111, at *8 (E.D.N.Y. Aug. 11, 2008) (Irizarry, J.) (denying joinder after three-month delay); *Nazario, supra* at 363 (denying joinder after five-month delay). Here, the plaintiff delayed 267 days–nearly nine months–from the date of removal. If measured from the date of defendant Alemar's deposition concerning Uber and the subsequent filing of the instant case,

the delay is even greater–386 days, over one year–and further militates in favor of denying joinder. *See Lebetkin v. Giray*, 2018 U.S. Dist. LEXIS 184072, at *4 (S.D.N.Y. Oct. 26, 2018) (Cote, J.) (denying joinder after six-month delay from filing of action).

Indeed, the plaintiff's protest that his "error in filing a Motion to Remand initially and failing to request Joinder should not bar the opportunity to now seek joinder," Dkt. No. 21-1 at 17, is unsupported by any authority. "**That plaintiff was pursuing its § 1447(c) remand petition during this period did not preclude it from bringing a motion based on § 1447(e).**" *Nazario, supra* at 364 (emphasis added). "The timeliness of the instant motion is highly questionable for purposes of this factor." *Id.* Similarly, the motion for joinder here should be denied.

### 2. Joinder would prejudice diverse party Uber by depriving it of its choice of forum, further delaying the adjudication of the merits of this case, and impeding its ability to develop its defense.

Uber has an interest in defending against this action in this forum, of which it would be deprived by joinder. *See Nazario, supra* at 364. Joinder would also prejudice Uber by further delaying the adjudication of the merits of the plaintiff's complaint against Uber. *See Lebetkin, supra* at *5. Uber has "for some time been faced with uncertainty as to whether their case would be litigated in state or federal court, which has undoubtedly affected [its] ability to develop their defense." *Id.* Indeed, Uber has been faced with this uncertainty since at least its June 8, 2021

removal–which the Court expressly held was proper, *see Linzy, supra* at \*5–nearly nine months. The dilatory motion for joinder represents but another attempt by the plaintiff to avoid the outcome proscribed by Judge Englemayer in *Kurtz*: "This case will now move briskly forward, with discovery to be closely coordinated with *Kurtz I*. A case management order will issue shortly scheduling an initial pretrial conference and directing counsel, in advance, to submit a proposed case management plan that provides for such coordination." *Kurtz, supra* at \*16. Avoidance of this outcome prejudices Uber. The motion for joinder should therefore be denied.

### 3. *Linzy I* and *II* are not so related that denying joinder would undermine judicial economy, joinder would stall and disrupt a trial-ready suit, and the plaintiff, not Uber, opted for multiple litigation.

Where a state court action and a federal court action involve different claims, "[s]ome particular issues of fact and law will undeniably be argued and litigated in both state and federal court, but there is not such a total congruence between the two actions which clearly tips this factor favor of a remand" for joinder of a non-diverse defendant under 28 U.S.C. 1447(e). *Nazario, supra* at 364. Here, "Linzy's allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against Alemar." *Linzy, supra* at \*10. There is not such a total congruence between the two actions that joinder and remand is appropriate.

"Additionally, granting plaintiff's motion would essentially interpose [Uber] into the State Court Action. Certainly this would stall and disrupt a nearly trial-ready suit in which the existing defendants have not sought to implead [Uber]." *Nazario, supra* at 364. While the plaintiff may have hastily revoked his Note of Issue indicating trial readiness in *Linzy I* the day after Uber filed its notice of removal, Dkt. No. 21-1 at 13, the fact remains that *Linzy I* is in an advanced stage of litigation and the injection of Uber will undoubtedly stall and disrupt a near trial-ready suit.

Additionally, the plaintiff, not Uber, opted for multiple litigation. *See Lebetkin, supra* at *5-6 ("There is a likelihood of multiple litigation here, but [plaintiff] opted for multiple litigation when he initially chose to file separate actions in state and federal court. Any risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court."); *Nazario, supra* at 366 ("Plaintiff's warning against multiple litigation and risks of inefficiency and inconsistent results bears some irony. Plaintiff brought two different actions in state court, and plaintiff never pursued consolidation thereof. For plaintiff, avoidance of multiple and inefficient litigation has only now acquired primacy"[1]); *Deutchman, supra* at *10 ("The court is aware that a denial of plaintiffs 'cross-motion may well result in parallel state court litigation, a factor that must be

---

[1] *See, e.g.* plaintiff's repeated warnings in her motion against inconsistent results notwithstanding her bringing two actions in state court. Dkt. No. 21-1 at 4, 13, 15, 16, 17.

considered. The situation, however, easily could have been avoided had plaintiffs named [defendant] in their original state court complaint."); *Linzy, supra* at \*5-6 ("Linzy is responsible for the predicament in which she now finds herself; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident. Linzy could have avoided this outcome by naming Uber as a defendant in *Linzy I* or after promptly filing *Linzy II* in state court, she could have moved to consolidate it with *Linzy II*."). The multiple litigation factor therefore militates against joinder here. The motion should be denied.

### 4. Plaintiff's principal desire in seeking joinder to destroy federal diversity jurisdiction is an impermissible motive.

It is well established that "a principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario, supra* at 364. The motive factor is "the most significant consideration in the fairness analysis" in adjudicating motions for joinder. *Grant v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 214078, 2017 WL 6812035, at \*3 (S.D.N.Y. Dec. 19, 2017) (Daniels, J.). "And here, that factor decisively weighs against joinder." *Rivera v. Red Robin*, 2020 U.S. Dist. LEXIS 58734, at \*2-3 (S.D.N.Y. Apr. 2, 2020) (Oetken, J.).

That plaintiff's principal desire is to destroy federal diversity jurisdiction is patent from both the timing of the plaintiff's motion and its substance. First, the motion seeks joinder of Alemar and the *Linzy I* defendants for the purported purpose

of determining the scope of Uber's vicarious liability and respondeat superior. Dkt. No. 21-1 at 8-10. However, under the doctrine of respondeat superior, the acts of Alemar are imputed to his alleged employer if the facts so show; accordingly, Linzy "can obtain full relief from [Uber] without joining [Alemar]." *Rivera , supra, quoting Core-Mark Int'l Corp. v. Commonwealth Ins. Co*., 2005 U.S. Dist. LEXIS 14312,(S.D.N.Y. July 19, 2005) (Pauley, J.); *citing Lederman v. Marriott Corp*., 834 F. Supp. 112, 115 (S.D.N.Y. 1993) (Broderick, J.) ("Since [the employer] can be held responsible for the behavior of its managers and employees . . . there is no need to include [an employee] as a separate defendant.").

Second, the history of this case indicates that plaintiff's motivation in seeking joinder is simply to defeat diversity jurisdiction in order to litigate in what she perceives to be a more favorable forum. *See Lebetkin, supra* at \*6. The plaintiff claims that she "always had the intention of consolidating the two actions into one"– but this explanation "strains credulity because plaintiff never in fact moved to consolidate the two state suits." *Nazario, supra* at 365. Indeed, plaintiff had nearly nine months here "to move to consolidate the two state suits. Plaintiff never did. This critically undercuts the notion that plaintiff is principally interested in joining all of the defendants in one action." *Id.*

Third, "the instant application for joinder was made only after plaintiff was denied remand. It appears that only now is plaintiff, as a last resort, placing the need

to unite each defendant at the fore." *Id.; see also Mraz, supra*, at \*18-19 ("This timing all but compels the inference that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction"). It is accordingly proper to infer "from plaintiff's litigation behavior to this point and the course he has selected to arrive at the current motion that plaintiff is primarily interested in forcing [Uber] to defend itself in state court." *Nazario, supra* at 365. Every factor militates against a finding of fundamental fairness in joining the *Linzy I* defendants. The motion for joinder should be denied.

## C. Fraudulent joinder of the *Linzy I* defendants and remand would subject *Linzy II* to dismissal under the prior pending action doctrine

A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by joining defendants with no real connection with the controversy, or by joining defendants who would be entitled to dismissal. *Mraz, supra* at \*9, *citing Pampillonia, supra* at 460-1. "Thus, under the doctrine of fraudulent joinder, a court may disregard a non-diverse party if the defendant demonstrates, by clear and convincing evidence … that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Mraz, supra* at \*9, *quoting Pampillonia, supra* at 461. **This does not require proof of fraud, but rather, proof that Plaintiff cannot state a cause of action against the Defendant.** *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001). "Joinder will be considered fraudulent when it is

established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged." *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (citations omitted/brackets in original).

It is well settled that a party may move to dismiss one or more causes of action pursuant to Fed.R.Civ.P. Rule 12 and 13 on the ground that there is another action pending between the same parties for the same relief. *Mississippi Valley Barge Line Co. v. Bulk Carriers, Ltd.*, 249 F.Supp. 743 (S.D.N.Y. 1965) (action would not be entertained whether two other prior proceedings involving same dispute were pending).

Pursuant to CPLR 3211(a)(4) a party may move to dismiss one or more causes of action on the ground that there is another action pending between the same parties for the same cause of action in a court of any state or in the United States. *Media America. Inc. v. Rudnick*, 156 A.D.2d 174, 174 (1st Dep't 1989). *See Kahn V. Avnet, Inc.,* 1983 U.S. Dist. LEXIS 17876 (SDNY 1983) (noting that "dismissal could surely be predicated on the discretion of this court" pursuant to CPLR 3211(a)(4) when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States.")

New York Court have consistently found dismissal appropriate under these circumstances. In *Colon v. Gold*, 166 A.D.2d 406, 407 (2d Dept. 1990), the Appellate Division, Second Department held that "indiscriminately commencing

multiple personal injury lawsuits emanating from the same underlying event will not be condoned." (holding that "the Supreme Court erred in failing to dismiss pursuant to CPLR 3211 (a) (4)"); *see also Cherico, Cherico & Assoc. v Midollo,* 67 A.D.3d 622, 622-623 (2d Dept. 2009) (Affirming dismissal of the plaintiff's "complaint pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending between the same parties for the same cause of action."); *Liebert v. TIAA-CREF*, 34 A.D.3d 756, 757 (2d Dept. 2006) (holding same.); and S*eneca Specialty Ins. Co. v T.B.D. Capital, LLC*, 143 A.D.3d 971, 972 (2d Dept. 2016) (Affirming dismissal of the plaintiff's complaint pursuant to CPLR 3211 (a)(4) as there was "substantial identity of the parties and the causes of action alleged" in both actions were the same.).

Here, the plaintiff's motion must fail. If the Court were to grant the plaintiff's motion to join Jose Alemar, American United Transportation, Inc. and American United Transportation II, Inc., **there would be two identical lawsuits against Jose Alemar, American United Transportation, Inc. and American United Transportation II, Inc., brought by and against the same party, concerning the same injury and alleged wrong doings.** The instant lawsuit–*Linzy II*–would therefore be subject to dismissal as to Jose Alemar, American United Transportation, Inc. and American United Transportation II, Inc. under CPLR 3211 (a) (4)  and the prior pending action doctrine. Accordingly, plaintiff's request to join Jose Alemar,

American United Transportation, Inc. and American United Transportation II, Inc.

is without merit and would be inappropriate as a fraudulent joinder.

## IV. CONCLUSION

Joinder is improper here. The defendants to *Linzy I* are not necessary parties

and should not be permissively joined. Their joinder will not comport with

fundamental fairness, and a fraudulent joinder of the *Linzy I* defendants would

subject *Linzy II* to dismissal under the prior pending action doctrine. The plaintiff's

motion for joinder should be denied.


Respectfully submitted,
DEFENDANT,
UBER TECHNOLOGIES, INC.
By their attorneys,

/s/ Andrew R. Ferguson
Andrew R. Ferguson (AF5154)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com