**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
SHAARILLE LINZY,                                    Index No.: 801741/2021E

                     Plaintiff,                 Action No. 1

            -against-                                **AFFIRMATION IN**
                                                        **SUPPORT OF MOTION**
UBER TECHNOLOGIES, INC.,

                     Defendants.
-------------------------------------------------------------------X

       **ANDREW G. MEIER,** an attorney duly licensed to practice before the Courts of the State of New York, affirms the truth of the following, upon information and belief, under the penalties of perjury:

       1.     I am an attorney of **ROSENBAUM & ROSENBAUM, P.C.**, attorneys of the records for Plaintiff, SHAARILLE LINZY, and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon the content of the file maintained by my office.

       2.     I respectfully submit this Affirmation in support of the instant application for an Order pursuant to CPLR 602(a), consolidating Actions #1 and #2 in the Supreme Court, County of Bronx for all purposes, including discovery, and for such other, further, and different relief which as to this Court may seem just and proper.

### **PRELIMINARY STATEMENT**

       3.     The underlying actions, both sounding in negligence, arise from a motor vehicle accident that occurred on December 5, 2019 as Plaintiff was a pedestrian lawfully upon Bruckner Boulevard in Bronx, NY. The Plaintiff alleges she was struck by the vehicle operated by Defendant, JOSE A. ALEMER, who was in the course and scope of his employment and/or contract with Defendant, UBER TECHNOLOGIES, INC. Plaintiff further alleges the accident was

caused, in part, as a result of Defendant, UBER TECHNOLOGIES, INC., negligently designing its rideshare application and requiring its employees and/or independent contractors to violate the Vehicle and Traffic Laws prohibition on use of portable electronic devices while operating a motion vehicle. The Plaintiff now seeks monetary recovery for the personal injuries resulting from the aforementioned motor vehicle accident.

## PROCEDURAL HISTORY

4.      Action No. 1, bearing Bronx County Index number 23280/2020E was commenced on behalf of the Plaintiff, SHAARILLE LINZY, by the filing of a Summons and Complaint dated March 9, 2020, against Defendants, JOSE A. ALEMAR, AMERICAN UNITED TRANSPORTATION INC. and AMERICAN UNITED TRANSPORTATION II, INC.. Thereinafter, Defendants joined issue by service of a verified answer dated May 14, 2020. The pleadings for Action No. 1 are annexed hereto collectively as **Exhibit "A"**. There is further discovery outstanding in Action No. 1. Specifically, a deposition and "Independent" Medical Examination are required of the Plaintiff. **Exhibit "B", Letter.**

5.      Action No. 2, bearing Bronx County Index number 801741/2021E was commenced on behalf of the Plaintiff, SHAARILLE LINZY, by the filing of a Summons and Complaint dated February 8, 2021, against Defendant, UBER TECHNOLOGIES, INC. Thereinafter, Defendant joined issue by service of a verified answer dated April 16, 2021. The pleadings for Action No. 2 are annexed hereto collectively as **Exhibit "C"**. Plaintiff provided defense counsel in Action No. 2 with discovery from Action No. 1 via email on May 13, 2021. **Exhibit D.** In an effort to preserve judicial economy, Plaintiff provided a Stipulation to consolidate Actions No. 1 and No. 2 with an amendment of the caption. Defendants refused to execute said Stipulation. **Exhibit "E".**

## ARGUMENT

6. CPLR §602(a) states, in pertinent part:

When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any and all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay

7. The power to order consolidation rests in the sound discretion of the court and is appropriate where it involves common questions of law and fact. Mattia v. Food Emporium, Inc., 259 A.D.2d 527, 686 N.Y.S.2d 473 (2d Dept. 1999). Consolidation is appropriate where it will "avoid unnecessary duplication of trials [and] save unnecessary costs … based on same facts." Chinatown Apartments, Inc. v. New York City Transit Authority, 100 A.D.2d 824, 474 N.Y.S.2d 763 (1st Dept. 1984). It is well settled that "the interests of judicial economy" is better served with joint trials where possible. Mideal Homes Corp. v. L & C Concrete Work, Inc., 90 A.D.2d 789, 455 N.Y.S.2d 394 (1st Dept. 1982).

8. It follows therefore that when two actions arise from the same motor vehicle accident and are both in the beginning stages of discovery, consolidation is appropriate. Progressive Ins. v. Vasquez, 10 A.D.2d 518, 782 N.Y.S.2d 21 (1st Dept. 2004); Paolo v. Eilat, 51 A.D.2d 585, 378 N.Y.S.2d 770 (2d. Dept. 1976). Indeed, in Paolo, *supra*, the Second Department held it was an abuse of discretion for the lower court not to consolidate two actions arising from the same motor vehicle accident.

9. Here, both actions stem from the same incident that occurred on December 5, 2019, when a motor vehicle owned and operated by Defendants struck Plaintiff who was a lawful pedestrian.

10. As a result of the negligence of the Defendants, Plaintiff, SHAARILLE LINZY, suffered serve and permanent personal injuries. Therefore, the culpability of the parties relates to common issues of fact and law that may result in inconsistent verdicts absent consolidation.

11. Accordingly, in the interest of judicial economy, the two cases should be consolidated in the Supreme Court, Bronx County, under the same index number 23280/2020E under the following proposed caption:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
---------------------------------------------------------------------X
SHAARILLE LINZY,                                    Index No.: 23280/2020E
                Plaintiff,               Action No. 1

        -against-

JOSE A. ALEMAR, AMERICAN UNITED
TRANSPORTATION INC., AMERICAN UNITED
TRANSPORTATION II, INC. and UBER
TECHNOLOGIES, INC.,

                Defendants.
---------------------------------------------------------------------X

12. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, it is respectfully requested that this Court grant this application in its entirety, and for such other, further, and different relief as to this Court deems just and proper.

Dated: New York, New York
       June 10, 2021

_____
Andrew G. Meier