UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shaarille Linzy,

                Plaintiff,

-against-

Uber Technologies, Inc.,

                Defendant.

1:21-cv-05097 (ER) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE EDGARDO RAMOS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion by Plaintiff Shaarille Linzy ("Plaintiff" or "Linzy") to join Jose A. Alemar, American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa and Ethan B. Gerber (collectively, the "Joinder Defendants") as parties in this action. (Pl.'s Mot. For Joinder, ECF No. 21.) For the reasons set forth below, I respectfully recommend that Plaintiff's motion be DENIED.

**BACKGROUND[1]**

On December 5, 2019, Jose Alemar, struck and injured Linzy with his car while Linzy was crossing the street at the intersection of Westchester Avenue and Bruckner Boulevard in the Bronx. On March 9, 2020, Linzy commenced an action in the Supreme Court of the State of New York, County of Bronx, against Alemar and American United Transportation, Inc. and American

---

[1] The relevant factual background is taken from the Court's Opinion and Order on Plaintiff's motion to remand. *See Linzy v. Uber Techs., Inc.*, No. 21-CV-05097 (AJN), 2022 WL 375595, at *1 (S.D.N.Y. Feb. 8, 2022). "When considering a motion to remand, the district court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in favor of the plaintiff." *Kurtz v. Uber Techs., Inc.*, No. 21-CV-06188 (PAE), 2021 WL 4777973, at *1 n.1 (S.D.N.Y. Oct. 13, 2021) (*quoting Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006)).

United Transportation II, Inc., which were identified as the owners of the vehicle Alemar was driving at the time of the accident ("*Linzy I*").² (*See Linzy I* Compl., ECF No. No. 21-2.) Linzy seeks to recover for the injuries she had sustained in the accident. (*See id.*)

On February 4, 2021, during a deposition with Alemar, Linzy learned that Alemar was working as a delivery driver for Uber and was logged into the driver mobile application at the time he struck her. (*See* Alemar Tr., ECF No. 21-4, at 9-13.) Subsequently, Linzy commenced a second action against Uber alone in the Supreme Court of the State of New York, County of Bronx, on February 8, 2021 ("*Linzy II*"). (*See Linzy II* Compl., ECF No. 21-5.) She brought claims of vicarious liability (Count One) and negligent hiring, training, retention and supervision (Count Two). (*Id*. ¶¶ 18-34) She also sought to recover for the injuries she had sustained in the accident. (*See id*.) On April 16, 2021, Uber filed its answer. (*Linzy II* Answer, ECF No. 21-6.)

On May 13, 2021, Linzy sent a proposed stipulation to Uber for purposes of consolidating *Linzy I* and *Linzy II.* (Pl.'s 3/1/22 Mem. at 2.) Uber did not execute the stipulation. (*See id*.)

On June 9, 2021, Uber timely removed *Linzy II* to this Court based on diversity jurisdiction. (Not. of Removal, ECF No. 2.)³  On June 10, 2021, one after *Linzy II* was removed to this Court, Linzy moved in Bronx Supreme Court to consolidate *Linzy I* and *Linzy II*. (*See Linzy v. Alemar*, Index No. 23280/2020, NYSCEF Doc. No. 13.)

---

² In her memorandum submitted in support of the motion before the Court, Plaintiff states that the vehicle that struck her was owned by American United Transportation, Inc., American United Transportation II, Inc., Erez Dassa ("Dassa") and Ethan B. Gerber ("Gerber"). (Pl.'s 3/1/22 Mem., ECF No. 21-1, at 5.) However, Plaintiff did not name Dassa or Gerber as defendants in *Linzy I*. (*See Linzy I* Complaint.)

³ Uber removed this action to federal court after Plaintiff served a bill of particulars which established that the amount in controversy was in excess of $75,000. (*See* Not. of Removal ¶¶ 13-15.)

On June 30, 2021, Linzy filed a motion to remand this case, pursuant to 28 U.S.C. § 1447(e), to facilitate the consolidation of this case with *Linzy I*. (Pl.'s Mot. to Remand, ECF No. 5.) On November 10, 2021, the Bronx Supreme Court entered an Order denying Linzy's motion to consolidate *Linzy I* and *Linzy II*, since *Linzy II* had been removed to this Court. (*See Linzy v. Alemar*, Index No. 23280/2020, NYSCEF Doc. No. 20.) On February 8, 2022, then-District Judge Nathan denied Linzy's motion to remand. *See Linzy*, 2022 WL 375595, at *4.

On March 1, 2022, Plaintiff filed the instant motion for joinder. (*See* Pl.'s Mot. For Joinder.) On March 2, 2022, Judge Nathan referred the motion to me for a report and recommendation. (Am. Order of Ref., ECF No. 22.) On April 11, 2022, this case was reassigned to District Judge Edgardo Ramos, to whom I now am making this report and recommendation.

## LEGAL STANDARDS

### I. Joinder Generally

Under Federal Rule of Civil Procedure 19, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Under Federal Rule of Civil Procedure 20, parties "may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

3

**II.       Joinder of Non-Diverse Parties Following Removal**

Section 1447(e) of Title 28 of the United States Code provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "In deciding whether to permit such joinder, courts in this District engage in a two-part analysis." *Knowyourmeme.com Network v. Nizri*, No. 20-CV-09869 (GBD) (JLC), 2021 WL 3855490, at *5 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 4441523 (S.D.N.Y. Sept. 28, 2021) (citation omitted).

"First, joinder and remand must satisfy Federal Rule of Civil Procedure 20, which governs permissive joinder of parties." *Knowyourmeme.com Network*, 2021 WL 3855490, at *5 (citing *McGrath v. Indus. Waste Techs.*, No. 20-CV-02858 (KPF), 2021 WL 791537, at *5 (S.D.N.Y. Feb. 26, 2021)); *see also Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). In assessing whether the requirements of Rule 20 are met, "courts must accept the factual allegations in a plaintiff's complaint as true." *Id.* (citation omitted). at *6. "In addition, the requirements of Rule 20 are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.* (internal quotation marks and alterations omitted). "The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20." *Id.* (citation omitted).

Second, even where the Rule 20 requirements are met, "diversity-destroying joinder is appropriate only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the

4

amendment." *Knowyourmeme.com Network*, 2021 WL 3855490, at *6 (internal quotation marks omitted). The last factor "generally is the most significant consideration in the fairness analysis." *Id.* (internal quotation marks omitted); *see also Rivera v. Robin*, No. 19-CV-09558 (JPO), 2020 WL 1644014, at *1 (S.D.N.Y. Apr. 2, 2020). The decision of whether to allow joinder is within the sound discretion of the trial court. *See McGrath*, 2021 WL 791537, at *4 (citing *Briarpatch Ltd., L.P.* v. *Pate,* 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) ("The decision whether to admit the new parties is within the sound discretion of the trial court.").

## DISCUSSION

**I.      The Joinder Defendants Are Not Required Parties Under Rule 19[4]**

Plaintiff argues that the Joinder Defendants are necessary parties under Rule 19(a) because the Court cannot accord complete relief among existing parties. (Pl.'s 3/1/22 Mem. at. 5-6; Pl.'s 4/8/22 Reply Mem., ECF No. 28, at 1-2.) However, Plaintiff does not explain how the absence of the Joinder Defendants will prevent the Court from granting complete relief between Linzy and Uber*. See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("A party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties.*'") (quoting Fed. R. Civ. P. 19(a)(1)) (emphasis in original). Rather, Plaintiff argues that discovery will be needed to determine the relationship

---

[4] Courts outside the Second Circuit have split on whether the Rule 19 framework remains applicable to analyzing joinder of non-diverse parties after removal. Some courts do not consider Rule 19 since "Rule 19 states that it does not govern parties to be added that would destroy subject-matter jurisdiction, whereas 28 U.S.C. § 1447(e) says that it does govern such parties." *See Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 970 (D.N.M. 2018). Other courts have concluded that Rule 19 "has a role to play should a plaintiff correctly invoke 28 U.S.C. § 1447(e)." *See id*. at 971 (citing cases). Because I find that the *Linzy I* Defendants are not required parties under Rule 19 and otherwise recommend that the Court deny joinder, the outcome is the same under either framework.

5

between the parties and the ownership and operation of the subject vehicle and that the causes of action against the Joinder Defendants and against Uber arise under the same set of facts and circumstances. (Pl.'s 3/1/22 Mem. at 5.) While that may be true, as the Court already has found, Linzy's allegations against Uber—vicarious liability and negligent hiring, training, retention and supervision—contain different causes of actions involving issues that are distinct from those against Alemar, *see Linzy*, 2022 WL 375595, at *4, and the same is true for American United Transportation, Inc. and American United Transportation II.[5] Accordingly, I find that the Joinder Defendants are not required parties under Rule 19(a).[6]

## II. Joinder Should Be Denied Under § 1447(e)

Because joinder of any of Alemar, American United Transportation, Inc. and American United Transportation II, all of whom are citizens of the State of New York, would destroy the Court's diversity jurisdiction, the Court must consider whether joinder is appropriate in accordance with § 1447(e). At the first step, the Court finds that the requirements of Rule 20 are met. Plaintiff asserts a right to relief against Uber and the Joinder Defendants jointly, severally, or in the alternative arising from the same car accident and her claims against all Defendants will,

---

[5] Linzy has yet to assert any claims against Dassa and Gerber. For purposes of this motion, the Court assumes that any such claims would be the same as against American United Transportation, Inc. and American United Transportation II, as owners of the vehicle operated by Alemar.

[6] Even if the Court found that the Joinder Defendants were required parties, where, as here, joinder is not feasible because it would destroy subject matter jurisdiction, the Court would need to consider whether they were indispensable parties pursuant to Rule 19(b). However, "[i]f a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *MasterCard*, 471 F.3d at 389 (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)).

at least, share common questions of fact. Thus, the Court next considers the relevant factors to determine whether joinder would comport with fundamental fairness.

First, with respect to delay, Plaintiff argues that there is no undue delay because the Court issued its decision on Plaintiff's motion to remand on February 8, 2022 and the Case Management Plan required any motion to join additional parties be filed within 30 days.[7] (Pl.'s 3/1/22 Mem. at 8-9.) However, as Plaintiff notes, delay is measured from the date of removal, which, here, was June 9, 2021. (*See* Not. of Removal.) Plaintiff explains this delay by stating that she initially, and in retrospect erroneously, filed a motion to remand instead of the instant motion. (*See* Pl.'s 4/8/22 Reply Mem. at 1.) Nonetheless, the fact remains that the instant motion was filed almost nine months after the case was removed, such that this factor weights against joinder.

Second, with respect to prejudice to Defendant, Plaintiff argues that Uber will not be prejudiced because the case is still in an early stage and Uber's interest in litigating in a federal forum, alone, is insufficient to show prejudice. (Pl.'s 3/1/22 Mem. at 9-10.) Uber responds that, in addition to depriving it of its choice of forum, it would be subject to further delay and impeded in its ability to develop its defense. (Def.'s 4/1/22 Opp. Mem., ECF No. 27, at 13-14.) In denying Plaintiff's motion to remand, however, Judge Nathan similarly considered "the prejudice each party would suffer" and declined to grant discretionary remand. *See Linzy*, 2022 WL 375595, at *3. Moreover, Plaintiff's contention that Uber will not be prejudiced because it will be able to join the ongoing discovery in *Linzy I* (*see* Pl.'s 3/1/22 Mem. at 9-10) is not persuasive since the

---

[7] Plaintiff appears to refer to the proposed Case Management Plan filed on February 22, 2022 (ECF No. 18), which was not adopted by the Court.

7

majority of the discovery in *Linzy I* is complete.[8] In addition, the Court agrees with Uber that it would be prejudiced by further delay in addressing the merits of this case. *See Lebetkin v. Giray*, No. 18-CV-08170 (DLC), 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (finding prejudice when defendants "have for some time been faced with uncertainty as to whether their case would be litigated in state or federal court, which has undoubtedly affected their ability to develop their defense").[9]

Third, with respect to the likelihood of multiple litigation, Plaintiff argues that "should this Court deny Plaintiff's application, Plaintiff will be left with no recourse but to continue parallel litigations in each state court and federal court, thus exposing Plaintiff to the possibility of inconsistent outcomes." (Pl.'s 3/1/22 Mem. at 10.) But Judge Nathan considered similar factors (*i.e.*, whether denying remand would cause duplicative litigation and discovery and the risk of inconsistent outcomes) when determining whether the case should be remanded based on "the policy rationale of § 1447(e) [which] could, and should, extend to avoid multiple and duplicative litigation[,]" and found that discretionary remand was not warranted where the predicament of having separate lawsuits was the result of Linzy's litigation missteps. *Linzy*, 2022 WL 375595, at *3. Judge Nathan also found that any issues that may arise from separate proceedings are manageable. *See id*. In addition, as referenced above, granting joinder and remanding this action

---

[8] On February 4, 2021 , a Note of Issue was filed by Plaintiff in the Bronx Supreme Court in *Linzy I* stating that the case was trial ready. (*See Linzy v. Alemar*, Index No. 23280/2020, NYSCEF Doc. No. 9.) Later, on June 10, 2021, Plaintiff wrote to the Bronx Supreme Court stating that further discovery was needed based upon a surgical procedure that Plaintiff underwent in April 2021. (*See id*., NYSCEF Doc. No. 12.)

[9] The Court notes that granting Plaintiff's motion would cause further uncertainty and delay for Uber since remanding this action to state court would not automatically result in a single action involving all parties. Rather, Plaintiff would need to move once again in the Bronx Supreme Court to consolidate this action with *Linzy I*.

to state court would not automatically result in a single litigation. Plaintiff would need to move once again in the Bronx Supreme Court to consolidate this action with *Linzy I*. Because Plaintiff opted for multiple litigations from the start, I find that the third factor does not favor joinder.

Finally, the Court finds that the fourth factor—Plaintiff's motivation for the amendment—weighs against permitting joinder. Given the test's emphasis on fundamental fairness and justice, the Court joins the court in *Nazario* in "question[ing] the propriety of belatedly effectuating a result which plaintiff could have reached without waste and circuitousness." *Nazario*, 295 F. Supp. 2d at 363. Similarly, here, Plaintiff "never pursued simply joining" Uber as a party to *Linzy I*; prior to Uber removing the action to this Court, Plaintiff did not seek to consolidate the two cases in state court "despite having an ample period of time to do so;"[10] and Plaintiff "also neglected to pursue the instant joinder/remand proposal when [she] pressed [her] failed remand petition." *Id*.

Although Plaintiff argues that her primary motivation is to have all claims adjudicated in one action (Pl.'s 3/1/22 Mem. at 13), the history of her litigation strategy indicates otherwise. Indeed, Plaintiff appeared content to litigate separately against Uber until Uber removed the action to this Court. Accordingly, it is difficult to avoid the conclusion that joinder is being sought now solely to defeat diversity jurisdiction, which "is an impermissible motive." *Nazario*, 295 F. Supp. 2d at 364; *see also id.* at 365 ("We can only infer from plaintiff's litigation behavior to this

---

[10] This action was filed in Bronx Supreme Court on February 8, 2021. (*See Linzy II Compl*.) Thereafter, Plaintiff waited until May 13, 2021 to send a proposed stipulation to Uber for purposes of consolidating *Linzy I* and *Linzy II*, which Uber did not execute. (*See* Pl.'s 3/1/22 Mem. at 2.) Only after Uber removed the action to this Court on June 9, 2021 (*see* Not. of Removal) did Plaintiff move in Bronx Supreme Court to consolidate *Linzy I* and *Linzy II* (*see Linzy v. Alemar*, Index No. 23280/2020, NYSCEF Doc. No. 13), which motion was denied. (*See id*., NYSCEF Doc. No. 20.)

point and the course he has selected to arrive at the current motion that plaintiff is primarily interested in forcing [defendant] to defend itself in state court."); *Rivera*, 2020 WL 1644014, at *1 (concluding that plaintiff sought joinder "principally in order to manipulate this Court's jurisdiction"). For these reasons, I find that the fourth factor weighs against joinder.

### III. Alternative Relief

In the event that the Court denies her motion for joinder, Plaintiff requests that the Court "discontinue this action without prejudice in order for Plaintiff to file a Motion to Amend in the Supreme Court State of New York, County of Bronx, under Linzy I to join Defendant, Uber Technologies, Inc. as a defendant." (Pl.'s 3/1/22 Mem. at 14.) However, Plaintiff has not made a motion for dismissal of this action without prejudice.

If Plaintiff chooses to file such a motion, she should be aware that it is in the Court's discretion whether to grant a without prejudice dismissal. *See Corrado v. New York State Unified Ct. Sys.*, 698 F. App'x 36, 37 (2d Cir. 2017) ("[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the [court's] discretion . . .. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367, Voluntary Dismissal—Effect of Dismissal (3d ed. 2017))). "As [the Second Circuit has] observed, '[v]oluntary dismissal without prejudice is . . . not a matter of right.'" *Id*. (citing *Zagano v. Fordham Univ*., 900 F.2d 12, 14 (2d Cir. 1990)).

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for joinder be DENIED.

Dated: New York, New York
April 14, 2022

_____
STEWART D. AARON
United States Magistrate Judge

\* \* \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Ramos.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).