# COUGHLIN BETKE LLP

### 175 FEDERAL STREET
### BOSTON, MASSACHUSETTS 02110

**TELEPHONE: 617-988-8050**
**FACSIMILE: 617-988-8005**

*Please send all correspondence to our Boston office for scanning.*

Benjamin H. Levites, Esq.                                    Number: (212) 653-0380
Admitted in CT and NY                               Email: blevites@coughlinbetke.com

*Via ECF*                                                    Friday, April 21, 2023

Hon. Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Linzy v. Uber Technologies, Inc. (1:21-cv-05097)
       *District Court, S.D. New York*

Dear Judge Ramos:

We represent the defendant, Uber Technologies, Inc. ("Uber") in this matter. This letter responds to Plaintiff's letter extension (ECF 41), which is inaccurate and does not comply with §I E of the Court's Individual Practice Rules because it does not provide the reason for Uber's refusal to consent to any additional extensions.  The reason is simple: Plaintiff has already moved to extend the fact discovery deadline multiple times in order to depose Uber's corporate representative.   Uber has requested for nearly a year that Plaintiff provide Uber with topics for that corporate representative's deposition in accordance with Fed.R.Civ.P. 30(b)(6).   To date, Plaintiff has not done so, and fact discovery is now closed.

In granting Plaintiff's most recent request for an extension on January 18, 2023, the Court stated that "no further extensions shall be granted absent exigent circumstances."  (ECF 40).  Plaintiff's delay of more than 10 months to provide Uber with corporate representative topics is not an "exigent circumstance," especially when Uber has requested corporate representative topics no fewer than seven (7) times, and this situation is solely of Plaintiff's creation.  Indeed, despite filing her letter extension (ECF 41), to this moment Plaintiff *still* has not provided Uber with any deposition topics.

**RHODE ISLAND**
10 DORRANCE STREET
SUITE 700
PROVIDENCE, RI 02903
TEL: 401-519-3637
161912206.1

**CONNECTICUT**
100 PEARL STREET
14TH FLOOR
HARTFORD, CT 06103
TEL: 860-249-7020

**NEW HAMPSHIRE**
20 TRAFALGAR SQUARE
SUITE 435
NASHUA, NH 03063
TEL: 603-589-4025

**NEW YORK**
1330 AVENUE OF THE AMERICAS
SUITE 23A
NEW YORK, NY 10019
TEL: 212-653-0380

Hon. Edgardo Ramos
Friday, April 21, 2023
2 of 3

Plaintiff's representation that she served a corporate representative deposition notice on July 15, 2022, is not accurate.  Plaintiff served a deposition notice.  However, Plaintiff's "notice" contained no topics on which a corporate representative would be questioned.  Instead, it simply stated that Plaintiff would take the deposition of "Defendant, UBER TECHNOLOGIES, INC."   This non-compliant "notice" provided Uber with no ability to discern what the scope of the deposition was, or identify and prepare a deponent to provide testimony on Uber's behalf.  *See* Fed. R. Civ. P. 30(b)(6) (notice "must describe with reasonable particularity the matters for examination.").

Uber requested corporate representative topics from Plaintiff no fewer than seven times over the past 10 months.[1]  Plaintiff never provided any topics.  A brief summary of that timeline is as follows:

On June 9, 2022, prior to Plaintiffs counsel's office sending the purported notice, Uber noted that as to a corporate designee, it could not "begin to find one without have a 30(b)(6) notice reflecting the topics to be covered."

On August 17, 2022, after receipt of the purported notice, Uber reiterated that it could not "provide dates until we get a 30(b)(6) notice from you identifying the topics to be covered," and that "[f]urther on this point, the 'notice' your office sent on July 15 does not comport with Rule 30(b)(6) for a couple reasons, but most notably for not providing a list of the topics to be covered.   If your office can provide a proper notice, we can then try to find the appropriate designee and a date that works for he/she."

On October 8, 2022, Uber restated that "we cannot provide dates for the deposition of our client until we get a 30(b)(6) notice from you identifying the topics to be covered. Please provide this notice and we can attempt designate a witness and secure dates for the deposition."

On October 17, 2022, Uber again advised, "We are amenable to a December deposition of our client provided that (1) the court extend discovery and (2) we see a 30(b)(6) notice that complies with the rule which to date we have not seen."

On January 17, 2023, Uber advised that concerning proposed dates, it would "advise on which of the dates a designee can be made available, subject of course to receipt of a notice identifying the topics of testimony."

On April 13, 2023, Uber again requested "please provide a notice of deposition with areas of inquiry so that we can prepare the proper witness as previously requested."

------

[1] Uber is willing to submit these communications to the Court should the Court wish to review them.

**RHODE ISLAND**
10 DORRANCE STREET
SUITE 700
PROVIDENCE, RI 02903
TEL: 401-519-3637
161912206.1

**CONNECTICUT**
100 PEARL STREET
14TH FLOOR
HARTFORD, CT 06103
TEL: 860-249-7020

**NEW HAMPSHIRE**
20 TRAFALGAR SQUARE
SUITE 435
NASHUA, NH 03063
TEL: 603-589-4025

**NEW YORK**
1330 AVENUE OF THE AMERICAS
SUITE 23A
NEW YORK, NY 10019
TEL: 212-653-0380

Hon. Edgardo Ramos
Friday, April 21, 2023
3 of 3

On April 17, 2023, Uber reiterated for a final time our request that plaintiff "send along the list of topics in anticipation of the deposition."

The foregoing clearly establishes that the production of any Uber corporate representative, be it on April 28, 2023 or earlier, was conditioned on Plaintiff providing a list of topics.  Accordingly, on April 19, 2023 (the fact discovery cutoff in this case), Uber informed Plaintiff that it could not proceed with a deposition on April 28, 2023, and that it would not consent to a request for an extension.

This is not a case where Plaintiff was provided no time to take a deposition of Uber's corporate representative (or any other Uber witnesses).  Plaintiff sat on her hands for nearly a year, despite Uber's repeated requests for deposition topics, and despite Plaintiff's multiple requests for more time from the Court.  But time has run out.  Uber should not be forced to produce a witness outside the discovery period, on short notice, and with no deposition topics—particularly when it has requested deposition topics for close to one year and with a dispositive motion deadline only weeks away.  The Court should deny Plaintiff's third request for an extension.

Respectfully,

Benjamin H. Levites

**RHODE ISLAND**
10 DORRANCE STREET
SUITE 700
PROVIDENCE, RI 02903
TEL: 401-519-3637
161912206.1

**CONNECTICUT**
100 PEARL STREET
14TH FLOOR
HARTFORD, CT 06103
TEL: 860-249-7020

**NEW HAMPSHIRE**
20 TRAFALGAR SQUARE
SUITE 435
NASHUA, NH 03063
TEL: 603-589-4025

**NEW YORK**
1330 AVENUE OF THE AMERICAS
SUITE 23A
NEW YORK, NY 10019
TEL: 212-653-0380