**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

Shaarille Linzy,

                Plaintiff,

       v.

Uber Technologies, Inc.,

                Defendant.

Case No. 1:21-cv-05097 (ER) (SDA)

**DEFENDANT'S MEMORANDUM IN LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

Dated: August 4, 2023

**DEFENDANT UBER TECHNOLOGIES, INC.**

By:    */s/ Steven G. Williamson*
       Christopher Betke (CB8047)
       Andrew R. Ferguson (AF5154)
       Coughlin Betke LLP
       1330 Avenue of the Americas
       Suite 23A
       New York, NY 10019
       212-653-0380
       cbetke@coughlinbetke.com
       aferguson@coughlinbetke.com

       Steven G. Williamson (pro hac vice)
       PERKINS COIE LLP
       1888 Century Park East, Suite 1700
       Los Angeles, California 90067-1721
       Telephone:  (310) 788-3368
       swilliamson@perkinscoie.com

**TABLE OF CONTENTS**

PAGE

INTRODUCTION ....................................................................................................... 1

BACKGROUND .......................................................................................................... 1

    A.    The Uber App. ........................................................................................ 1

    B.    Objective data shows when a driver's account is "online" or
        "offline." ................................................................................................. 2

    C.    At the time Mr. Alemar struck Plaintiff with his car, his account
        was "offline" and not logged in to the Driver App. ............................... 2

    D.    Plaintiff sues Mr. Alemar, then files a separate lawsuit against
        Uber....................................................................................................... 5

LEGAL STANDARD.................................................................................................. 5

ARGUMENT............................................................................................................... 5

    A.    Numerous New York state courts have ruled in Uber's favor under
        similar facts. .......................................................................................... 6

    B.    Objective data establishing Mr. Alemar's "offline" status and GPS
        location is undisputed. ........................................................................... 9

        1.    The objective data for Mr. Alemar's account is the same
            regardless of whether Mr. Alemar used the Driver App on a
            tablet or a smartphone. ............................................................... 9

        2.    Plaintiff has no evidence that the objective data is faulty or
            affected by human error, and her argument is foreclosed by
            Second Circuit precedent. .......................................................... 10

        3.    Mr. Alemar's deposition testimony from another case is
            inadmissible and cannot be considered....................................... 10

        4.    Mr. Alemar's inadmissible testimony does not controvert
            objective data. ............................................................................ 12

CONCLUSION............................................................................................................ 12

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Abdel-Karim v. EgyptAir Airlines*,
  116 F. Supp. 3d 389 (S.D.N.Y. 2015), *aff'd sub nom. Abdel-Karim v. Egyptair
  Holding Co.*, 649 F. App'x 5 (2d Cir. 2016) ...............................................................10

*Aquino v. Lyft, et al.*, Cause No. CC-19-05024-C (Dallas Co., TX December 9,
  2021) .............................................................................................................................8

*Asadoorian v. Uber Techs., Inc., et al.*, 19STCV19191 (Cal. Super. April 13,
  2021) .............................................................................................................................8

*Beydoun v. Uber Technologies, Inc.*, Index No. 504493/2020 (Kings County),
  Short Form Order Dated January 27, 2022 ....................................................................7

*Brown v. Uber Technologies, Inc.*, Index No. 35531/2020 (Bronx County) ..................................8

*Colon v. Cano-Molina et al,* Index No. 509234/2020 (Kings County) ...........................................8

*Dist. Att'y of New York Cnty. v. Republic of the Philippines*,
  307 F. Supp. 3d 171 (S.D.N.Y. 2018).........................................................................11

*Espinal v. Uber Techs., Inc., et al,* Index No. 803724/2021E (Bronx County) ..............................8

*Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*,
  2014 WL 798385 (S.D.N.Y. Feb. 28, 2014)................................................................11

*Fernandez v. Uber Techs., Inc et al.*, *Index* No. 7212287/2021 (Queens County)..........................8

*Flowers* v. *Uber Technologies, Inc.*, Index No. 508598/2018 (Kings County).............................8

*Gilkes v. Uber Technologies, Inc.*, Index No. 700220/2018 (Queens County),
  Short Form Order Dated August 27, 2018.....................................................................7

*Gonzalez* v. *Uber Technologies, Inc.*, Index No. 505524/2022 (Kings County)............................8

*Gottlieb v. Cnty. of Orange*,
  84 F.3d 511 (2d Cir. 1996)..........................................................................................10

*Granados* v. *Uber Technologies, Inc.*, Index No. 23233/2018E (Bronx County).........................8

*Green v. Uber Technologies, Inc.*, Index No. 13601/2015 (Kings County), Order
  Dated March 22, 2021...................................................................................................8

*Hickman, et al. v. Uber Techs., Inc., et al.*, NO: 19-11711 (E.D. La. Jan. 7, 2020)......................8

*Hodge v. Anokye et al.*, Index No. 810369/20212E (Bronx County) ................................................8

*Jaiman v. Uber Technologies,* Index No. 22679/17 (Bronx County) ..................................................8

*Knick v. Uber Technologies, Inc.*, Index No. 503898/2018 (Kings County), Order
    Dated June 6, 2018 ..............................................................................................................................8

*Lawrence v. Lyft, et al.*, Case No. 19-0154-NI (Cir. Ct. Kalamazoo Co., MI May
    14, 2020 ....................................................................................................................................................8

*Marez et al. v. Lyft, Inc., et al.*
    (2020) 48 Cal.App.5th 569 ................................................................................................................8

*Maxwell v. Lyft, et al.*, Case No. 21-002815-NI (Cir. Ct. Wayne Co., MI Dec. 13
    2021) ..........................................................................................................................................................8

*McClanahan v. Sennini et al,* Index No. 528300/2022 (Kings County) ........................................8

*McDuffie v. Wilner*,
    415 F. Supp. 2d 412 (S.D.N.Y. 2006) ..........................................................................................5

*O'Neal v. Uber Technologies, Inc.*, Index No: 524346/2020 (Kings County),
    Decision & Order Dated January 4, 2022 ..................................................................................8

*Olivares v. Uber Techs., Inc., et al.*, A-20-816089-C (Clark Co. Dist. Ct., NV
    June 14, 2021) ........................................................................................................................................8

*Peleytay v. Uber Technologies, Inc.*, Index No. 709549/2021 (Queens County) ........................8

*Pena-Peralta v. Uber Technologies, Inc.*, Index No. 713147/2021 (Queens
    County) ......................................................................................................................................................8

*Pena Peralta v. Torigar Corp.*,
    2022 WL 1286726 (N.Y. Sup. Ct. Mar. 22, 2022) ....................................................................6

*Phillips* v. *Uber Techs., Inc., et al*, Index No. 521302/2020 (Kings County) ..............................8

*Quesada v. Uber Techs., Inc., et al*, Index No. 152130/2022 (New York County) ......................8

*Rowe v. Kilgore, et al.*, Index No. 807484/2021E (Bronx Co. Sup. Ct., NY June 8,
    2023) ..........................................................................................................................................................7

*Ruiz v. Uber Technologies, Inc.*, Index No. 157262/2020 (New York County) ............................8

*Sitan* v. *Uber Technologies, Inc.*, Index No. 811740/2021E (Bronx County) ..............................8

*Toro v. Uber Technologies, Inc.*, Index No. 805732/2022E (Bronx County) ..............................8

*Trompeter v. Velez, et al.*, Index No. 804075/2021E (Bronx County) ...........................................8

*Vargas v. Uber Technologies, Inc.*, Index No. 815835/2021E (Bronx County)..............................8

*Webster v. Uber Technologies, Inc.*, Index No. 813793/2021E (Bronx County) ...........................8

**RULES**

FED. R. CIV. P. 32(a)(1)...............................................................................................................11

FED. R. CIV. P. 32(a)(8)...............................................................................................................10

FED. R. CIV. P. 56(a) .....................................................................................................................5

**INTRODUCTION**

On December 5, 2019, Plaintiff was struck by a car driven by a person named Jose Alemar. But instead of suing only Mr. Alemar, Plaintiff has sued Uber Technologies, Inc.—even though the undisputed facts show that Uber has no connection whatsoever to Plaintiff's injuries. Plaintiff's purported basis for suing Uber was the fact that Mr. Alemar occasionally provided transportation services as an independent driver through the Uber platform. But **Mr. Alemar was not online using the Uber app at the time he struck Plaintiff, and had been offline for approximately 17 hours.**

Uber searched its records for all accounts associated with Mr. Alemar, using his full name, address, driver's license, license plate and VIN for the vehicle he was operating at the time of the accident. Those records show that Mr. Alemar has only one account with which he can access Uber's online platform. And Uber maintains data that shows whether a driver's account, such as the sole account maintained by Mr. Alemar, is logged on at any given time. Here, that data confirms that Mr. Alemar's account was offline and *not* using the Driver App at the time he struck Plaintiff. In fact, Mr. Alemar did not log on to the Driver App until three hours *after* the accident, when he was eight miles away from the scene. This is not subject to dispute. And because Mr. Alemar was not using the Driver App to provide transportation services, Uber has no relationship to this case. Ample New York state court decisions in Uber's favor on this exact issue remove any doubt as to Uber's lack of liability. Summary judgment should be granted on all causes of action.

**BACKGROUND**

A.      **The Uber App.**

Uber is a technology company that uses its proprietary technology to develop and maintain digital multi-sided marketplace platforms. Some specific examples of platforms that Uber has

1

developed include the Rides platform (connecting riders with independent drivers) and the Eats platform (connecting restaurants, grocery stores, delivery drivers, and eaters).

Importantly, as explained below, a driver must log onto the Driver App with his or her specific account credentials to use the Driver App and go online to connect with riders to provide rides.  Drivers can only receive and accept trip requests through the Driver App when their account is logged in and online in the Driver App.  *See* Statement of Undisputed Material Facts at ¶ 1 (citing Declaration of Steven Williamson ("Williamson Dec."), Exhibit EE, Affidavit of Todd Gaddis).  A driver who is in "offline" status cannot connect with Uber's network and cannot provide services through the Driver App.  *Id.*  If a rider makes a trip request, the trip request cannot be received by a driver that is not online in the Driver App.  *See id.* at ¶¶ 1–2.Said another way, the technology does not have the capacity to route a trip request to an offline driver.  *See id.*

**B.**     **Objective data shows when a driver's account is "online" or "offline."**

A driver must use their account to log in to the Driver App, and there are four different statuses for a driver who uses the Driver App:  "available" status (can receive a ride request); "en route" status (en route to pick up rider after trip request was accepted); "on trip" status (transporting a rider after pick up); or "offline" status (not available to receive a ride request in the Driver App).  *Id.* at ¶ 2 (citing Williamson Dec, Exhibit EE).  Uber maintains information in the regular course of business that shows where a driver is located when their account is "online" on the Driver App— i.e. when they are "available," "en route," or "on trip."  *Id.* at ¶ 3.Thus, Uber is able to tell both the time and GPS location where a driver changes statuses, or goes "online" or "offline."  *Id.*

**C.**     **At the time Mr. Alemar struck Plaintiff with his car, his account was "offline" and not logged in to the Driver App.**

On December 5, 2019 at 5:15 p.m., Plaintiff was struck by a car driven by Mr. Alemar at 3681 Bruckner Boulevard, the Bronx, NY 10461.  *See id.* at ¶ 4 (citing Williamson Dec., Exhibit

FF).  The incident description states that Mr. Alemar was driving south on Bruckner Boulevard

when Plaintiff emerged "from in between two parked buses and [walked] into traffic" which

resulted in Mr. Alemar striking her.  *Id.* The police report does not mention Uber, and does not

contain any statements that Mr. Alemar was providing any transportation services on the Uber

platform at the time he struck Plaintiff.  *Id.*  If Mr. Alemar had been transporting a passenger at

the time of the accident, then that person would have been a witness to it.  But the police report

likewise does not mention any such witness.  *Id.*On the date of the accident, Uber did not own,

lease, maintain, control, or operate Mr. Alemar's vehicle.  *Id.* at ¶ 8 (citing Williamson Dec.,

Exhibit EE).

Uber maintains account records for its drivers that are searchable by using a driver's full

name, address, driver's license, license plate and VIN.  *See id.* at ¶ 5 (citing Williamson Dec.,

Exhibit EE).  In connection with this case, Uber used the above information for Mr. Alemar to

search for any and all accounts that were associated with Mr. Alemar.  *Id.*

Uber's records showed that:

- Mr. Alemar logged "offline" in the Driver App at approximately 11:51 P.M. on December 4, 2019 at the following GPS points: 40.867832 (latitude), - 73.83361 (longitude).

- Mr. Alemar became "available" in the Driver App at approximately 8:26 P.M. on December 5, 2019 at the following GPS points: 40.84411 (latitude), -73.93528 (longitude).

*See id*.

**In other words, Mr. Alemar was offline at the time he struck Plaintiff, and had been**

**offline for 17 hours.  He did not log back onto the Driver App until more than three hours**

**after he struck Plaintiff.** *Id. at* **¶ 6 (citing Williamson Dec., Exhibit EE).  Moreover, the**

**location where Mr. Alemar later logged in to the Uber App (again, three hours after the**

**incident) was** *not* **the location of the accident**.  The police report lists the location of the accident

as 40.852425 (latitude) and -73.82729 (longitude).  *Id.* at ¶ 7 (citing Williamson Dec., Exhibit FF).

But Mr. Alemar's location when he went online on December 5, 2019 was 40.84411 (latitude), -

73.93528 (longitude).  *Id.* at ¶ 5 (citing Williamson Dec., Exhibit EE).  Inputting these coordinates

into Google Maps illustrates that these two locations are 7.9 miles away from one another (*see*

SUMF ¶ 7), as illustrated by the figures below.



*Fig. 1*, *Coordinates where Mr. Alemar logged online at 8:26 p.m.*



*Fig. 2*, *Distance from where Mr. Alemar logged online vs. location of accident with Plaintiff.*

### D.      Plaintiff sues Mr. Alemar, then files a separate lawsuit against Uber.

Plaintiff filed a state-court action against Mr. Alemar in the Bronx County Supreme Court, in which Uber was not a named defendant. ("*Linzy I*"). On February 8, 2021, Plaintiff filed a separate action in the Bronx County Supreme Court, which named Uber as a sole defendant ("*Linzy II*"), and sought recovery under theories of vicarious liability and negligent hiring. *See* ECF No. 2. Uber removed *Linzy II* (this case) to federal court on June 9, 2021. *Id.* This Court subsequently denied Plaintiff's motion to remand, *see* ECF No. 16, and denied Plaintiff's motion for joinder of this case with *Linzy I.* *See* ECF No. 30. Plaintiff performed no written discovery in this case, and took only one 36-minute deposition of an Uber representative, Todd Gaddis, on questions related to his affidavit (cited *supra* and in Uber's Statement of Undisputed Material Facts).

### LEGAL STANDARD

The standard for summary judgment is well established. *See* FED. R. CIV. P. 56(a). Because this is a federal diversity case, New York law substantive law governs. *E.g.*, *McDuffie v. Wilner*, 415 F. Supp. 2d 412, 418 (S.D.N.Y. 2006).

### ARGUMENT

All of Plaintiff's claims (vicarious liability and negligent hiring) hinge on the allegation that Mr. Alemar was "utilizing" the Driver App at the time he struck Plaintiff. *See* ECF No. 2-1

at ¶¶ 11, 19, 28.  But this is demonstrably false.  As noted in Uber's SUMF, Mr. Alemar was *not* utilizing the Driver App at the time of the incident.  SUMF ¶¶ 5–7.  At the time of the accident, Mr. Alemar had been offline from the Driver App for approximately 17 hours, and he did not log back on until three hours *after* the accident.  *Id.*  And objective GPS data, which Plaintiff cannot rebut, shows that Mr. Alemar logged on approximately eight miles away from the accident.  *Id.* at ¶ 7.

This issue is dispositive as to all of Plaintiff's claims, and requires a grant of summary judgment in Uber's favor.  Uber has zero relationship to the facts underlying this lawsuit whatsoever.  It simply cannot be held liable for Mr. Alemar's actions when he is *not* using the Driver App.  To hold otherwise would represent an unheard-of repudiation and expansion of New York state law (which this Court, sitting in diversity, is bound to apply).

A.      **Numerous New York state courts have ruled in Uber's favor under similar facts.**

This is not the first time that someone has tried to place the blame on Uber when a driver is "offline."  Uber has successfully litigated this precise issue before New York state courts on numerous occasions.  Those courts have consistently held that Uber is not liable under New York law where the driver in question is not "online" on the Driver App.  For example, in *Pena Peralta v. Torigar Corp.*, the plaintiff sued Uber after he was struck by a third-party vehicle.  *See* 2022 WL 1286726, at *1 (N.Y. Sup. Ct. Mar. 22, 2022).  Uber presented the same arguments to the state court that it advances here, citing to sworn statements by Todd Gaddis, and presenting data that showed the driver in question was not "online" at the time of the accident.  *Id.*  And Uber similarly explained that it was impossible for the driver to have accessed the Driver App at the time of the accident because the driver was not "online."  *Id.*  The court dismissed all claims against Uber, noting that plaintiff failed to identify a "connection" between Uber and plaintiff's accident, and that Uber's evidence "established that [it was] not responsible for plaintiff's injuries."  *Id.*

6

Similarly, in *Collado v. Uber Technologies*, Uber moved for summary judgment on the basis the driver was not utilizing the Driver App at the time of the incident. *See* Williamson Dec., Exh. A (Index No. 715645/2019 (Queens County), Decision and Order Dated October 9, 2020). In granting Uber's motion, the court noted that, even *assuming* an employment relationship existed between the driver and Uber, Uber cannot be held vicariously liable for the driver's actions as the driver was not utilizing the Uber application at the time of the accident. *Id.* As the court further noted, the lack of the use of the Driver App precluded any possible finding of duty against Uber. *Id.*

And, in *Bhagwandin v. Uber Technologies, Inc.* (opinion attached hereto as Exhibit B), Uber again showed the court that the driver in question was not online at the time of the accident, and moved to dismiss plaintiff's complaint via the same theory and affidavit at issue here. *See* Williamson Dec., Exh. B (Index No. 717962/2017 (Queens County), Decision and Order Dated September 26, 2019). The court dismissed all claims against Uber with prejudice. *Id.*

Recently, on June 8, 2023, in *Rowe v. Kilgore, et al.*, Index No. 807484/2021E (Bronx Co. Sup. Ct., NY June 8, 2023) Judge Bianka Perez of the Bronx County Superior Court granted Uber's Motion for Summary Judgment where the driver was off-app on the date of the accident. *See* Williamson Dec., Exh. H. Judge Perez relied on the affidavit of Uber's data scientist, Todd Gaddis, and reiterated that the "mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue of fact." *Id.*

The above are just four exemplar cases where New York courts have ruled in Uber's favor, but there are many others where Uber has prevailed on the exact argument it advances here. *See* Williamson Dec., Exh. C (*Gilkes v. Uber Technologies, Inc.*, Index No. 700220/2018 (Queens County), Short Form Order Dated August 27, 2018); Exh. D (*Beydoun v. Uber Technologies, Inc.*,

Index No. 504493/2020 (Kings County), Short Form Order Dated January 27, 2022); Exh. E

(*O'Neal v. Uber Technologies, Inc.*, Index No: 524346/2020 (Kings County), Decision & Order

Dated January 4, 2022); Exh. F (*Green v. Uber Technologies, Inc.*, Index No. 13601/2015 (Kings

County), Order Dated March 22, 2021); and Exh. G (*Knick v. Uber Technologies, Inc.*, Index No.

503898/2018 (Kings County), Order Dated June 6, 2018).[1]   And that is to say nothing of the

numerous other jurisdictions nationwide that have also ruled in favor of Uber, or other ridesharing

service providers, on this identical argument.[2]

The caselaw is clear.  Plaintiff cannot bring claims against Uber for the actions of third-

party individuals who were not logged on to the Uber App, or providing ridesharing services

through the Uber platform, at the time of an incident.  The Court should grant summary judgment.

---

[1]*See also* Williamson Dec., Exh. I, *Colon v. Cano-Molina et al,* Index No. 509234/2020 (Kings County); Exh. J, *Phillips* v. *Uber Techs., Inc., et al*, Index No. 521302/2020 (Kings County); Exh. K., *McClanahan v. Sennini et al,* Index No. 528300/2022 (Kings County); Exh. L, *Fernandez v. Uber Techs., Inc et al.*, *Index* No. 7212287/2021 (Queens County); Exh. M, *Espinal v. Uber Techs., Inc., et al,* Index No. 803724/2021E (Bronx County); Exh. N, *Quesada v. Uber Techs., Inc., et al*, Index No. 152130/2022 (New York County); Exh. O, *Hodge v. Anokye et al.*, Index No. 810369/20212E (Bronx County); Exh. P, *Ruiz v. Uber Technologies, Inc.*, Index No. 157262/2020 (New York County); Exh. Q, *Webster v. Uber Technologies, Inc.*, Index No. 813793/2021E (Bronx County); Exh. R, *Toro v. Uber Technologies, Inc.*, Index No. 805732/2022E (Bronx County); Exh. S, *Vargas v. Uber Technologies, Inc.*, Index No. 815835/2021E (Bronx County); Exh. T, *Peleytay v. Uber Technologies, Inc.*, Index No. 709549/2021 (Queens County); Exh. U, *Granados* v. *Uber Technologies, Inc.*, Index No. 23233/2018E (Bronx County); Exh. V, *Trompeter v. Velez, et al.*, Index No. 804075/2021E (Bronx County); Exh. W, *Sitan* v. *Uber Technologies, Inc.*, Index No. 811740/2021E (Bronx County); Ex. X, *Gonzalez* v. *Uber Technologies, Inc.*, Index No. 505524/2022 (Kings County); Exh. Y, *Flowers* v. *Uber Technologies, Inc.*, Index No. 508598/2018 (Kings County); Exh. Z, *Pena-Peralta v. Uber Technologies, Inc.*, Index No. 713147/2021 (Queens County); Exh. AA, *Brown v. Uber Technologies, Inc.*, Index No. 35531/2020 (Bronx County); Exh. BB, *Jaiman v. Uber Technologies,* Index No. 22679/17 (Bronx County).

[2]*See, e.g., Asadoorian v. Uber Techs., Inc., et al.*, 19STCV19191 (Cal. Super. April 13, 2021) (Based on app status data and an affidavit from Uber, California court granted Uber's MSJ finding defendant driver was not acting as Uber's employee or agent at the time of the subject accident and therefore, Uber did not owe plaintiff any duty); *Hickman, et al. v. Uber Techs., Inc., et al.*, NO: 19-11711 (E.D. La. Jan. 7, 2020) (similar); *Olivares v. Uber Techs., Inc., et al.*, A-20-816089-C (Clark Co. Dist. Ct., NV June 14, 2021) (same); *Marez et al. v. Lyft, Inc., et al.*, (2020) 48 Cal.App.5th 569 (granting Lyft's Motion for Summary Judgment because the defendant driver was off app); *Maxwell v. Lyft, et al.*,  Case No. 21-002815-NI (Cir. Ct. Wayne Co., MI Dec. 13 2021) (similar); *Lawrence v. Lyft, et al.*, Case No. 19-0154-NI (Cir. Ct. Kalamazoo Co., MI May 14, 2020 (similar); *Aquino v. Lyft, et al.*, Cause No. CC-19-05024-C (Dallas Co., TX December 9, 2021) (similar).

**B.      Objective data establishing Mr. Alemar's "offline" status and GPS location is undisputed.**

Uber searched for any and all accounts maintained by Mr. Alemar, using his full name, address, driver's license, license plate and VIN.  SUMF ¶ 5.  Objective data shows that Mr. Alemar's account was not logged in to Uber's online platform at the time of the accident.  SUMF ¶¶ 5–6.  And he did not log into his account until three hours after the accident, when he was eight miles away from the scene of the accident.  *Id.*  Plaintiff performed no written discovery in this case and has no evidence to rebut this objective data, and accordingly cannot defeat summary judgment.

**1.      The objective data for Mr. Alemar's account is the same regardless of whether Mr. Alemar used the Driver App on a tablet or a smartphone.**

The Court should not be confused by Plaintiff's baseless contention that account data showing when a driver is "online" or "offline" is segregated by device.  At the pre-motion conference, Plaintiff argued (without any supporting evidence) that the objective data Uber produced in this lawsuit does not apply to the Driver App on Mr. Alemar's tablet.  Instead, she insinuated that the data is specific to Mr. Alemar's smartphone.  This is simply wrong—as Mr. Gaddis' Affidavit makes clear, Uber used Mr. Alemar's name, address, driver's license, license plate, and VIN for the vehicle he was driving to search its database for any account associated with Mr. Alemar.  SUMF at ¶ 5.  Plaintiff has no evidence to refute this.  She performed no written discovery on any topic, let alone on the subject of how Uber stores its data.  At the brief deposition of Mr. Gaddis, Plaintiff asked no questions about whether Uber maintains different sets of data based on the type of device on which the Driver App is installed.  Plaintiff has no evidence to the contrary, and the Court should reject Plaintiff's threadbare assertions.

> **2.      Plaintiff has no evidence that the objective data is faulty or affected by human error, and her argument is foreclosed by Second Circuit precedent.**

Nor can Plaintiff defeat summary judgment by blustering that the objective data is faulty or subject to human error.  Plaintiff raised this argument, for the first time and (also) without any supporting evidence, at the parties' pre-motion conference.  But this argument fails for two reasons.  First, Plaintiff has no evidence that the objective data produced by Uber is incorrect.  She conducted no written discovery in this case.  And at Mr. Gaddis' deposition, she asked no questions regarding her newly-raised "human error" or "data manipulation" theories.  Second, the Second Circuit is clear that a party opposing summary judgment cannot do so via "mere assertions that affidavits supporting the motion are not credible."  *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).  A motion for summary judgment "will not be defeated merely ... on the basis of conjecture or surmise", *id.*, yet that is all Plaintiff can offer here.

> **3.      Mr. Alemar's deposition testimony from another case is inadmissible and cannot be considered.**

Plaintiff may attempt to argue that, at his deposition in *Linzy I* (the separately-filed case discussed *supra*), Mr. Alemar testified that he had "just turned on the application" prior to striking Plaintiff with his car.  But Mr. Alemar is not a party to this case, and his deposition testimony is inadmissible hearsay that cannot be considered for summary-judgment purposes.  *E.g.*, *Abdel-Karim v. EgyptAir Airlines*, 116 F. Supp. 3d 389, 409 (S.D.N.Y. 2015), *aff'd sub nom. Abdel-Karim v. Egyptair Holding Co.*, 649 F. App'x 5 (2d Cir. 2016).  Federal Rule of Civil Procedure 32(a) permits limited use of deposition transcripts from prior cases where the case involves "the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action."  FED. R. CIV. P. 32(a)(8).  But the narrow function of Rule 32(a)(8) does not apply here.

10

Even if some of the subject matter of Mr. Alemar's *Linzy I* deposition is similar to the issues here in *Linzy II*, that deposition did not involve the "same parties." Crucially, Uber was not "present or represented at the taking of" Mr. Alemar's deposition, and did not have "reasonable notice of it." FED. R. CIV. P. 32(a)(1). Indeed, Mr. Alemar's deposition in *Linzy I* occurred on February 4, 2021, which was four days *before* Uber was named as a defendant in *Linzy II*. Uber had no opportunity to question Mr. Alemar in his deposition, or perform any sort of cross-examination.

As courts in this district have noted, in determining whether the parties are the "same" for Rule 32 purposes, "the accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, **and the presence of an adversary with the same motive to cross-examine the deponent**." *Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014) (cleaned up and emphasis added). There was no adversary present at Mr. Alemar's deposition to represent Uber's interests. The only questioner was Plaintiff's counsel, who is clearly adverse to Uber, and who clearly wanted to use Mr. Alemar's deposition to bring a lawsuit against Uber (which counsel did four days after the deposition).

Nor is this a case where any of the parties at Mr. Alemar's deposition "st[ood] in the shoes of Uber" such that Uber's interests were protected. *E.g., Dist. Att'y of New York Cnty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 207 (S.D.N.Y. 2018) (deposition transcript admissible because both debtors and predecessors in interest sought to prove the same disputed fact regarding theft). Here, again, Uber's interests are clearly *not* aligned with Plaintiff, who is suing Uber. Nor

11

are they aligned with Mr. Alemar, who is an independent driver and who was not even online on the Driver App when the incident occurred.

At bottom, it was Plaintiff's choice to perform all her discovery in *Linzy I* instead of pursuing any discovery here, in *Linzy II*. Plaintiff must abide by that choice. But that does not mean she is permitted to introduce inadmissible evidence into this case, especially when, in denying Plaintiff's Motion for Joinder, this Court noted that *Linzy I* contained "different" causes of action that were "distinct" from those asserted against Uber here. *See* ECF No. 29. Mr. Alemar's deposition transcript should not be considered by this Court for any purpose.

### 4.     Mr. Alemar's inadmissible testimony does not controvert objective data.

Even if the Court were to consider Mr. Alemar's deposition testimony, his statements *still* cannot controvert the objective data regarding his offline status. As discussed above and in its SUMF, the data shows when a driver is logged on to the Driver App. *See supra* Section II. And the data here shows that Mr. Alemar was *not* online at the time of the incident, and did not go online until three hours later. *See id.* Mr. Alemar's vague statement to the contrary (made through an interpreter) does not create any genuine issue of *material* fact that can controvert the objective data that Uber stores in its ordinary course of business. And it especially cannot do so where Mr. Alemar himself testified that he "had not worked yet" at the time he struck Plaintiff. *See* Williamson Dec., Exh. DD at 11:6. (Alemar Deposition Testimony).

Mr. Alemar was offline from the Uber platform when he struck Plaintiff, and was not providing any transportation services through the platform at that time. Uber has no connection with the facts underlying this lawsuit, and summary judgment should be granted on all claims.

### CONCLUSION

The Court should grant summary judgment for Uber and dismiss all claims against it.

12

Dated: August 4, 2023                    Respectfully submitted,

**DEFENDANT UBER TECHNOLOGIES, INC.**

By:    */s/ Steven G. Williamson*
       Christopher Betke (CB8047)
       Andrew R. Ferguson (AF5154)
       Coughlin Betke LLP
       1330 Avenue of the Americas
       Suite 23A
       New York, NY 10019
       212-653-0380
       cbetke@coughlinbetke.com
       aferguson@coughlinbetke.com

       Steven G. Williamson (pro hac vice)
       PERKINS COIE LLP
       1888 Century Park East, Suite 1700
       Los Angeles, California 90067-1721
       Telephone:  (310) 788-3368
       swilliamson@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2023, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record.


/s/ *Steven G. Williamson*

14