IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shaarille Linzy,<br><br>        Plaintiff,<br><br>v.<br><br>Uber Technologies, Inc.,<br><br>        Defendant. | Case No. 1:21-cv-05097 (ER) (SDA) |

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Dated: August 4, 2023

        **DEFENDANT UBER TECHNOLOGIES, INC.**

By:    */s/ Steven G. Williamson*
        Christopher Betke (CB8047)
        Andrew R. Ferguson (AF5154)
        Coughlin Betke LLP
        1330 Avenue of the Americas
        Suite 23A
        New York, NY 10019
        212-653-0380
        cbetke@coughlinbetke.com
        aferguson@coughlinbetke.com

        Steven G. Williamson (pro hac vice)
        PERKINS COIE LLP
        1888 Century Park East, Suite 1700
        Los Angeles, California 90067-1721
        Telephone:  (310) 788-3368
        swilliamson@perkinscoie.com

Pursuant to Local Rule 56.1, Uber hereby submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment:

1. Uber is a technology company that uses its proprietary technology to develop and maintain digital multi-sided platforms. *See* Declaration of Steven Williamson ("Williamson Declaration"), Exhibit EE, Affidavit of Todd Gaddis at ¶ 3. Uber's multi-sided platforms provide users (both the sellers and buyers) with various services, including matching and payment processing. *See id*. Uber's most well-known and widely-used multi-sided platform is the Rides platform. Riders download the rider version of the Driver App ("Rider App") and drivers download the driver version of the Driver App ("Driver App"); together, the Apps allow users to access the platform that facilitates the connection of individuals in need of a ride with individuals willing to provide transportation services Drivers can only receive trip requests for transportation services after they log into the Driver App via their account. *See id*.

2. A driver must use their account to log in to the Driver App, and there are four different statuses for a driver who uses the Driver App: "available" status (can receive a ride request); "en route" status (en route to pick up rider after trip request was accepted); "on trip" status (transporting a rider after pick up); or "offline" status (not available to receive a ride request in the Driver App). *Id.* at ¶¶ 3–5.

3. Uber maintains information in the regular course of business that shows where a driver is located when they are "online" on the Driver App—i.e. when they are "available," "en route," or "on trip." *Id.* Consequently, Uber is able to tell both the time and GPS location where a driver changes statuses, or goes "online" or "offline." *Id.*

4. On December 5, 2019 at 5:15 p.m., Plaintiff was struck by a car driven by Jose Alemar at 3681 Bruckner Boulevard, the Bronx, NY 10461. *See* Williamson Declaration, Exhibit

FF, Police Report, at UBER 000001.  The incident description states that Mr. Alemar was driving south on Bruckner Boulevard when Plaintiff emerged "from in between two parked buses and [walked] into traffic" which resulted in Mr. Alemar striking her.  *Id.*  The police report does not mention Uber, and does not contain any statements that Mr. Alemar was providing any transportation services on the Uber platform at the time he struck Plaintiff.  *Id.*

5. In connection with this case, Uber pulled Mr. Alemar's account records to determine whether his account was on-app at the time he struck Plaintiff.  Uber searched for any accounts related to Mr. Alemar, using Mr. Alemar's full name, address, driver's license, license plate and VIN for the vehicle he was operating at the time of the accident.  Williamson Declaration, Exhibit EE, at ¶ 8.  Uber's records showed that:

- Mr. Alemar logged "offline" in the Driver App at approximately 11:51 P.M. on December 4, 2019 at the following GPS points: 40.867832 (latitude), - 73.83361 (longitude).

- Mr. Alemar became "available" in the Driver App at approximately 8:26 P.M. on December 5, 2019 at the following GPS points: 40.84411 (latitude), -73.93528 (longitude).

*See id.* at ¶ 9.

6. In other words, Mr. Alemar was offline at the time he struck Plaintiff, and had been offline for 17 hours.  He did not log back in to the Driver App until more than three hours after he struck Plaintiff.  *Id.*

7. Moreover, the location where Mr. Alemar logged in to the Uber App (again, three hours after the incident) was *not* the location of the accident.  The police report lists the location of the accident as 40.852425 (latitude) and -73.82729 (longitude).  *See* Williamson Declaration,

2

Exhibit FF, at UBER 000001. But Mr. Alemar's location when he went online on December 5, 2019 was 40.84411 (latitude), -73.93528 (longitude). Williamson Declaration, Exhibit EE, at ¶ 9. Inputting these coordinates into Google Maps illustrates that these two locations are 7.9 miles away from one another.

8. On the date of the accident, Uber did not own, lease, maintain, control, or operate Mr. Alemar's vehicle. *Id.* at ¶ 11.

Dated: August 4, 2023              Respectfully submitted,

**DEFENDANT UBER TECHNOLOGIES, INC.**

By:    */s/ Steven G. Williamson*
       Christopher Betke (CB8047)
       Andrew R. Ferguson (AF5154)
       Coughlin Betke LLP
       1330 Avenue of the Americas
       Suite 23A
       New York, NY 10019
       212-653-0380
       cbetke@coughlinbetke.com
       aferguson@coughlinbetke.com

       Steven G. Williamson (pro hac vice)
       PERKINS COIE LLP
       1888 Century Park East, Suite 1700
       Los Angeles, California 90067-1721
       Telephone:  (310) 788-3368
       swilliamson@perkinscoie.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2023, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record.

*/s/ Steven G. Williamson*
