**ROSENBAUM & ROSENBAUM, P.C.**
ATTORNEYS AT LAW

100 Wall Street, 15th Floor    New York, NY 10005    Tel 212.514.5007    Fax 212.514.9178    www.rosenbaumnylaw.com

September 14, 2023

Steven Williamson
Perkins Coie, LLP
1888 Century Park E
Suite 1700
Los Angeles, CA 90067

                        Re:    Linzy v. Uber Technologies, Inc.
                                Docket Number: 21-cv-05097
                                Our Client: Shaarille Linzy

Counselors,

      As you know, the undersigned firm represents Plaintiff, Shaarille Linzy ("Linzy"), in the above-referenced matter. It is apparent given the recent Federal and State Court decisions that the proper resolution should be arbitration based upon Uber's numerous applications for the same.

### Arbitration Agreement

By agreeing to the Terms of the Uber Application, Linzy agreed that she is required to resolve any claim-that she may have against Uber on an individual basis in arbitration as set forth in the Arbitration Agreement, and not as a class, collective, coordinated, consolidated, mass and/or representative action. This Arbitration Agreement will preclude Linzy from bringing any class, collective, coordinated, consolidated, mass and/or representative action against Uber, and also preclude Linzy from participating in or recovering relief in any current or future class, collective, coordinated, consolidated, mass and/or representative action brought against Uber by someone else-except as provided below in Section 2(a)(3)(c). Thus, the parties agree the Arbitrator shall not conduct any form of class, collective, coordinated, consolidated, mass and/or representative arbitration, nor join, coordinate, or consolidate claims of multiple individuals against Uber in a single proceeding-except as provided below in Section 2(a)(3)(c). For the avoidance of doubt, except as provided below in Section 2(a)(3)(c), this Arbitration Agreement precludes you from bringing or participating in any kind of class, collective, coordinated, consolidated, mass and/or representative or other kind of group, multi-plaintiff or joint action against Uber, other than participating in a classwide, collective, coordinated, consolidated, mass and/or representative settleelement of claims.

**(a) Agreement to Binding Arbitration Between Linzy and Uber.**
**Covered Disputes:** Except as expressly provided below in Section 2(b), you and Uber agree that any dispute, claim, or controversy in any way arising out of or relating to (i) these Terms and prior versions of these Terms, or the existence, breach, termination, enforcement, interpretation, scope, waiver, or validity thereof; (ii) your access to or use of the Services at any time; (iii) incidents or accidents resulting in personal injury to you or anyone else that you allege occurred in connection with your use of the Services (including, but not limited to, your use of the Uber Marketplace Platform or the driver version of the Uber App), regardless whether the dispute, claim, or controversy occurred or accrued before or after the date you agreed to the Terms, and regardless whether you allege that the personal injury was experienced by you or anyone else; and (iv) your relationship with Uber, will be settled by binding individual arbitration between you and Uber, and not in a court of law. This Arbitration Agreement survives after your relationship with Uber ends.

Pursuant to the terms above to which Linzy agreed, this letter serves as a good faith meet and confer effort, and we respectfully request that you agree to transfer this matter to arbitration at the American Arbitration Association ("AAA"), with a determination on the specific arbitrator(s) to be determined by agreement of the parties or AAA selection. If you do not respond we will assume you are agreeable to this selection.

Pursuant to 9 U.S.C. § 3 and CPLR. § 7503(c), unless you file an application to stay the arbitration within twenty days after service of this notice, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Should you not agree or respond, we will be forced to pursue arbitration and seek recovery of the costs incurred in pursuing any motion. This letter is submitted pursuant to all applicable meet and confer requirements.

Respectfully,

Matthew T. Gammons