UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Shaarille Linzy,                                    **Civil Action No:**
                                                    **1:21-cv-05097 (ER) (SDA)**

                              Plaintiff,


                      - against -


Uber Technologies, Inc.



                              Defendant

-------------------------------------------------------------------X




**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**




                              **Plaintiff Shaarille Linzy**

                              By: */s/ Michael J. Prisco, Esq*
                              The Law Office of Michael James Prisco PLLC
                              187 Veterans Blvd
                              Massapequa, NY 11758
                              (718) 709-9678
                              michaelprisco@mjpesq.com

Counsel to:

Rosenbaum & Rosenbaum, P.C.
Attorneys for Plaintiff
100 Wall Street, 15th Fl.
New York, NY 10005
212-514-5007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT .........................................................................................................1

POINT I .................................................................................................................1

BECAUSE DEFENDANT HAS NOT SHOWN HOW THIS COURT OVERLOOKED CONTROLLING AUTHORITY OR THE FACTS AND MERELY OFFERS THE SAME ARGUMENTS SET FORTH IN THE ORIGINAL MOTION, THIS COURT SHOULD DENY LEAVE FOR RECONSIDERATION ..............................................................................................................................1

POINT II ................................................................................................................9

THIS COURT SHOULD DENY DEFENDANT'S REQUEST FOR CERTIFICATION OF THE ORDER FOR INTERLOCUTORY APPEAL ............9

CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Bellino v. JPMorgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 5454 (S.D.N.Y. 2017) ............ 11

*D'Alessandro v. Carro*, 992 N.Y.S.2d 520 (App. Div. 2014) ........................................................ 12

*Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281 (2d Cir. 1996) .................................................. 10

*Fountain v. Karim*, 838 F.3d 129 (2d Cir. 2016); *Lundberg v. State*, 25 N.Y.2d 467 (N.Y. 1969) ................................................................................................................................................. 13

*Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.)*, 377 B.R. 69 (S.D.N.Y. 2007) .................... 10

*Frederick v. Capital One (USA), N.A.*, 2015 U.S. Dist. LEXIS 164859 (S.D.N.Y. 2015) ........... 14

*Hamm v. United States*, 483 F.3d 135 (2d Cir. 2007) .................................................................. 13

*Hermès Int'l v. Rothschild*, 590 F. Supp. 3d 647 (S.D.N.Y. 2022) ............................................... 12

*Johnson v. Daily News, Inc.*, 34 N.Y.2d 33 (N.Y. 1974) .............................................................. 13

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990) ....................................................... 9

*Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863 (2d Cir. 1996) .................................................... 9

*Lewis v. Clarkstown Police Dep't*, 2014 U.S. Dist. LEXIS 169999 (S.D.N.Y. 2014) ................... 1

*McConnell Dorce v. City of New York*, 2022 U.S. Dist. LEXIS 127145 (S.D.N.Y. 2022) .......... 13

*Michalski v. Home Depot, Inc.*, 225 F.3d 113 (2d Cir. 2000) ................................................. 3, 12

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003) ............................................................................................................... 1

*Rosenberg v. Educ. Credit Mgmt. Corp.*, 2023 U.S. Dist. LEXIS 167914 (S.D.N.Y. 2023) ....... 11

*Uy v. Hussein*, 186 A.D.3d 1567 (N.Y. App. Div. 2020) ..................................................... passim

*Von Kahle v. Cargill, Inc.*, 2023 U.S. Dist. LEXIS 203737 (S.D.N.Y. 2023) .............................. 11

**STATUTES**

28 U.S.C. 1292(b) ................................................................................................................... 9, 10

28 U.S.C. 54(b) ............................................................................................................................ 1

**RULES**

Rule 6.3 of the Local Civil Rules for this District ........................................................................ 2

## ARGUMENT

### POINT I
### BECAUSE DEFENDANT HAS NOT SHOWN HOW THIS COURT OVERLOOKED CONTROLLING AUTHORITY OR THE FACTS AND MERELY OFFERS THE SAME ARGUMENTS SET FORTH IN THE ORIGINAL MOTION, THIS COURT SHOULD DENY LEAVE FOR RECONSIDERATION

Under Rule 54(b), a court may revise "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The underlying decision "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003). This is because the original order or decision is considered to be the "law of the case," which will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated. *Lewis v. Clarkstown Police Dep't*, 2014 U.S. Dist. LEXIS 169999 (S.D.N.Y. 2014).

1

Rule 6.3 of the Local Civil Rules for this District "provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court." *Id*. *4. "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Id*. Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id*. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id*.

I. **THIS COURT CORRECTLY RELIED ON *UY V. HUSSEIN***

This Court did not overlook controlling precedent, and it correctly held that a reasonable jury could conclude that Alemar was in the scope of employment with Uber at the time of the accident. As the Court correctly noted, *Uy v. Hussein*, 186 A.D.3d 1567 (N.Y. App. Div. 2020) is the only intermediate state appellate decision addressing the precise issue at hand, and "[t]he holding of an intermediate appellate

2

state court. . . is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000). On the underlying motion and now, Defendant points to no other intermediate state appellate decision at odds with *Uy* or to other case law to suggest the New York Court of Appeals would reach a different conclusion than was reached in the decision. To the contrary, this Court examined various non-ride share cases issued by the New York Court of Appeals, which indicate that vicarious liability has been imposed against employees involved in collisions while driving outside their regular work hours. In other words, there is no "persuasive data," *Michalski*, 225 F.3d at 116, to suggest that the Second Department was wrong in *Uy* or that the New York Court of Appeals would not follow the *Uy* decision. Thus, this Court did not overlook controlling precedent and was correct to rely upon *Uy*, the only state intermediate appellate decision on point.

## II. THIS COURT DID NOT MISAPPREHEND *UY V. HUSSEIN* OR OVERLOOK THE FACTS

The Court properly applied *Uy* to the facts of this case. In *Uy*, Uber established that the driver logged off the Uber app forty minutes before the accident occurred via an affidavit from the driver as well as from Uber's corporate representative Chad Dobbs. Whether this was established via affidavit providing analysis of Uber's internal data or not was irrelevant to the Court's analysis. Considering the testimony that the driver was not logged into the Uber app when the accident occurred, the New York Appellate Division still held this fact to be insufficient to eliminate all questions of fact as to whether the driver was acting within the scope of his employment with Uber at the time of the accident.

Defendant previously and now again claims this case is different because the affidavit of Todd Gaddis analyzed Uber's records, which showed Alemar may have had the application on but he was not online when the accident occurred. However, Defendant offers no proof, other than speculation, for the claim that the affidavit in *Uy* did not also provide an analysis of Uber's internal data. Regardless, it is irrelevant whether or not the affidavit in *Uy* analyzed Uber's internal data to show the driver was not logged on, because the facts set forth by Uber in both this case and *Uy* are the same, i.e., Uber claims the driver was not logged into the app and capable of

4

accepting rides when the accident occurred. This is a difference without material distinction. This Court made this exact point in the underlying order:

> "Even accepting the accuracy of these distinctions, however, they are not relevant. The *Uy* court did not ask for more evidence that the driver had logged off; it had two affidavits making that fact plain. Instead, the court said that such evidence was not itself sufficient to establish that the driver was outside his scope of employment." (*ECF 65 pg. 12*)

Equally without merit is Defendant's citation to the *Uy* Plaintiff's attorney affirmation submitted in opposition to Uber's cross-motion for summary judgment. For one, Uber did not present the appellate briefs reviewed by the New York Appellate Division, only the affirmation considered by the trial court. Even assuming the identical argument was made, considered, and found persuasive by the Appellate Division – that the diver in *Uy* should be considered to have taken only a temporary break from his work with Uber when the accident occurred – the facts here would be even more compelling to reach the conclusion that Alemar engaged in acts reasonably said to be necessary or incidental to his employment with Uber. Alemar was not taking a break, but rather, had the Uber app on and was waiting to

5

receive "calls" for an Uber ride. Mr. Alemar testified that he had the Uber application on for ten to fifteen minutes before the accident occurred. (*ECF 60-2 pg. 11 lines 18-23 and pg. 12 lines 14-19*). Within this ten to fifteen minute period, Mr. Alemar explained that he stopped his car to wait for a call to come in and because nothing came in, he began to proceed driving his car, ultimately stopping again once the accident occurred. (*ECF 60-2 pg. 11 lines 24-25 and pg. 12 lines 1-13*). Mr. Alemar further explained that for one to begin working for Uber, the application has to be turned on. (*ECF 60-2 pg. 16 lines 9-21*). He continued to explain that in order for him to receive Uber calls, he had to have the Uber app turned on. (*ECF 60-2 pg. 6-21 lines 21-25*). In other words, Mr. Alemar testified that he did more than just have the Uber app on. He had the app on and took the extra step of logging in, as he testified that he was waiting for "calls" and further explained that he could only get "calls" if he had the Uber application on as he did when the accident occurred. To this point, Mr. Alemar precisely testified as follows:

> ***ECF 60-2 pg. 11 lines 24-25 and pg. 12 lines 1-13***
>
> Q: And when you were on the Uber application for ten or 15 minutes prior to the contact with the pedestrian on December 5, 2019, can you describe what exactly you were doing? And by that, sir, I mean, were you – you were on the application, were you waiting – had you been hailed by a potential customer, were you driving around with the application on, or something else?

6

> A: I had just dropped off a friend. I don't know if she was taking the train or bus. I was stopped at Westchester waiting for a call to come in, nothing came in, so I proceeded.
>
> ***ECF 60-2 pg. 12 lines 14-19***
>
> Q: And just so I'm clear. The Uber application was on the whole time for the ten or 15 minutes up until and including the moment your vehicle came in contact with the pedestrian, yes or no?
>
> A: Yes.
>
> ***ECF 60-2 pg. 16 lines 6-21***
>
> Q: Sir, when you were driving for Uber back on December 5, 2019, did Uber require that its application stay on?
>
> A: But I consider that for one to begin working, the application has to be on.
>
> Q: And why is that sir?
>
> A: How am I going to receive calls if the application is not turned on?
>
> Q: Sir, as the application being turned on, was that the only way that you received calls as an Uber driver, back on December 5, 2019?
>
> A: Of course. If not, in what manner am I going to receive calls if the application is not turned on?

In other words, Mr. Alemar did more than just have the Uber app on. His testimony establishes that he engaged the app so as to be capable of receiving "calls" and his testimony that he had yet started working for Uber is because he did not receive a call from an Uber customer before the accident occurred. This is surely more of an

7

overt step in furtherance of Uber's business than the act of an Uber driver taking a forty minute break, as Defendant suggests the Appellate Division found persuasive in *Uy*.

Even assuming Alemar only had the app on but did not take the extra step of logging in so as to be cable of accepting rides - which is contrary to Alemar's testimony - the act of engaging with the app within the short time span preparing to accept rides is surely a more significant step in furtherance of Uber business than a driver who shut the app off completely to take a forty minute break.

In sum, this Court did not overlook the facts or misapply the summary judgment standard of review. The Court acknowledged that "[i]n a case where the burden of proof at trial would fall on the nonmoving party, the moving party can shift the initial burden by pointing to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." (*ECF 65 pg. 5*). On the record before this Court, which included Alemar's deposition testimony, all favorable inferences were properly given to Plaintiff, and the Court correctly held a jury could consider Alemar's testimony and reasonably conclude Alemar was in the scope of employment with Uber. *Uy,* 186 A.D.3d at 1567 (noting that action may be within scope of employment when "the employee is engaged generally in the business of

8

the employer, or if the act may be reasonably said to be necessary or incidental to such employment").

## POINT II
## THIS COURT SHOULD DENY DEFENDANT'S REQUEST FOR CERTIFICATION OF THE ORDER FOR INTERLOCUTORY APPEAL

Contrary to Defendant's position, this Court's holding is not a "dramatic and novel expansion of liability" under New York State law, but rather, a holding merely applying the facts to the binding *Uy* precedent, the only intermediate state appellate decision squarely on point to the facts of the instant case.

Interlocutory appeals are disfavored since "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered . . . [and] although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Because interlocutory appeals are strongly disfavored, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990). In light of these considerations, "[t]he Second Circuit has

9

'repeatedly urged the district courts to exercise great care in making a § 1292(b) certification." *Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.)*, 377 B.R. 69, 73 (S.D.N.Y. 2007); *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281 (2d Cir. 1996) (declaring "we have repeatedly cautioned. . . use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment").

A district court may certify an interlocutory appeal of a non-final order only when the court determines (1) that such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**I. THIS COURT SHOULD NOT CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL BECAUSE THE SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ELEMENT HAS NOT BEEN MET IN THAT THERE IS NO CONFLICTING AUTHORITY ON THE ISSUE PRESENTED AND THE ISSUE IS NOT PARTICULARLY DIFFICULT AND OF FIRST IMPRESSION FOR THE SECOND CIRCUIT**

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Von Kahle v. Cargill, Inc.*, 2023 U.S. Dist. LEXIS 203737 (S.D.N.Y. 2023). "Mere conjecture that courts would disagree on the issue" is insufficient. *Bellino v. JPMorgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 5454 (S.D.N.Y. 2017). Instead, "there must be substantial doubt that the district court's order was correct." *Von Kahle*, 2023 U.S. Dist. LEXIS 203737 at 7. Thus, a party's disagreement with a district court's application of settled law to the particular facts of the case is not enough to show a substantial ground for difference of opinion. *Rosenberg v. Educ. Credit Mgmt. Corp.*, 2023 U.S. Dist. LEXIS 167914 (S.D.N.Y. 2023).

Uber cites no "conflicting authority" on the scope of employment issue. As the Court noted, there is but one decision from New York intermediate appellate court, Uy, which unequivocally decides the issue in Plaintiff's favor. Defendant's

citation to New York State trial court decisions is unavailing, as this Court explained the New York trial courts are "bound to apply the law as promulgated by the Appellate Division within its particular Judicial Department. . ., and where the issue has not been addressed within the Department, [the court] is bound by the doctrine of stare decisis to apply precedent established in another Department, either until a contrary rule is established by the Appellate Division in its own Department or by the Court of Appeals." *D'Alessandro v. Carro*, 992 N.Y.S.2d 520 (App. Div. 2014). Moreover, "[g]ranting interlocutory appeal in every case where a party can cite to a few cases for their position would transform the procedure into a vehicle for a second bite at an appeal wherever there is a difficult issue, a function for which [§ 1292(b) certification] was obviously not intended." *Hermès Int'l v. Rothschild*, 590 F. Supp. 3d 647, 656 (S.D.N.Y. 2022).

Additionally, this Court acknowledged it was not writing on a blank slate, and it was not presented with any "persuasive data," *Michalski,* 225 F.3d at 116, to suggest that the Second Department was wrong in *Uy* or that the New York Court of Appeals would not follow the *Uy* decision. Thus, "[t]he holding [in *Uy* by New York's] intermediate appellate. . . court. . . is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive

12

data that the highest court of the state would decide otherwise. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000).

In turn, Defendant's argument takes issue with this Court's application of the facts to the settled decisional law as set forth in *Uy*, which is insufficient to show a substantial ground for difference of opinion. *McConnell Dorce v. City of New York,* 2022 U.S. Dist. LEXIS 127145 (S.D.N.Y. 2022) (holding there was no substantial difference of opinion because there "is no question that *Twombly* is controlling law" and therefore "[w]hether the factual allegations in the complaint are sufficient under *Twombly* is not a controlling question of law but rather the application of the facts in the complaint to the question of law").

Defendant has also not shown the issue is particularly difficult and of first impression for the Second Circuit. The conceptual groundwork for the legal issue presented - whether a driver is in the course and scope of employment - has not only been laid out by New York's Appellate Division in the rideshare context and the New York Court of Appeals in substantially similar fact patterns, but also by Second Circuit on more than one occasion. *Hamm v. United States*, 483 F.3d 135 (2d Cir. 2007); *Fountain v. Karim*, 838 F.3d 129 (2d Cir. 2016); *Lundberg v. State*, 25 N.Y.2d 467 (N.Y. 1969); *Johnson v. Daily News, Inc.*, 34 N.Y.2d 33 (N.Y. 1974).

13

The legal issue presented here is not nuanced or difficult, but rather, the mere application of facts to long standing principles of New York common law on the issue of vicarious liability. *Frederick v. Capital One (USA), N.A.*, 2015 U.S. Dist. LEXIS 164859 (S.D.N.Y. 2015) (holding [w]hile Plaintiff's FHA argument may be a question of first impression, it is not a "particularly difficult" issue constituting "exceptional circumstances" for certification for interlocutory appeal). Therefore, this Court should deny Defendant's request for certification of the order for interlocutory appeal.

## CONCLUSION

Plaintiff respectfully requests an order denying Defendant leave for reconsideration and certification of the order for interlocutory appeal.

**Plaintiff Shaarille Linzy**

By: */s/ Michael J. Prisco, Esq*
The Law Office of Michael James Prisco PLLC
187 Veterans Blvd
Massapequa, NY 11758
(718) 709-9678
michaelprisco@mjpesq.com

Counsel to:
Rosenbaum & Rosenbaum, P.C.
Attorneys for Plaintiff
100 Wall Street, 15th Fl.
New York, NY 10005
212-514-500

14

*Certificate of Service*

I hereby certify that on **November 29, 2023**, a true and correct copy of the foregoing was served via the Court's electronic filing system upon all counsel of record.


/s/ Michael J. Prisco
_____

15