UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAARILLE LINZY, | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
|     *Defendant.* | ) | 1:21-cv-05097-ER |

**MOTION IN LIMINE FOR AN ORDER CONCERNING SETOFF**

The Plaintiff has settled her lawsuit against Jose Alemar ("Alemar") for alleged injuries arising from the same incident that is also the subject of this lawsuit. Because of the settlement and release, Uber is entitled to a setoff under New York General Obligations Law Section 15-108, and accordingly moves this Court for an order that any claims by the Plaintiff and any resulting verdict for the Plaintiff be reduced by the amount of Plaintiff's settlement with Alemar, or Alemar's equitable share of the damages as determined by the jury.

**I. BACKGROUND**

On April 16, 2021, Uber answered and asserted an affirmative defense that any judgment for the Plaintiff must be reduced under New York General Obligations Law Section 15-108. Doc. 2-2, ¶ 61. On December 2, 2024, the Plaintiff's action in Bronx County Supreme Court, Index No. 23280/2020E against Alemar for alleged injuries arising from the same accident as here was set for trial with the jury slip issued. At the trial assignment part conference, Plaintiff and Alemar agreed to resolve Plaintiff's claims by settlement, and the matter was marked "Closed" and "Settled" by the Court. On December 3, 2024, counsel for Alemar confirmed that the matter had been settled. *See* Appearance Detail, *Linzy vs. Alemar,* Bronx County Supreme Court, Index No. 23280/2020E, (Bx. Cty. Sup. Ct. Dec. 2, 2024), attached hereto as Exhibit A.

1

## II. LEGAL STANDARDS

### A. Effect of release

Under New York General Obligations Law Section 15-108, "[w]hen a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death," it "reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest." The law requires that "non-settling defendants receive credit for the greater of an earlier settling defendant's cash payment and share of responsibility." *Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 109 (S.D.N.Y. 2022) (Rakoff, J.).

## III. ARGUMENT

### A. Alemar has been released

Plaintiff settled with and has or will be releasing Alemar in *Linzy vs. Alemar,* Bronx County Supreme Court, Index No. 23280/2020E. Because Alemar was alleged to be liable in tort to the Plaintiff for the same alleged injury arising out of the same incident at issue in this case, Uber is entitled to the benefit of its pleaded defense of setoff under New York law. Accordingly, the Court should order that any judgment for the Plaintiff must be reduced by the amount of Plaintiff's settlement with Alemar, of which Uber will make a formal proffer, or his equitable share of the damages, as determined by the jury at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court should order that any verdict for the Plaintiff be reduced in accordance with New York General Obligations Law Section 15-108.

                                        Respectfully submitted,
                                        DEFENDANT,
                                        UBER TECHNOLOGIES, INC.
                                        By their attorneys,

                                        /s/ Andrew R. Ferguson
                                        Andrew R. Ferguson (AF5154)
                                        Coughlin Betke LLP
                                        1330 Avenue of the Americas
                                        Suite 23A
                                        New York, NY 10019
                                        212-653-0380
                                        aferguson@coughlinbetke.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on December 16, 2024.

                                        */s/ Andrew R. Ferguson*
                                        Andrew R. Ferguson