# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAARILLE LINZY, | ) | |
|    *Plaintiff,* | ) | |
|    v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
|    *Defendant.* | ) | 1:21-cv-05097-ER |

**MOTION IN LIMINE TO PRECLUDE UNDISCLOSED MEDICAL EXPERT TESTIMONY AND RECORDS**

DEFENDANT,
UBER TECHNOLOGIES, INC.
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com
Monday, December 16, 2024

**TABLE OF CONTENTS**

I. Background ........................................................................................................................ 1

II. Legal Standards ............................................................................................................... 2

    A.       Disclosure of experts ................................................................................................. 2

    B.       Disclosure of damages .............................................................................................. 3

III. Argument ........................................................................................................................ 3

A. The Plaintiff's medical doctors should be precluded from offering expert testimony because the Plaintiff failed to disclose them. ................................................................................... 3

1. The Plaintiff's doctors are not treating doctors and the plaintiff failed to disclose them under Rule 26(a)(2)(B) .................................................................................................................. 3

2. Even if the Plaintiff's experts were somehow treating doctors, they were not disclosed under Rule 26(a)(2)(C) .................................................................................................................. 4

3. Plaintiff should be precluded from attempting to introduce any record not produced in discovery ................................................................................................................................. 6

B. The Plaintiff's medical billing should be precluded because the Plaintiff failed to disclose it. 7

C. If the Court somehow permits the Plaintiff's treating physicians to testify despite their nondisclosure, the Court should allow impeachment evidence ............................................... 8

IV. Conclusion .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**
*Ali v. Connick*, 2016 U.S. Dist. LEXIS 67466, at *7 (E.D.N.Y. May 23, 2016) ........................ 5, 7
*American Transit Insurance Company v. Accelerated DME Recovery, Inc.* et al., Index No. 528649/2024 (Kings Cty. Sup. Ct.) .................................................................................... 9
*Barack v. Am. Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D. Conn. 2013) .................... 5, 6, 7
*Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607-08 (S.D.N.Y. 2004) (Koeltl, J.) ...................... 3, 4
*Foremost Signature Ins. Co. v. Aldenys Torres, et al.*, Index No. 605654/2024, (Nassau Cty. Sup. Ct.) ............................................................................................................................... 8
*Geary v. Fancy*, 2016 U.S. Dist. LEXIS 43786, (W.D.N.Y. Mar. 31, 2016) (Foschio, J.) ............ 5
*Jones v. Sansom*, 2023 U.S. Dist. LEXIS 202170, at *36-39 (D. Conn. Nov. 10, 2023) (Bryant, J.) ......................................................................................................................................... 5, 6
*Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. June 29, 2004) (Treece, J.) ............................................................................................................................................ 6
*Lopes v. Cty. of Suffolk*, 2024 N.Y. Misc. LEXIS 6918, at *5 (Sup. Ct. June 10, 2024) (Farneti, J.) .......................................................................................................................................... 10
*McAfee v. Naqvi*, 2017 U.S. Dist. LEXIS 116539, at *1 (D. Conn. July 26, 2017) (Bryant, J.) .... 5
*Motta v. First Unum Life Ins. Co.*, 2011 U.S. Dist. LEXIS 105524, 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011) ......................................................................................................... 5
*Olutosin v. Gunsett*, 2019 U.S. Dist. LEXIS 189289, at *18 (S.D.N.Y. Oct. 31, 2019) (Roman, J.) .................................................................................................................................... 3, 5, 7
*Roosevelt Road Re, Ltd., et al. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP et al.*, 1:24-cv-06259-VMS, (E.D.N.Y.) .................................................................................... 9, 10
*Union Mutual Fire Insurance Company v. CitiMed Complete Medical Care, P.C. et. al.*, 1:24-cv-06111 (E.D.N.Y.), ................................................................................................................. 9
*Union Mutual Fire Insurance Company, v. Stand Up MRI of Brooklyn, P.C., et al.*, 1:24-cv-06652 (E.D.N.Y.) ..................................................................................................................... 10
*United States v. Abel*, 469 U.S. 45 [83 L. Ed. 2d 450] (1984) ....................................................10
*United States v. Fusco*, 748 F.2d 996 (5th Cir. 1984) ............................................................. 10
*Williams v. Arctic Cat, Inc.*, 2014 U.S. Dist. LEXIS 33090, at *51-52 (N.D.N.Y. Mar. 13, 2014) (McAvoy, J.) ............................................................................................................................ 8
*Zanowic v. Ashcroft,* 2002 U.S. Dist. LEXIS 3857, at *7-8 (S.D.N.Y. Mar. 7, 2002) (Pitman, J.) 4

**Other Authorities**
American Bar Association Section of Litigation, Emerging Problems Under the Federal Rules of Evidence at 161 (3d ed. 1998) ........................................................................................ 11

**Rules**
F.R.C.P. 26 ............................................................................................................................ 1, 5
F.R.C.P. 26 Adv. Comm., 1993 amend. .................................................................................... 5
F.R.C.P. 26(a)(1)(A)(ii) ............................................................................................................. 1
F.R.C.P. 26(a)(1)(A)(iii) .................................................................................................... 1, 3, 8
F.R.C.P. 26(a)(2)(B) ......................................................................................................... 1, 2, 3, 4
F.R.C.P. 26(a)(2)(C) ............................................................................................................ 1, 2, 4
F.R.C.P. 26(a)(3) ...................................................................................................................... 8
F.R.C.P. 26(e) .......................................................................................................................... 8

F.R.C.P. 34 .......................................................................................................................... 1
F.R.C.P. 34(b) ..................................................................................................................... 8
F.R.C.P. 37(c)(1) ................................................................................................................. 8
F.R.E. 608 Notes of Advisory Committee on 2003 Amends ............................................ 10
F.R.E. 608(b) ................................................................................................................ 10, 11
F.R.E. 702 ........................................................................................................................... 4
F.R.E. 703 ........................................................................................................................... 4
F.R.E. 705 ........................................................................................................................... 4
Local Civil Rule 33.3 .......................................................................................................... 1
Ohio R.Evid. 608(b) .......................................................................................................... 11
Rule 26(a)(2) ....................................................................................................................... 5

## MOTION IN LIMINE TO PRECLUDE UNDISCLOSED MEDICAL EXPERT TESTIMONY AND RECORDS

The plaintiff, Shaarille Linzy ("Plaintiff") in this action has not disclosed any experts as required under Federal Rule of Civil Procedure 26. Specifically, she has not disclosed treating medical experts under Rule 26(a)(2)(B) or retained medical experts under Rule 26(a)(2)(C). Further, she has not disclosed medical billing records under Rule 26(a)(1)(A)(iii), and has produced rather limited medical records. Accordingly, the Court should preclude the Plaintiff from presenting any medical expert testimony and medical billing records.

### I. BACKGROUND

On July 11, 2022, Plaintiff served her initial disclosures. In her initial disclosures, Plaintiff did not provide any medical records or bills in support of her claims as required by Fed.R.Civ.P. 26(a)(1)(A)(ii), and did not provide a computation of any category of damages as required by Fed.R.Civ.P. 26(a)(1)(A)(iii). See Initial Disclosures attached hereto as Exhibit A.

On October 7, 2022, Uber served interrogatories as set forth by Local Civil Rule 33.3 and requests for production under Federal Rule of Civil Procedure 34.

On February 8, 2023, Plaintiff responded to the interrogatories under Local Civil Rule 33.3 The Plaintiff responded to the interrogatory seeking the computation of each category of damages in the complaint that physician expenses, medical supplies, x-rays, hospital expenses, and nursing services, "Estimated $75,000 and counting."  See Interrogatory Responses attached hereto as Exhibit B.

On February 9, 2023, the Plaintiff responded to the requests for production. In response to the request for medical records and billing, the Plaintiff provided only authorizations. On February 10, 2023, the Plaintiff produced medical records, but no billing records. The medical records included records of a single visit each for the purposes of "consultation" with Drs. Riaz Ahmad,

1

Mark Goodstein, and Sunil Kukreja of CitiMed; Dr. Ranga Krishna of Westchester Medical Care; Dr. David Stemerman of Stand-Up MRI of the Bronx, P.C.; and Dr. Regina Asaro of Complete Medical Care Services. Plaintiff also produced records reflecting four (4) office visits with Dr. Jason Gallina, one visit at Long Island Jewish Medical Center, one visit to Bronx Lebanon, three office visits with Dr. Gabriel Dassa, six (6) appointments with the office of Sukdeb Datta. M.D., one visit with Dr. Nagendra Shan, M.D., twenty-one (21) visits with Team Rehabilitation Physical Therapy, and records from Fire Department and Jakobi Medical Center from the day of the accident.

On April 19, 2023, Uber timely served its expert disclosure with a corresponding report under Rule 26(a)(2)(B). To date Plaintiff has served no expert disclosures in accordance with Rule 26(a)(2)(B).

On September 27 and October 8, 2024, Uber reiterated its request for supplementation of the Plaintiff's production concerning the Plaintiff's medical bills. To date, the Plaintiff has not made a supplemental production. See Correspondence attached hereto as Ex. C.

## II. LEGAL STANDARDS

### A. Disclosure of experts

Plaintiff cannot present retained expert testimony at trial where it has not been disclosed with a corresponding report under F.R.C.P. 26(a)(2)(B). Plaintiff cannot present non-retained, or treating, medical expert testimony opining on matters outside of her treatment, including but not limited to causation, future care, Plaintiff's alleged degree of permanent impairment, reports of other doctors, or rebuttal of the testimony of Uber's experts, where it has not been disclosed with the subject matter about which the medical expert would testify and a summary of the facts upon which the expert will rely under F.R.C.P. 26(a)(2)(C). *See Olutosin v. Gunsett*, 2019 U.S. Dist.

LEXIS 189289, at *18 (S.D.N.Y. Oct. 31, 2019) (Roman, J.) (precluding treating provider from testifying concerning information or conclusions derived outside of the scope of his treatment).

## B. Disclosure of damages

Under F.R.C.P. 26(a)(1)(A)(iii), the Plaintiff must provide upon initial disclosure: "[a] computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."

## III. ARGUMENT

**A. The Plaintiff's medical doctors should be precluded from offering expert testimony because the Plaintiff failed to disclose them.**

**1. The Plaintiff's doctors are not treating doctors and the plaintiff failed to disclose them under Rule 26(a)(2)(B)**

Plaintiff cannot present retained, instead of treating, medical expert testimony at trial where it has not been disclosed with a corresponding report. F.R.C.P. 26(a)(2)(B). Plaintiff has disclosed no retained medical experts or reports; she cannot offer any retained medical expert testimony.

Uber suspects Plaintiff will seek to call certain treating physicians (specifically Drs. Ahmad, Goodstein, and Kukreja of CitiMed, Dr. Krishna of Westchester Medical Care, Dr. Stemerman of Stand-Up MRI of the Bronx, P.C., and Dr. Asaro of Complete Medical Care Services of NY), as well as purporting to identify their "consultation" reports as medical record exhibits. Uber submits that these doctors were retained for the purposes of litigation, were not treating doctors, and they were never disclosed as experts under Rule 26(a)(2)(B). As such, their testimony and records should be precluded. The records are clear Drs. Ahmad, Goodstein, Kukreja, Krishna, Stemerman and Asaro "did not have an ongoing relationship with the plaintiff as a treating physician." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607-08 (S.D.N.Y. 2004) (Koeltl, J.)

3

(precluding proffered witness claimed to be treating physician for failure to disclose as retained expert under Rule 26(a)(2)(B)). These doctors each examined Plaintiff only one time. These doctors each stated that their findings were based on a single examination, with Drs. Ahmad, Goodstein, and Kukreja of CitiMed, Dr. Krishna of Westchester Medical Care having first seen Plaintiff long after the Plaintiff had filed suit. *Id.* There is no evidence that any of these doctors had examined the Plaintiff before suit was filed, and none were identified in Plaintiff's responses to the interrogatories or requests for production. *See id.* None of the doctors' records disclose a referral from another physician–indeed, Dr. Asaro's records specifically reflect that plaintiff was referred to her attention by Plaintiff's counsel, the Rosenbaum firm. *See Zanowic v. Ashcroft,* 2002 U.S. Dist. LEXIS 3857, at *7-8 (S.D.N.Y. Mar. 7, 2002) (Pitman, J.). Plaintiff saw each doctor a single time, and has not continued to see any of these doctors. *See id.* These doctors are accordingly retained medical experts, not treating medical experts, and they are required to be disclosed under F.R.C.P. 26(a)(2)(B). The Plaintiff never did so.

"The plaintiff has provided no reasonable justification" for her failure to disclose, and so to attempt to proffer such evidence at trial is a "sandbagging" and is prejudicial to Uber. *See Ebewo, supra* at 607. As such, this motion to preclude plaintiff from presenting any such retained expert report testimony should be granted.

**2. Even if the Plaintiff's experts were somehow treating doctors, they were not disclosed under Rule 26(a)(2)(C)**

It bears emphasis that Plaintiff also made no expert disclosures as required under Rule 26(a)(2)(C) for treating medical experts, which provides that if a witness is not required to issue a report, a party still must disclose the subject matter of testimony under Federal Rules of Evidence 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. Even if the Plaintiff's medical experts were treating doctors (which they are not), because

Plaintiff has made no expert disclosures in accordance with Rule 26, any testimony must be limited "solely as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician [and is] limited to the facts [obtained] in Plaintiff's course of treatment." *Olutosin, supra* at *15, *citing Barack v. Am. Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D. Conn. 2013); *Ali v. Connick*, 2016 U.S. Dist. LEXIS 67466, at *7 (E.D.N.Y. May 23, 2016) ("The key to what a treating physician can testify to without being declared an expert is based on his/her personal knowledge from consultation, examination and treatment of the Plaintiff, not from information acquired from outside sources"); *Motta v. First Unum Life Ins. Co.*, 2011 U.S. Dist. LEXIS 105524, 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011) (same).

Plaintiff's failure to make any disclosure concerning these doctors deprives Uber of "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses," does not provide "fair notice of the basis" for the doctors' expected testimony, and does not allow Uber to "prepare [its] defense" against potential expert opinions. *See Olutosin, supra* at *19, *citing* Fed. R. Civ. Proc. 26, Adv. Comm., 1993 amend.; *Geary v. Fancy*, 2016 U.S. Dist. LEXIS 43786, (W.D.N.Y. Mar. 31, 2016) (Foschio, J.); *McAfee v. Naqvi*, 2017 U.S. Dist. LEXIS 116539, at *1 (D. Conn. July 26, 2017) (Bryant, J.). Indeed, the failure to disclose was not harmless, as it deprived Uber of the opportunity to depose these doctors, and, with the impending trial, discovery cannot be reopened. *See Jones v. Sansom*, 2023 U.S. Dist. LEXIS 202170, at *36-39 (D. Conn. Nov. 10, 2023) (Bryant, J.).

Thus, here "[a] treating physician who has not complied with the reporting requirement of Rule 26(a)(2) should therefore not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records." *McAfee, supra* at 11, *citing Barack, supra* at 109; *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. June 29,

5

2004) (Treece, J.). Such a physician "may not introduce information provided by other physicians to whom the Plaintiff may have been referred nor may the doctor present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor." *Id., citing Barack, supra* at 293.

Even if Plaintiff's experts were somehow treating doctors (which they are not), they are not permitted to render opinions outside the course of their treatment. There has been no Rule 26 expert disclosures concerning Dr. Jason Gallina of NYU, Drs. Ahmad, Goodstein, Kukreja of CitiMed, Dr. Krishna of Westchester Medical Care, Dr. Dassa of Bronx Medical, Drs. Datta or Shan of Datta Endoscopic Back Surgery and Pain Center, Dr. Stemerman of Stand-Up MRI or Dr. Asaro of Complete Medical Care Services of NY. Again, the failure to disclose was not harmless, as it deprived Uber of the opportunity to depose the doctors, and, with the impending trial, discovery cannot be reopened. *See Jones, supra,* at *36-39. These doctors should not be permitted to testify or render opinions outside the course of their treatment of the Plaintiff and the reasonable reading of the medical records, including but not limited to causation, future care, Plaintiff's alleged degree of impairment, reports of other doctors, or rebuttal of the testimony of Uber's experts. As such, this Motion to Preclude should be granted.

**3. Plaintiff should be precluded from attempting to introduce any record not produced in discovery**

In discovery, Plaintiff only produced the following records:

- Stand Up MRI (Dr. Stemerman) – 3 imaging studies from 1/28/20

- Saddlebrook Endoscopic & Orthopedic Surgery Center (Dr. Datta) – one procedure from 12/20/20

- Dr. Jason Gallina  - office visits on 9/16/20; 10/21/20; 2/17/21; 6/22/22, and an operative report from 4/6/21;

6

- Westchester Medical Care (Dr. Ranga Krishna) – one visit from 9/30/20

- Bronx Med (Dr. Dassa) – three visits on 12/16/19, 1/24/20 and 2/21/20;

- Datta Endoscopic Back Surgery and Pain Center (Dr,. Datta) – seven visits on dates 2/6/20, 3/5/20, 6/24/20, 7/21/20, 8/4/20, 10/8/20 (Dr. Shen), and 12/22/20;

- Northwell Health/Long Island Jewish Med. Ctr. – one visit on 12/18/19

- Bronx Lebanon – one visit on 7/30/20

- Team Rehabilitaiton Physical Therapy – 21 visits between 9/23/21 and 8/18/22

- CitiMed – 4 visits on 9/9/22 (Dr. Kukreja), 9/13/22 (xray), 11/28/22 (Dr. Goodstein), 12/5/22 (MRI) and 12/19/22 (Dr. Ahmed)

- Complete Medical Care IME (Dr. Asaro) – one visit on 2/18/20

- Fire Department records from 12/5/19

- Jakobi Medical Center from 12/5/19

For the reasons stated above, all of these doctors should be precluded from testifying. However, should the court consider allowing any testimony or records to be introduced at trial, plaintiff must be limited to these records, as that is all she produced, and any testimony must be limited to the four corners of their records. *Olutosin, supra* at *15, *citing Barack, supra* at 109; *Ali , supra* at a *7.

**B. The Plaintiff's medical billing should be precluded because the Plaintiff failed to disclose it.**

To date, Plaintiff has not disclosed any medical bills or, for that matter, any documentation concerning the amount to Plaintiff intends to submit into evidence concerning Plaintiff's alleged special damages. To date, Plaintiff has made no production of the medical billing records in this case. The Plaintiff has not even provided a calculation of the categories of her damages in an initial disclosure, in responses to interrogatories and requests for production, or in responses to requests

7

for supplementation. *See* Exhibits A-C. The Plaintiff has accordingly failed to comply with F.R.C.P. Rule 26(a)(1)(A)(iii) concerning initial disclosures, F.R.C.P. 34(b) concerning responses to requests for production, F.R.C.P. 26(e) concerning supplemental responses, and F.R.C.P. 26(a)(3) concerning pretrial disclosures. Under F.R.C.P. 37(c)(1), a party who fails to make such disclosures is "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Plaintiff's failure is not substantially justified, or justified at all for that matter,–Plaintiff has no reasonable justification for failing to identify her claimed special damages and supporting medical bills prior to the eve of trial despite repeated requests. Plaintiff's failure to disclose was not harmless; it prejudiced Uber, which has been and continues to be deprived of an opportunity to review such medical bills in respect of its defense of this case, including but not limited whether the amounts billed to and claimed by the Plaintiff are reasonable and potentially retain experts to dispute the medical bills. Because Plaintiff has not produced the medical bills and Uber will be prejudiced, the medical bills should be precluded. *See Williams v. Arctic Cat, Inc.*, 2014 U.S. Dist. LEXIS 33090, at *51-52 (N.D.N.Y. Mar. 13, 2014) (McAvoy, J.). As such, this Motion to Preclude should be granted.

Similarly, Plaintiff should be precluded from offering any evidence of future medical billings or treatment given that no disclosures have been made concerning same.

**C. If the Court somehow permits the Plaintiff's treating physicians to testify despite their nondisclosure, the Court should allow impeachment evidence**

Plaintiff's medical providers and medical facilities Lenox Hill, CitiMed, and Stand-Up MRI, PC are named as defendants in *Foremost Signature Ins. Co. v. Aldenys Torres, et al.*, Index No. 605654/2024, (Nassau Cty. Sup. Ct.) in which they are alleged to have conspired with plaintiffs that "staged and/or intentionally caused the automobile incidents contained within this

8

Complaint with the assistance of each other and possible unknown others in a conspiracy to obtain insurance benefits from FOREMOST that the Defendants would not otherwise be entitled to receive" and "that as a result of the intentional acts, the Defendants have made material misrepresentations of fact and false and/or fraudulent statements in the presentation of the claims." *See* Complaint attached hereto as Exhibit D, ¶ 34; ¶ 27. Additionally, in *Roosevelt Road Re, Ltd., et al. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP et al.*, 1:24-cv-06259-VMS, (E.D.N.Y.) (Complaint attached as Exhibit E), CitiMed and Lenox Hill are alleged to "have been involved in the medical treatment of numerous Claimants involving purported construction work injuries in furtherance of the Fraud Scheme" by "a) evaluating and performing surgeries that were not medically necessary and/or not causally related to the alleged accidents; b) evaluating and providing injections that were not medically necessary and/or not causally related to the alleged accidents; and c) providing radiological and imaging diagnostics and MRI reports identifying purported positive findings without correlation to degenerative conditions and providing inaccurate findings of the Claimants' conditions" and providing "fraudulent medical documentation by mail, facsimile and/or email to other medical service providers knowing that the fraudulent medical documentation would be used or relied upon to render additional medical services that were unnecessary, excessive, unwarranted and/or costly and were not causally related to the alleged workplace accident." Compl., ¶¶ 217, 255-6, 218. In *Union Mutual Fire Insurance Company v. CitiMed Complete Medical Care, P.C. et. al., 1:24-cv-06111 (E.D.N.Y.)*, similar claims were lodged against *CitiMed.* (Complaint attached as Exhibit F). Furthermore, in *American Transit Insurance Company v. Accelerated DME Recovery, Inc.*, Index No. 528649/2024 (Kings Cty. Sup. Ct.) (Complaint attached as Exhibit G), Dr. Jason Gallina is alleged to have submitted billing for injuries that "were not causally related to the collision" and "represents an opportunistic

9

and materially insubstantial incident" where there was no objective evidence of injury causation. Compl. ¶ 23. Finally, in *Union Mutual Fire Insurance Company, v. Stand Up MRI of Brooklyn, P.C., et al.,* 1:24-cv-06652 (E.D.N.Y.) (Complaint attached as Exhibit H), Plaintiff's medical provider Stand-Up MRI was alleged to have "orchestrated a scheme ("Fraud Scheme") to defraud Plaintiff and others by creating and using fraudulent diagnoses and medically unnecessary and excessive healthcare services to submit claims for reimbursement for services rendered." Compl. ¶ 15.

If the Plaintiff's undisclosed medical doctors are somehow permitted to testify, the Court should allow Uber to inquire and impeach these physicians as to these underlying allegations. *See Lopes v. Cty. of Suffolk*, 2024 N.Y. Misc. LEXIS 6918, at *5 (Sup. Ct. June 10, 2024) (Farneti, J.) (permitting credibility impeachment inquiry into allegations of *Roosevelt Road Re, Ltd., supra*); *see also* F.R.E. 608(b) (the court may, on cross-examination, allow extrinsic evidence to be inquired into if it is probative of the character for truthfulness or untruthfulness of the witness). Equally, Uber should be permitted to inquire into the allegations of these lawsuits –embracing schemes of insurance fraud, staged accidents, fake diagnoses, and medically unnecessary surgeries–concerning in respect of the providers' bias, competency, and contradiction. *See* F.R.E. 608 Notes of Advisory Committee on 2003 Amends. (extrinsic evidence admissible if offered to show bias, competency, and contradiction where the rule ""The Rule has been amended to clarify that the absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness. *See United States v. Abel*, 469 U.S. 45 [83 L. Ed. 2d 450] (1984); *United States v. Fusco*, 748 F.2d 996 (5th Cir. 1984) (Rule 608(b) limits the use of evidence "designed to show that the witness has done things, unrelated to the suit being tried, that make him more or less believable per se"); Ohio R.Evid.

10

608(b). On occasion Rule 608's use of the overbroad term "credibility" has been read "to bar extrinsic evidence for bias, competency and contradiction impeachment since they too deal with credibility." American Bar Association Section of Litigation, Emerging Problems Under the Federal Rules of Evidence at 161 (3d ed. 1998). The amendment conforms the language of the Rule to its original intent, which was to impose[s] an absolute bar on extrinsic evidence **only** if the **sole** purpose for offering the evidence was to prove the witness' character for veracity.") (emphasis added).

The nature of the conduct at issue in the above-referenced lawsuits goes directly to the heart of the overall bias and of these doctors, as well as the credibility and competency of their actual medical treatment, decisions, and motivations. The above-referenced lawsuits are in the public domain and are obviously full known to these doctors. Not only can Plaintiff not lay claim to any legitimate claim of unfair prejudice, but the Defendant will be unfairly prejudiced absent cross-examination into these serious issues concerning these doctors' bias and competency.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Preclude the Plaintiff from presenting undisclosed medical expert testimony and medical billing records should be granted.

>Respectfully submitted,
>DEFENDANT,
>UBER TECHNOLOGIES, INC.
>By their attorneys,
>
>/s/ Andrew R. Ferguson
>Andrew R. Ferguson (AF5154)
>Coughlin Betke LLP
>1330 Avenue of the Americas
>Suite 23A
>New York, NY 10019
>212-653-0380
>aferguson@coughlinbetke.com

11

## CERTIFICATE OF SERVICE

  I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on December 16, 2024.

                */s/ Andrew R. Ferguson*
                Andrew R. Ferguson