UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAARILLE LINZY, ) | |
| *Plaintiff,* ) | |
| v. ) | |
| UBER TECHNOLOGIES, INC., ) | |
| *Defendant.* ) | 1:21-cv-05097-ER |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT
CONCERNING PLAINTIFF'S LUMBAR SPINE SURGERY**

On April 6, 2021, Dr. Gallina performed a lumbar hemilaminotomy surgery ("surgery") on the plaintiff Shaarille Linzy ("Plaintiff"). However, Dr. Gallina's records fail to establish that the surgery was proximately caused by the December 5, 2019, incident that is the subject of this lawsuit. Accordingly, Uber moves to preclude the presentation of evidence or argument concerning the Plaintiff's April 6, 2021, surgery performed by Dr. Gallina.

**I. BACKGROUND**

On December 5, 2019, the date of the incident in this case, Plaintiff presented to Jacobi Medical Center, where she was treated for complaints of pain to her right hip and left face and discharged the same day. On December 6, 2019, she presented to Long Island Jewish Hospital, where she was assessed for complaints of back pain. She was given a lumbar x-ray that found no fractures or dislocations, and all vertebral bodies and disc spaces intact, and a "normal lumbar spine."

On September 16, 2020, Plaintiff presented to Dr. Jason Gallina, an orthopedic surgeon, complaining of back pain. Dr. Gallina summarized Plaintiff's history of present illness as follows:

> This is a very nice patient who is involved in a motor vehicle accident on 12/5/2019. They were taken to the emergency room at Jacoby Medical Center, where they were evaluated and treated. They're complaining of low back pain with the right greater than left radiating leg pain. This is associated with numbness and paresthesia

1

> down the leg. They've been treated with oral pain, medications, physical therapy, acupuncture, chiropractic care. They've been treated with lumbar epidural injections. They have received a total of one injections. These injections gave them temporary transient relief of their pain, but their pains return. They are also complaining with neck pain with right greater than left radiating arm pain. This is associated with numbness and parasthesias down the arm. They've been treated with oral pain, medications, physical therapy, acupuncture, chiropractic care.   See Ex. A.

Dr. Gallina assessed the Plaintiff to have lumbar disc herniation at L4-5 and proposed the following plan of care: "In terms of lumbar spine she has failed conservative treatment, consisting of physical therapy, anti-inflammatory medications, pilates, and/or yoga. The patient is to obtain x-rays of their lumbar spine. They have failed one L–ESI thus far with transient relief of symptoms. I am recommending a left sided L4 – L5 hemilaminotomy." On October 21, 2020, and February 17, 2021, the Plaintiff presented again to Dr. Gallina, who recited the same history of present illness, assessment, and plan. Id.

On April 6, 2021, Dr. Gallina performed the surgery on the Plaintiff. His operative report stated in respect of his findings: "This is a very nice patient who is complaining of radiating leg pain that had failed all nonoperative management. It was mutually decided that surgical intervention was the best option at this point. All risks and benefits of the surgery were explained to the patient and the patient wished to proceed with the surgery." See Ex. B. According to the documents produced by Plaintiff in discovery, Plaintiff had one post-surgery follow up with Dr. Gallina on June 22, 2022. See Ex. C.

Plaintiff did not disclose any additional records or reports from Dr. Gallina other than what is attached hereto as Exs. A, B & C.

Plaintiff has not disclosed Dr. Gallina as an expert as required by Fed. R. Civ. P. 26(b)(2). As can be seen from Dr. Gallina's reports, he does not make any statements or references whatsoever to any causal link between the December 5, 2019, incident and Plaintiff's surgery.

## II. LEGAL STANDARDS

### A. Injury causation

"[A] plaintiff is required to present competent, non-conclusory expert evidence sufficient to support a finding, not only that the alleged injury is serious within the meaning of Insurance Law § 5102(d), but also that the injury was proximately **caused** by the accident at issue." *Welch v. Ayala*, 2023 U.S. Dist. LEXIS 149424, at *18 (S.D.N.Y. Aug. 22, 2023) (Buchwald, J) (emphasis original), *quoting Carter v. Full Serv., Inc.,* 815 N.Y.S.2d 41 (1st Dep't 2006).

## III. ARGUMENT

### A. Dr. Gallina's records fail to establish that the surgery was proximately caused by the December 5, 2019, incident

It bears emphasis that Dr. Gallina, the Plaintiff's surgeon, is the only person who could testify that the surgery he performed on the Plaintiff was proximately caused by the incident in this case. He has not. Dr. Gallina does not state any causal connection between the incident that the Plaintiff reported to him, the injuries with which he diagnosed her, and the surgery that he later performed on her. The Plaintiff has failed to present **any evidence whatsoever** that the surgery Dr. Gallina performed was proximately caused by the subject incident, let alone competent, non-conclusory, properly-disclosed expert evidence of same. Since Dr. Gallina has not been disclosed as an expert, the Plaintiff must be precluded from presenting evidence or argument concerning Dr. Gallina's surgery.

Dr. Gallina fails to articulate even a conclusion that his surgery was causally related to the accident, let alone a sufficient explanation of such a conclusion. *See, e.g. Cummins v. U.S. Xpress, Inc.*, 2009 U.S. Dist. LEXIS 26504, *4 (S.D.N.Y. Mar. 30, 2009) (Gardephe, J.), *quoting Carter, supra* at 41; *Rhone v. United States*, 2007 U.S. Dist. LEXIS 83322, *9 (S.D.N.Y. Nov. 9, 2007)

(Leisure, J.) (same). The Court should accordingly preclude evidence or argument concerning the Plaintiff's surgery performed by Dr. Gallina, for which there is no foundation.

**IV. CONCLUSION**

For the foregoing reasons, the motion to preclude evidence or argument concerning the Plaintiff's surgery should be granted.

        Respectfully submitted,
        DEFENDANT,
        UBER TECHNOLOGIES, INC.
        By their attorneys,

        /s/ Andrew R. Ferguson
        Andrew R. Ferguson (AF5154)
        Coughlin Betke LLP
        1330 Avenue of the Americas
        Suite 23A
        New York, NY 10019
        212-653-0380
        aferguson@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on December 16, 2024.

        */s/ Andrew R. Ferguson*
        Andrew R. Ferguson