UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAARILLE LINZY, ) | |
|    *Plaintiff,* ) | |
| v. ) | |
| UBER TECHNOLOGIES, INC., ) | |
|    *Defendant.* ) | 1:21-cv-05097-ER |

Defendant UBER TECHNOLOGIES, INC. (hereinafter "Uber"), by its attorneys, Coughlin Betke LLP, respectfully requests that the following charges be given to the jury during the first phase of the trial of this action:

Plaintiff claims that Defendant's negligence caused an automobile incident on December 5, 2019. Therefore, the common law of New York applies, and the proposed jury charges below are based on the Pattern Jury Instructions utilized by the State courts of New York.[1] Uber reserves the right to add or modify the charges depending on the proof that Plaintiff puts in and on the claims the Court ultimately permits to go to the jury.

I. *Charges Prior to Trial*

    PJI 1:1     :     Introduction to Jury

    PJI 1:2     :     Parties – Plaintiffs / Defendants

    PJI 1:2B    :     Split Trial – Liability

    PJI 1:3     :     Openings and Evidence

    PJI 1:4     :     Objections, Motions, Exceptions

    PJI 1:5     :     Summations

---

[1] Uber will provide the Pattern Jury Instructions in full upon the request of the Court.

| | | |
|---|---|---|
| PJI 1:6 | : | Function of Court and Jury |
| PJI 1:7 | : | Consider Only Competent Evidence |
| PJI 1:7A | : | Impartiality |
| PJI 1:7B | : | Fair Juror and Absence of Implicit or Unconscious Bias |
| PJI 1:8 | : | Weighing Testimony |
| PJI 1:9 | : | Conduct During the Time you Serve as a Juror |
| PJI 1:0 | : | Do Not Visit or View Scene |
| PJI 1:11 | : | Discussion Among Jurors – Keep an Open Mind – Independent Research |
| PJI 1:12 | : | Discussion with or by Others |
| PJI 1:13 | : | Conversation with Parties, Attorneys or Witnesses |
| PJI 1:13A | : | Juror Concerns |
| PJI 1:13B | : | Alternate/Additional Jurors |
| PJI 1:13D | : | Juror Note Taking |
| PJI 1:14 | : | Conclusion |

II. *Charges After Trial*

| | | |
|---|---|---|
| PJI 1:20 | : | Introduction |
| PJI 1:21 | : | Review Principles Stated |
| PJI 1:22 | : | Falsus in Uno |
| PJI 1:23 | : | Burden of Proof |
| PJI 1:24 | : | Return to Courtroom |
| PJI 1:25 | : | Consider Only Testimony and Exhibits |
| PJI 1:25A | : | Juror's Use of Professional Expertise |
| PJI 1:25B | : | Juror Note Taking |

| | | |
|---|---|---|
| PJI 1:25C | : | General Instruction - Interested Witness – Generally |
| PJI 1:26 | : | General Instructions – Special Verdicts & General Verdicts Supported by Written Interrogatories |
| PJI 1:27 | : | Exclude Sympathy |
| PJI 1:27A | : | Fair Juror and Absence of Implicit or Unconscious Bias |
| PJI 1:28 | : | Jury Function |
| PJI 1:55 | : | Admissions by a Party – By Statement |
| PJI 1:60 | : | Burden of Proof – When Burden Differs on Different Issues |
| PJI 1:75.1 | : | Failure to Produce Party (If any party does not testify) |
| PJI 1:94 | : | Use of Pre-Trial Deposition Upon Trial |
| PJI 1:95 | : | General Verdict |
| PJI 2:235 | : | Liability for the Conduct of Another – Employer-Employee – Scope of Employment (as modified) |

The plaintiff in this case brought claims against Uber. By these claims, plaintiff seeks to hold Uber responsible for the negligent acts and omissions of Jose Alemar, whom plaintiff alleges to have been Uber's employee. An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. Uber denies that Mr. Alemar was ever its employee and maintains that he was at all times an independent contractor responsible for his own actions.

Your first must decide if Mr. Alemar was online in the Driver Version of the Uber App ("Driver App") and available to receive ride requests on the Uber platform at the time of the incident. Mr. Alemar cannot potentially be Uber's employee if he is not online and not available to receive ride requests on the Uber platform. In this case, you have heard testimony about how drivers use the Driver App to connect with riders and how drivers like Mr. Alemar must go online in the Driver App to receive and accept ride requests. Thus, before you determine whether Mr. Alemar was

acting in the scope of his alleged employment with Uber, you first must determine whether Mr. Alemar was online in the Driver App and available to receive ride requests on the Uber platform at the time of the incident. If you find that Mr. Alemar was not online in the Driver App and not available to receive ride requests on the Uber platform at the time of the incident, your finding will be that Mr. Alemar was not acting in the scope of his alleged employment, and thus that Uber is not responsible for Mr. Alemar's actions. In deciding whether Mr. Alemar was online in the Driver App, you may consider the following factors:

- When did the incident occur;

- Whether Uber maintained data regarding when Mr. Alemar was online or offline in the Driver App;

- Whether Uber's data shows that Mr. Alemar was online at the time of the incident.

- When was Mr. Alemar last online before the incident, according to Uber's data;

- When did Mr. Alemar next go online after the incident, according to Uber's data;

- Whether Mr. Alemar was available to receive a ride request through the Uber platform at the time of the incident.

- Whether Mr. Alemar had accepted a ride request at the time of the incident.

- Whether Mr. Alemar was transporting a rider after pickup at the time of the incident.

If, on consideration of the evidence as a whole, you find that Mr. Alemar was not online and not available to receive ride requests on the Uber platform at the time of the incident, then your finding will be that Mr. Alemar was not acting in the scope of his alleged employment at the time of the incident, and thus that Uber is not responsible for Mr. Alemar's actions. If, however, you find that Mr. Alemar was online in the Driver App and was available to receive ride requests on the Uber platform, then your finding will be that Mr. Alemar was acting in the scope of his alleged employment with Uber.

Uber reserves the right to amend or supplement these requested charges depending on the proof adduced at trial.

Respectfully submitted,

DEFENDANT,
UBER TECHNOLOGIES, INC.
By their attorneys,

/s/ Andrew R. Ferguson
Andrew R. Ferguson (AF5154)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on December 16, 2024.

*/s/ Andrew R. Ferguson*
Andrew R. Ferguson