UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SHAARILLE LINZY, )
    *Plaintiff,* )
v. )
UBER TECHNOLOGIES, INC., )
    *Defendant.* )     1:21-cv-05097-ER

**REQUEST TO CHARGE PHASE TWO**

Defendant UBER TECHNOLOGIES, INC. (hereinafter "Uber"), by its attorneys, Coughlin Betke LLP, respectfully requests that the following charges be given to the jury during the second phase of the trial of this action:

Plaintiff claims that Defendant's negligence caused an automobile incident on December 5, 2019. Therefore, the common law of New York applies, and the proposed jury charges below are based on the Pattern Jury Instructions utilized by the State courts of New York.[1] Uber reserves the right to add or modify the charges depending on the proof that Plaintiff puts in and on the claims the Court ultimately permits to go to the jury.

    I.    *Charges Prior to Trial*

        PJI 1:1    :    Introduction to Jury

        PJI 1:2    :    Parties – Plaintiffs / Defendants

        PJI 1:2B    :    Split Trial – Liability

        PJI 1:3    :    Openings and Evidence

        PJI 1:4    :    Objections, Motions, Exceptions

---

[1] Uber will provide the Pattern Jury Instructions in full upon the request of the Court.

PJI 1:5     :   Summations

PJI 1:6     :   Function of Court and Jury

PJI 1:7     :   Consider Only Competent Evidence

PJI 1:7A    :   Impartiality

PJI 1:7B    :   Fair Juror and Absence of Implicit or Unconscious Bias

PJI 1:8     :   Weighing Testimony

PJI 1:9     :   Conduct During the Time you Serve as a Juror

PJI 1:0     :   Do Not Visit or View Scene

PJI 1:11    :   Discussion Among Jurors – Keep an Open Mind – Independent Research

PJI 1:12    :   Discussion with or by Others

PJI 1:13    :   Conversation with Parties, Attorneys or Witnesses

PJI 1:13A   :   Juror Concerns

PJI 1:13B   :   Alternate/Additional Jurors

PJI 1:13D   :   Juror Note Taking

PJI 1:14    :   Conclusion

II.   *Charges After Trial*

PJI 1:20    :   Introduction

PJI 1:21    :   Review Principles Stated

PJI 1:22    :   Falsus in Uno

PJI 1:23    :   Burden of Proof

PJI 1:24    :   Return to Courtroom

PJI 1:25    :   Consider Only Testimony and Exhibits

PJI 1:25A   :   Juror's Use of Professional Expertise

| | | |
|---|---|---|
| PJI 1:25B | : | Juror Note Taking |
| PJI 1:25C | : | General Instruction - Interested Witness – Generally |
| PJI 1:26 | : | General Instructions – Special Verdicts & General Verdicts Supported by Written Interrogatories |
| PJI 1:27 | : | Exclude Sympathy |
| PJI 1:27A | : | Fair Juror and Absence of Implicit or Unconscious Bias |
| PJI 1:28 | : | Jury Function |
| PJI 1:55 | : | Admissions by a Party – By Statement |
| PJI 1:60 | : | Burden of Proof – When Burden Differs on Different Issues |
| PJI 1:75.1 | : | Failure to Produce Party (If any party does not testify) |
| PJI 1:94 | : | Use of Pre-Trial Deposition Upon Trial |
| PJI 1:95 | : | General Verdict |
| PJI 2:10 | : | Common Law Standard of Care – Negligence Defined – Generally |
| PJI 2:12 | : | Foreseeability – Generally |
| PJI 2:36 | : | Comparative Fault |
| PJI 2:36.1 | : | Comparative Fault – Supplemental Instruction |
| PJI 2:77 | : | MVAs – Duty Towards Other Motorists, In General (as to Mr. Alemar only) |
| PJI 2:255 | : | Liability for the Conduct of Another – Independent Contractor – General Rule (as modified) |

The plaintiff in this case brought claims against Uber. By these claims, plaintiff seeks to hold Uber responsible for the negligent acts and omissions of Jose Alemar, whom plaintiff alleges to have been Uber's employee. Uber denies that Mr. Alemar was ever its employee and maintains that he was at all times an independent contractor responsible for his own actions. In order to evaluate this claim, therefore, you will need to assess the nature of the relationship between Mr. Alemar and Uber.

Whether Mr. Alemar was Uber's employee or instead was an independent contractor is a question for you to decide after considering all the facts and circumstances of the case. An independent contractor is one who was hired to perform services for another, according to his or her own skill and judgment as to the manner or method of performance, free from the control and direction of the person for whom the services are being performed in all matters connected with the manner or method of performance, except as to when and where, in general, it should be done and the result or product of the work. If you find that Mr. Alemar was free from control or direction by Uber as to the manner or method of performing the work even if Uber was concerned with whether the final result of the work was satisfactory, your finding will be that he was an independent contractor for whose conduct Uber is not responsible. In deciding whether Mr. Alemar was Uber's employee or an independent contractor, you may consider the following factors:

- Was Mr. Alemar free to do work for other persons or entities in addition to Uber;
- Was Mr. Alemar paid by the trip
- Were deductions taken from amounts paid by Mr. Alemar to Uber for withholding taxes and social security;
- Whether Mr. Alemar received a 1099 from Uber;
- Who owned the car Mr. Alemar drove;
- Who maintained the commercial automobile liability insurance required by the TLC for Mr. Alemar's vehicle;
- Who determined how often and when Mr. Alemar drove;
- Who determined where Mr. Alemar drove;
- Whether Mr. Alemar had a supervisor;
- Whether Mr. Alemar had to request days off;
- That Mr. Alemar paid a service fee to Uber for trip leads obtained via her use of the Uber App;
- That Mr. Alemar used his own cell phone to access the Uber App;
- That Mr. Alemar paid for his own cell phone plan for the phone he used to access the Uber App;
- That Mr. Alemar and Uber entered into an agreement, the Technology Services Agreement ("TSA"), wherein both parties agreed that Mr. Alemar was to be considered an independent contractor;

- Who under the TSA was to decide, and who in fact made the decisions concerning the methods, means or procedures of accomplishing the work as distinct from what work there was to do or whether the final result of the work was satisfactory;

- Whether one or both parties reserved the right to end the TSA at any time.

No one of these factors is decisive, nor is the written contract between Mr. Alemar and Uber conclusive of the question. As I mentioned, if, on consideration of the evidence as a whole, you find that Mr. Alemar was subject to the direction and control of Uber as to the manner or method of performing the work, your finding will be that he was an employee of Uber. If, however, you find that Mr. Alemar was free from control or direction by Uber as to the manner or method of performing the work, even if Uber was concerned with whether the final result of the work was satisfactory, your finding will be that he was an independent contractor for whose conduct Uber is not responsible.

PJI 2:277       :       Damages – General (as modified)

**My charge to you on the law of damages must not be taken as a suggestion that you must find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant. If you decide that the Plaintiff is not entitled to recover from the Defendant, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.**

**If you find that the Plaintiff is entitled to recover from the Defendant, you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries and disabilities she sustained.**

PJI 2:277A      :       Damages – Comment by Counsel During Closing Remarks

PJI 2:88D       :       No Fault Law – Serious Injury – Permanent Total loss of Use of Body Organ, Member, Function or System

PJI 2:88E       :       No Fault Law – Serious Injury – Permanent Consequential Limitation of Use of Body Organ or Member

PJI 2:88F       :       No Fault Law – Serious Injury – Significant Limitation of Use of Body Function or System

PJI 2:88G       :       No Fault Law – Serious Injury – Non-Permanent Medically Determined Injury That Prevents Performance of Usual and Customary Daily Activities For 90 of 180 Days Immediately Subsequent to Injury

  PJI 2:280 : Damages – Personal Injury – Pain and Suffering

  PJI 2:301 : Damages – Personal Injury – Collateral Sources – Itemized Verdict (modified)

  **If you decide for the plaintiff on the question of liability, you must next consider past and future damages, including an award for past and future pain and suffering, if any. Based upon the evidence you may also include an award for each of the following items, separately divided into amounts intended to compensate the plaintiff for damages incurred before your verdict and amounts intended to compensate the plaintiff for damages to be incurred in the future: If you make an award for any item of damages to be incurred in the future, then for each such item, you must state the period of years over which the amount awarded is intended to provide compensation and the amount you fix must represent the full amount awarded to plaintiff for that item of damage for that future period without reduction to present value**.

  **Your verdict will include answers to the following questions which will be submitted to you in writing**:

  **(1) State separately the amount awarded for the following items of damages, if any, from the time of the occurrence up to the date of your verdict**:
    **(a) Pain and suffering up to the date of your verdict**.

  **If you decide not to make an award, you will insert the word "none" as to that item**.

  **(2) State separately the amount awarded for the following items of damages, if any, to be incurred in the future**:
    **(a) Pain and suffering, including the permanent effect of the injury, from the time of verdict to the time that plaintiff could be expected to live**.

  **Plaintiff may not recover for any expense that was paid by defendant or for any services that were provided free of charge.**

  **If you decide not to make an award as to any item, you will insert the word "none" as to that item**.

  **(3) If you do decide to award any amounts intended to compensate the plaintiff for damages to be incurred in the future, then for each item for which an award is made, state the period of years over which such amounts are intended to provide compensation. For any item for which an award is not made, you will insert the word "none" as to that item**.

  Uber reserves the right to amend or supplement these requested charges depending on the

proof adduced at trial.

Respectfully submitted,
DEFENDANT,
UBER TECHNOLOGIES, INC.
By their attorneys,

<u>/s/ Andrew R. Ferguson</u>
Andrew R. Ferguson (AF5154)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on December 16, 2024.

*/s/ Andrew R. Ferguson*

Andrew R. Ferguson