UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAARILLE LINZY, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| *Defendant.* | ) | 1:21-cv-05097-ER |

**MOTION IN LIMINE FOR ADMISSION OF JACOBI MEDICAL RECORDS**

Immediately after the incident that is the subject of this case, Plaintiff was transported to Jacobi Medical Center, where she stated to triage emergency medicine doctor Elizabeth Patterson, MD that she was "running across the street to catch the bus, saw a car coming but didn't stop and neither did the car":

```
Note Initiated: 12/05/2019 at 7:33 PM

Chief Complaint:
Chief Complaint
Patient presents with
  • Jaw Pain
      s/p pedestrian struck by car, + LOC, c/o pain to jaw and Rt hip
  • Hip Pain

History of Present Illness:
HPI
31F PMH HTN presenting as ped struck. +LOC. States she was running across the street to catch the bus,
saw a car coming but didn't stop and neither did the car. Complaining of pain in her right hip, left face and left
jaw. Unable to ambulate after the event.

A: airway intact, speaking in full sentences
B: bilateral breath sounds
C: 2+ pulses in all 4 extremities, initial vitals below
D: moving all extremities, pupils equal and reactive, GCS 15
E: back and axillae exposed, no further injuries noted
```

Doc. 120 at 8 ("Jacobi Records").[1] The Plaintiff's statement further included complaints of pain in right hip, left face, and left jaw. *Id.* The Plaintiff's statements in the medical record are party

---

[1] Plaintiff's counsel told counsel for Uber on January 8, 2025 that plaintiff intended to object to the admissibility of this portion of the Jacobi record.

1

admissions under FRE 801(d)(2), the medical record is admissible as a business record under FRE 803(6), and the Plaintiff's statements concerning the cause of Plaintiff's injury and how it occurred are admissible as statements pertaining to medical treatment under FRE 803(4). Even if the records and statement were not somehow admissible under FRE 803, they would be admissible as extrinsic evidence of the Plaintiff's prior inconsistent statement under FRE 613(b). The motion to admit the Jacobi Records should be granted.

## I. LEGAL STANDARDS

### A.     Admissibility of party admissions

Under FRE 801(d)(2), a statement is not hearsay if "offered against an opposing party and was made by the party in an individual or representative capacity."

### B.     Admissibility of medical records as a business record

Under FRE 803(6), a record of an act, condition, opinion or diagnosis is not excluded by the rule against hearsay if "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity". "[A]ll these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." F.R.E. 803(6).

### C.     Admissibility of statements in medical records pertaining to treatment

Under FRE 803(4), a statement is excluded from the rule against hearsay if it is: "A) is made for — and is reasonably pertinent to — medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause."

**D.      Admissibility of extrinsic evidence of prior inconsistent statement**

Under FRE 613(b), the Court may admit extrinsic evidence of a witness' prior inconsistent statement after the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it.

**II. ARGUMENT**

**A.      The Jacobi Records are admissible as a party admission**

As an initial matter, it bears emphasis that the Plaintiff's statement "She states she was running across the street to catch the bus, saw a car coming but didn't stop and neither did the car" is admissible non-hearsay as a party admission under Rule 801(d)(2). The statement was made by the Plaintiff, in her individual capacity, and is offered against her in the action. *See* FRE 801(d)(2).

**B.      The Jacobi Records are admissible business records because they are certified**

The Jacobi Records are admissible business records in this case, because they are certified to meet the business records exception under FRE 803(6). *See Sepulveda v. City of New York*, No. 15-cv-5187, 2020 U.S. Dist. LEXIS 95649, 2020 WL 2836952, at *7 n.3 (E.D.N.Y. May 29, 2020) (Mauskopf, J.); FRE 902(11) (conditions of admissibility shown by certification); *see also* CPLR § 4518 (New York certification statute). Uber has submitted the records with the certification the documents are business records as provided by the Rule, Doc. 120, and further that it will subpoena the custodian of the records to testify as to as to the records' satisfaction of the requirements of the business records exception. *See Europe v. Equinox Holdings, Inc.*, 2023 U.S. Dist. LEXIS 74822, at *1-3 (S.D.N.Y. Apr. 25, 2023) (Koeltl, J.). The motion to admit the Jacobi Records should be granted.

**C.   The plaintiff's statements in the Jacobi Records are admissible for the truth of the matter asserted because they concern medical treatment**

The doctor's record of Plaintiff's statement however, is admissible hearsay as a statement made for diagnosis or treatment. *See Congemi v. Wal-Mart Stores E., LP*, 2021 U.S. Dist. LEXIS 169170, at *19-21 (S.D.N.Y. Sep. 7, 2021) (Roman, J.) (hospital record that plaintiff "patient reports being injured earlier today when she was walking outside and tripped over her boots and fell" admissible); *citing* F.R.E. 801(d)(2), *Romano v. Howarth*, 998 F.2d 101, 108 (2d Cir. 1993).

Here, the Plaintiff's statement fits directly the requirements of the Rule. "With respect to the requirements of Fed. R. Evid. 803(4)(B), the alleged statements very clearly describe the general cause of Plaintiff's injury and declarant statements about the nature of an injury and how it occurred comfortably fit within the Rule 803(4)(B) parameters." *Congemi, supra* at *20, quoting* 30B Fed. Prac. & Proc. Evid. (Wright & Miller) § 6843 (2021 ed.). "With respect to the requirements of Fed. R. Evid. 803(4)(A), statements concerning the physical events precipitating a patient's slip and fall have been considered reasonably pertinent to a medical diagnosis." *Congemi, supra* at *25, citing Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 U.S. Dist. LEXIS 68371, 2008 WL 4155635, at *2 (S.D.N.Y. Sept. 9, 2008) (holding that references in plaintiff's medical records indicating that plaintiff "tripped" were admissible under Rule 803(4)); *see also Johnson v. Tuffey*, 2011 U.S. Dist. LEXIS 104550, at *14-15 (N.D.N.Y. Sep. 15, 2011) (D'Agostino, J.) ("Statements made relating to cause are admissible"). The Plaintiff's statements relate the general cause of her injury and the physical events precipitating the incident.

The admissibility of such statements in the Jacobi Records were directly contemplated by the Advisory Committee when promulgating Rule 803(4): "Even those few jurisdictions which

4

have shied away from generally admitting statements of present condition have allowed them if made to a physician for purposes of diagnosis and treatment in view of the patient's strong motivation to be truthful. The same guarantee of trustworthiness extends to statements of past conditions and medical history, made for purposes of diagnosis or treatment. It also extends to statements as to causation, reasonably pertinent to the same purposes, in accord with the current trend." F.R.E. 803(4) Notes of Advisory Committee on Proposed Rules; *see also White v. Illinois*, 502 U.S. 346, 356 (1992) (exception premised on the notion that "a statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility."). The Plaintiff's statements in the Jacobi Records concern her medical treatment and diagnosis, and the motion in limine to admit them should be granted.

    Indeed, the Advisory Committee notes make clear that the statement "running across the street to catch the bus, saw a car coming but didn't stop and neither did the car" is admissible because it concerns the accident, but does not assign fault to the defendant: "Statements as to fault would not ordinarily qualify under this latter language. A patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light." F.R.E. 803(4) Notes of Advisory Committee on Proposed Rules. The statement does not purport to identify the driver, nor does it assign fault by making claims such as the driver ran a red light or was speeding. The statement pertains only to causation of the incident, and her statement that she was running, did not stop, and neither did the car "is directly pertinent to the doctors' medical diagnoses, since the statements enable doctors to understand the mechanics of the injury and the forces to which Plaintiff's body was subjected." *Messier v. United States*, 962

5

F. Supp. 2d 389, 394 (D. Conn. 2013) (Haight, J.) (admitting statement concerning plaintiff holding onto railing during ferry crash under FRE 803(4)). The statement that the Plaintiff was running and did not stop, and neither did the car, pertains directly to the mechanism of alleged injury, the forces involved, and the treatment thereof, and must be admitted. For instance, it would be an entirely different incident and resulting alleged injury if Plaintiff were standing stationary on the sidewalk when the car jumped the curb and struck her, or if Plaintiff ran out and collided with a stationary, parked car. Nor can Plaintiff offer argument or evidence showing that the references to Plaintiff "running across the street" were provided for any purpose other than to assist with Plaintiff's diagnosis and treatment. *Sanders, supra* at *7. Accordingly, the statements should be admitted. *Id*.

D.    **Even if the Plaintiff's statement is not admissible hearsay, it is admissible non-hearsay**

The Jacobi Records and the statements therein comprise admissible hearsay under the business records, medical treatment, and party admission exceptions. However, even if the records and statements were not admissible hearsay, they constitute admissible non-hearsay if offered for the purpose of impeaching the Plaintiff. The Plaintiff, as a witness in this case, should be subject to impeachment using the statements in the record. "A witness's prior statement may be offered to impeach that witness's credibility if (1) the statement is inconsistent with the witness's trial testimony, (2) the witness is afforded an opportunity to deny or explain the same, and (3) the opposing party is afforded the opportunity to cross-examine the witness thereon." *Johnson v. Pacheco*, 2022 U.S. App. LEXIS 793, at *5-6 (2d Cir. 2022), *citing United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995); Fed. R. Evid. 613(b).

Here, Plaintiff's prior statements in the medical record that she was "running across the street to catch the bus, saw a car coming but didn't stop and neither did the car" are inconsistent with her previous sworn testimony and her anticipated trial testimony that she was crossing in the crosswalk with the right of way. Doc. 60-1 at 17-18, 28-31. Indeed, the prior statements in the medical record that she was running across the street are inconsistent with her anticipated testimony especially given that she denied the medical record in deposition. At her deposition, when presented with the medical record in question, the Plaintiff testified as follows:

> Q. So on the following page the record states, 31 year old female presenting as pedestrian struck, plus loss of consciousness, states she was running across the street to catch the bus, saw a car coming but didn't stop, and neither did he. And neither did the car rather. Complaining of pain in her right hip, left face and left jaw, unable to ambulate after the event. Did I read that correctly?
> A. From what it says there, yes.
> Q. Is that accurate?
> A. No.
> Q. You don't remember stating this to the admitting medical personnel at Jacobi?
> A. I remember complaining about the pain in my face, in my jaw and my hip and everything.
> Q. Do you remember stating that you were running across the street to catch the bus, saw a car coming but didn't stop, and neither did the car?
> A. No.
> Q. Do you have any idea why she would have written that down in there?
> MR. KLEIN: Objection. I'm instructing her not to answer. Objection.

Doc. 60-1 at 40-1. Plaintiff's credibility on the causation of the accident goes "directly to the factual issue before the court": whether Plaintiff caused the accident by darting out between buses mid-block or was crossing lawfully at the crosswalk. *See Johnson, supra* at *5. The records and statement are unquestionably relevant insofar as they were made immediately after

7

the accident in furtherance of medical treatment for the accident. *Id.*

### III. Conclusion

The Jacobi Records are admissible business records containing the Plaintiff's party admission, made concerning her medical treatment and diagnosis, that she was injured when she was "running across the street to catch the bus, saw a car coming but didn't stop and neither did the car." It is also admissible as extrinsic evidence of the Plaintiff's prior inconsistent statement. The motion to admit the Jacobi Records should be granted.

Respectfully submitted,
DEFENDANT,
UBER TECHNOLOGIES, INC.
By its attorneys,

*/s/ Ben Levites*

Andrew R. Ferguson (AF5154)
Benjamin H. Levites (5557046)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com
blevites@coughlinbetke.com

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Thursday, January 9, 2025.

*/s/ Ben Levites*
Benjamin H. Levites
