# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAARILLE LINZY, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| *Defendant.* | ) | 1:21-cv-05097-ER |

## REQUEST TO CHARGE–LIABILITY[1]

### I.    Case-Specific Charges Prior to Trial

*PJI 1:2B. Split Trial-Liability*

In this case you will decide only the question of liability, that is, which party, if any, is responsible for the accident that brings these parties to court. You are being asked to decide only the question of fault. Should there be mention of an injury you will consider that reference only in deciding how the accident happened and not for any other purpose. This procedure is being followed at my direction, and you should draw no conclusions against any party from that fact.

*PJI 1:7. Consider Only Competent Evidence*

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions, and you may hear no answer, or, where an answer has been given, I may instruct that it be stricken or removed from the record and that you disregard it. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decision. The law

---

[1] All references herein to the "PJI" are to the New York State Pattern Jury Instructions

requires that your decision be made solely on the evidence before you. Any items I exclude from your consideration will be excluded because they are not legally admissible.

*PJI 1:7A. Impartiality*

A lawsuit is a civilized method of determining disputes. It is basic to the administration of any system of justice that the decisions on both the law and the facts be made fairly and honestly. You as the jurors and I as the court have a heavy responsibility-to act impartially and ensure a just result is reached in deciding the dispute between the plaintiff and the defendant in this case.

*PJI 1:7B. Fair Juror and Absence of Implicit or Unconscious Bias*

As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a decision based on those stereotypes or attitudes. Keep in mind that bias is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

*PJI 1:8. Weighing Testimony*

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness ' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your

everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

*PJI 1:11. Discussion Among Jurors-Keep an Open Mind-Independent Research*

In fairness to the parties to this lawsuit, it is very important for you keep an open mind throughout the trial. You must reach your decision and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and my instructions to you on the law. Then you will exchange your views and opinions with the other members of the jury to reach your decision and verdict.

*PJI 1:87. General Instructions-Interpreters*

You may hear testimony in Spanish. An interpreter will provide a translation. You must rely only on the translation provided by the interpreter, even if you understand the language spoken by the witness and even if you disagree with the interpreter's translation. If you believe that the interpreter translated testimony incorrectly, you must advise the court immediately. Do

not offer your own translation of any testimony to the other jurors at any point during the trial or the deliberations.

## II.    Case-Specific Charges After Trial

*PJI 1:22. Falsus in Uno*

If you find that any witness has willfully testified falsely as to any important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one important matter is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness' testimony as you deem true and disregard what you deem is false.

*PJI 1:23. Burden of Proof*

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by any

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the

4

evidence opposed to it that you can find in favor of Plaintiff.

*PJI 1:25. Consider Only Testimony and Exhibits*

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summations of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

*PJI 1:25C. General Instruction-Interested Witness-Generally*

The plaintiff and the defendant both testified before you. As parties to the action, both are interested witnesses, that is, they have an interest in the outcome of the case that may have affected their testimony.

Even though not a party to the action, Jose Alemar is an interested witness because as the person directly charged with having caused the injury to plaintiff, he may have a motive to shield himself from blame.

An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not

told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of his or her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

*PJI 2:10. Common Law Standard of Care-Negligence Defined-Generally*

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

*PJI 2:36. Comparative Fault*

If you find that the defendant was negligent and that the defendant's negligence was a substantial factor in bringing about the accident, you must next consider whether the plaintiff was also negligent and whether the plaintiff's negligence was a substantial factor in bringing about the accident.

The burden is on the defendant to prove that the plaintiff was negligent and her negligence was a substantial factor in bringing about the accident. If you find that the plaintiff was not negligent, or if negligent, that her negligence was not a substantial factor in bringing

about the accident, you should go no further and report your findings to the court.

If, however, you find that the plaintiff was negligent and that her negligence was a substantial factor in bringing about the accident, you must then apportion the fault between the plaintiff and the defendant.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the plaintiff and the defendant and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

For example, if you should find that the defendant and the plaintiff were equally at fault you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

*PJI 2:75. Motor Vehicle Accidents-Pedestrian Crossing Highway*

The plaintiff, Shaarille Linzy,  a pedestrian, and Jose Alemar, a motorist, were each under a duty to use that degree of care that a reasonably prudent person would have used under the same circumstances. Alemar was required to keep a reasonably careful look out for pedestrians, to see what was there to be seen, to sound the horn when a reasonably prudent person would have done so to warn a pedestrian of danger and to operate the car with reasonable care to avoid hitting any pedestrian on the roadway.

Before crossing the road, and while crossing the road, Plaintiff was required to look with care for oncoming traffic to avoid placing herself in a position of danger and to see what was there to be seen.

Plaintiff and Alemar were also required to obey the statutes governing traffic at the time and place of the accident and each was entitled to assume that the other would do so.

If you decide that Plaintiff was within a crosswalk at the time of the accident, you must consider section 1151 of the Vehicle and Traffic Law, which provides:

> (a) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk on the roadway upon which the vehicle is traveling,
> (b) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield.

If you decide that Alemar failed to yield the right of way as required by the statute, you must find that Alemar was negligent. If you decide that Alemar did not violate the statute, you must consider whether upon all of the circumstances Alemar acted as a reasonably prudent person. If you decide that Plaintiff violated the statute by suddenly walking or running into the path of the vehicle, making it impractical for Alemar to yield the right of way, you will decide that Plaintiff was negligent. If you decide that Plaintiff did not violate the statute, you will consider whether upon all of the circumstances Alemar acted as a reasonably prudent person.

If you decide that Plaintiff was not within a cross-walk at the time of the accident, Alemar was still required to use reasonable care under the circumstances to avoid hitting Plaintiff, and you must decide whether alemar did use reasonable care. In considering the question of Plaintiff's negligence, you must consider section 1152 of the Vehicle and Traffic Law, which provides:

> (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an

Case 1:21-cv-05097-ER-SDA    Document 131    Filed 01/12/25    Page 9 of 17

intersection shall yield the right of way to all vehicles upon the
roadway.

The statute does not prohibit a pedestrian from crossing the roadway outside a crosswalk,
but requires a pedestrian crossing outside a crosswalk to yield the right of way to a motor vehicle
that is likely to strike her. If you find that Plaintiff failed to yield the right of way as required by
the statute, you must find that Plaintiff was negligent. If you find that Plaintiff did not violate the
statute, you must consider whether Plaintiff as a reasonably prudent person.

*PJI 2:77. Motor Vehicle Accidents-Duty Toward Other Motorists, In General*

As you have heard, Plaintiff contends that Alemar failed to operate his vehicle with
reasonable care. Alemar denies Plaintiff's contention and contends that plaintiff darted out in to
traffic in front of his car.

A driver has the duty to operate his vehicle with reasonable care, taking into account the
actual and potential dangers existing from weather, road, traffic, and other conditions. This duty
requires the driver to maintain a reasonably safe rate of speed; to have his vehicle under proper
control; to keep a proper lookout under the existing circumstances; to see and be aware of what
is in his view; and to use reasonable care to avoid an accident.

Plaintiff has the burden to prove Alemar failed to operate his vehicle with reasonable
care. If you decide that Alemar operated his vehicle with reasonable care, then you will find
Alemar was not negligent. If you decide that Alemar failed to operate his vehicle with reasonable
care, you will find Alemar was negligent and you then must consider whether Alemar's
negligence was a substantial factor in bringing about the accident.

*PJI 1:55. General Instruction-Admission by a Party-By Statement*

Testimony has been introduced that plaintiff made statements to Jose Alemar and Dr.

Elizabeth Patterson at Jacobi Hospital on December 5, 2019 that she was running to catch a bus on the other side of the street at the time of the accident. Plaintiff denies that she made such a statement. If you find that plaintiff made such a statement and that she thereby admitted that she was running to catch a bus on the other side of the street at the time of the accident, you may consider that statement as evidence of her negligence in causing the accident.

In deciding whether such a statement was made, you will apply the rules I have already given you about the evaluation of testimony. You may accept either party's version of what happened in whole or in part or you may accept a part of the versions given by both. In deciding how much weight you will give to the statement, if any, you can consider plaintiff's physical condition at the time the statement was made, the words used, the person to whom the statement was made, the time that passed between the making of the statement and the accident, all of the other circumstances and conditions existing at the time and place, and the other facts in evidence, as well as the reasonableness of the plaintiff's explanation of the statement. You may consider the statement to be conclusive and binding on plaintiff, or you may ignore it altogether, or you may give it a weight between those two extremes, as you find proper under all the circumstances.

*PJI 1:66. General Instruction-Evidence Admitted for Limited Purpose-Credibility of Non-Party Witness*

You will remember that during the testimony of the witnesses Jose Alemar and Plaintiff Shaarille Linzy, statements made by them before this trial was introduced in evidence. Those statements are not proof of the facts stated in them. If, however, you find that the written statement is not consistent with the testimony given by Jose Alemar or Plaintiff Shaarille Linzy at this trial, you may consider that inconsistency in deciding whether you will believe all, or a

part, or none of the testimony Jose Alemar or Shaarille Linzy gave during this trial and how much weight you will give to Jose Alemar or Shaarille Linzy testimony. In other words, you may only consider the statements in connection with Jose Alemar or Shaarille Linzy's believability and not for any other purpose.

*NY PJI 2:235  :      Liability for the Conduct of Another – Employer-Employee – Scope of Employment*[2]

The plaintiff in this case brought claims against Uber. By these claims, plaintiff seeks to hold Uber responsible for the negligent acts and omissions of Jose Alemar, whom plaintiff

---

[2] This charge is modeled on New York PJI 2:235 and modified based on the following cases: *Soares v. Rahmatulloev,* 2024 N.Y. Misc. LEXIS 8922, at *4 (Bronx Sup. Ct. Apr. 30, 2024) (Goldbourne, J.) ("The Plaintiff has failed to produce evidence demonstrating that the Defendant Rahmatulloev was engaged in work connected to or on behalf of Uber at the time of the accident as alleged in Plaintiff's filings and submissions."); *Wilson v. Elbayaa Uber USA, LLC,* 2024 N.Y. Misc. LEXIS 23671, at *1 (Queens Sup. Ct. Sep. 6, 2024) (Caloras, J.) (when the evidence establishes that a driver and was offline and not using the Driver App to connect with riders at the time of the incident, Plaintiff does not have a cause of action against Uber); *Cuevas De Leon v. Uber, et al.,* Index No. 808882/2023E (Bronx Cnty. Sup. Ct., June 12, 2024) (when driver is offline and unable to accept ride requests through the Driver App at the time of the incident, Plaintiff has no claim against Uber); *Johnson v. Uber, et al.,* Index No. 708987/2020 (Queens Cnty. Sup. Ct. February 7, 2024) (when evidence demonstrates that Plaintiff was offline and not using Driver App to connect with riders at the time of the accident, there can be no theory of liability to recover against Uber); *see also Muhammad v. Uber, et al.,* Index No. 701171/2024 (Queens Cnty. Sup. Ct., December 4, 2024); *Suero v. Uber, et al.,* Index No. 30130/2019E (Bronx Cnty. Sup. Ct., November 12, 2024); *Parra v. Uber, et al.,* Index No. 526895/2023 (Kings Cnty. Sup. Ct., October 16, 2024); *Noel v. Uber, et al.,* Index No. 504960/2024 (Kings Cnty. Sup. Ct., October 2, 2024); *Perez v. Uber, et al.,* Index No. 700303/2020 (Queens Cnty. Sup. Ct., July 12, 2024); *Rahman v. Uber, et al.,* Index No. 708761/2023 (Queens Cnty. Sup. Ct., May 17, 2024); *Soares v. Uber, et al.,* Index No. 30914/2017E (Bronx Cnty. Sup. Ct., April 30, 2024); *Murray v. Uber, et al.,* Index No. 509219/2020 (Kings Cnty. Sup. Ct., April 11, 2024); *Thompson v. Uber, et al.,* Index No. 710309/2023 (Queens Cnty. Sup. Ct., March 28, 2024); *Martinez v. Uber, et al.,* Index No. 710099/2023 (Queens Cnty. Sup. Ct., February 16, 2024); *Brown-Winfield v. Uber, et al.,* Index No. 515030/2018 (Kings Cnty. Sup. Ct., February 9, 2024); *Friend v. Uber, et al.,* Index No. 524705/2022 (Kings Cnty. Sup. Ct., February 6, 2024); *Reyes v. Uber, et al.,* Index No. 524704/2022 (Kings Cnty. Sup. Ct., February 2, 2024); *Ortiz-Daiz v. Uber, et al.,* Index No. 505708/2023 (Kings Cnty. Sup. Ct., February 2, 2024).

alleges to have been Uber's employee. An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. Uber denies that Mr. Alemar was ever its employee and maintains that he was at all times an independent contractor responsible for his own actions.

Your first must decide if Mr. Alemar was online in the Driver Version of the Uber App ("Driver App") and available to receive ride requests on the Uber platform at the time of the incident. Mr. Alemar cannot potentially be Uber's employee if he is not online and not available to receive ride requests on the Uber platform. In this case, you have heard testimony about how drivers use the Driver App to connect with riders and how drivers like Mr. Alemar must go online in the Driver App to receive and accept ride requests. Thus, before you determine whether Mr. Alemar was acting in the scope of his alleged employment with Uber, you first must determine whether Mr. Alemar was online in the Driver App and available to receive ride requests on the Uber platform at the time of the incident. If you find that Mr. Alemar was not online in the Driver App and not available to receive ride requests on the Uber platform at the time of the incident, your finding will be that Mr. Alemar was not acting in the scope of his alleged employment, and thus that Uber is not responsible for Mr. Alemar's actions. In deciding whether Mr. Alemar was online in the Driver App, you may consider the following factors:

- When did the incident occur;
- Whether Uber maintained data regarding when Mr. Alemar was online or offline in the Driver App;

12

- Whether Uber's data shows that Mr. Alemar was online at the time of the incident;
- When was Mr. Alemar last online before the incident, according to Uber's data;
- When did Mr. Alemar next go online after the incident, according to Uber's data;
- Whether Mr. Alemar was available to receive a ride request through the Uber platform at the time of the incident;
- Whether Mr. Alemar had accepted a ride request at the time of the incident; and
- Whether Mr. Alemar was transporting a rider after pickup at the time of the incident.

If, on consideration of the evidence as a whole, you find that Mr. Alemar was not online and not available to receive ride requests on the Uber platform at the time of the incident, then your finding will be that Mr. Alemar was not acting in the scope of his alleged employment at the time of the incident, and thus that Uber is not responsible for Mr. Alemar's actions. If, however, you find that Mr. Alemar was online in the Driver App and was available to receive ride requests on the Uber platform, then your finding will be that Mr. Alemar was acting in the scope of his alleged employment with Uber.

*NY PJI 2:255 :       Liability for the Conduct of Another – Independent Contractor – General Rule[3]*

The plaintiff in this case brought claims against Uber. By these claims, plaintiff seeks to hold Uber responsible for the negligent acts and omissions of Jose Alemar, whom plaintiff alleges to have been Uber's employee. Uber denies that Mr. Alemar was ever its employee and maintains that he was at all times an independent contractor responsible for his own actions. In order to evaluate this claim, therefore, you will need to assess the nature of the relationship between Mr. Alemar and Uber.

Whether Mr. Alemar was Uber's employee or instead was an independent contractor is a question for you to decide after considering all the facts and circumstances of the case. An independent contractor is one who was hired to perform services for another, according to his or

---

[3] This Charge is modeled on New York PJI 2:255 and modified bases on the following cases: *Duncan v. Uber Techs., Inc.,* 2023 N.Y. Misc. LEXIS 21690 (Queens Cnty. Sup. Ct. Oct. 4, 2023) (the Court held that the driver using the Driver App was an independent contractor and thus, Uber was not responsible for his actions under the doctrine of *respondeat superior*.); *citing Rosenberg v. Equitable Life Assurance Soc'y,* 79 N.Y.2d 663, 668 (1992); *Chuchuca v. Chuchuca,* 890 N.Y.S.2d 573 (2d. Dept. 2009); *Bynog v. Cipriani Group,* 1 NY3d 193 (2003); *Araneo v. Town Bd. for Town of Clarkstown,* 865 N.Y.S.2d 281, 284 (2nd Dept. 2008); *In re Ted Is Back Corp.,* 64 N.Y.2d 725, 726 (1984); *Rivera v. Fenix Car Serv. Corp.,* 916 N.Y.S.2d 169, 170 (2nd Dept. 2011); *Parisi v. Loewen Dev. Corp.,* 774 N.Y.S.2d 746, 746 (2nd Dept. 2004); *see also, e.g., Castro v. Uber, et al*., Index No. 508099/2020 (Kings Cnty. Sup. Ct., December 20, 2024); *Maldon v. Uber, et al*., Index No. 517770/2020 (Kings Cnty. Sup. Ct., December 19, 2024); *Dutan-Guaman v. Uber, et al*., Index No. 505670/2022 (Kings Cnty. Sup. Ct., December 18, 2024); *Molina v. Uber, et al*., Index No. 508862/2021 (Kings Cnty. Sup. Ct., December 18, 2024); *Pineda v. Uber, et al*., Index No. 512596/2021 (Kings Cnty. Sup. Ct., December 11, 2024); *Bandele v. Uber, et al*., Index No. 720862/2020 (Queens Cnty. Sup. Ct., December 9, 2024); *Allen v. Uber, et al.,* Index No. 514161/2019 (Kings Cnty. Sup. Ct., November 21, 2024); *Gorbacevska v. Uber, et al*., Index No. 522028/2020 (Kings Cnty. Sup. Ct., August 22, 2024); *Bongiovi v. Uber, et al*., Index No. 150935/2023 (Richmond Cnty. Sup. Ct., May 31, 2024); *Shenouda v. Uber, et al*., Index No. 601854/2020 (Nassau Cnty. Sup. Ct.,, January 3, 2024); *Cortese v. Uber, et al*., Index No. 605477/2019 (Suffolk Cnty. Sup. Ct., February 18, 2021).

her own skill and judgment as to the manner or method of performance, free from the control and direction of the person for whom the services are being performed in all matters connected with the manner or method of performance, except as to when and where, in general, it should be done and the result or product of the work. If you find that Mr. Alemar was free from control or direction by Uber as to the manner or method of performing the work even if Uber was concerned with whether the final result of the work was satisfactory, your finding will be that he was an independent contractor for whose conduct Uber is not responsible. In deciding whether Mr. Alemar was Uber's employee or an independent contractor, you may consider the following factors:

- Was Mr. Alemar free to do work for other persons or entities in addition to Uber;
- Was Mr. Alemar paid by the trip;
- Were deductions taken from amounts paid by Mr. Alemar to Uber for withholding taxes and social security;
- Whether Mr. Alemar received a 1099 from Uber;
- Who owned the car Mr. Alemar drove;
- Who maintained the commercial automobile liability insurance required by the TLC for Mr. Alemar's vehicle;
- Who determined how often and when Mr. Alemar drove;
- Who determined where Mr. Alemar drove;
- Whether Mr. Alemar had a supervisor;
- Whether Mr. Alemar had to request days off;
- That Mr. Alemar paid a service fee to Uber for trip leads obtained via her use of the Uber App;
- That Mr. Alemar used his own cell phone to access the Uber App;
- That Mr. Alemar paid for his own cell phone plan for the phone he used to access the Uber App;
- That Mr. Alemar and Uber entered into an agreement, the Technology Services Agreement ("TSA"), wherein both parties agreed that Mr. Alemar was to be considered an independent contractor;
- Who under the TSA was to decide, and who in fact made the decisions concerning the methods, means or procedures of

accomplishing the work as distinct from what work there was to
do or whether the final result of the work was satisfactory; and

• Whether one or both parties reserved the right to end the TSA at
any time.

No one of these factors is decisive, nor is the written contract between Mr. Alemar and
Uber conclusive of the question. As I mentioned, if, on consideration of the evidence as a whole,
you find that Mr. Alemar was subject to the direction and control of Uber as to the manner or
method of performing the work, your finding will be that he was an employee of Uber. If,
however, you find that Mr. Alemar was free from control or direction by Uber as to the manner
or method of performing the work, even if Uber was concerned with whether the final result of
the work was satisfactory, your finding will be that he was an independent contractor for whose
conduct Uber is not responsible.

Respectfully submitted,
DEFENDANT,
UBER TECHNOLOGIES, INC.
By its attorneys,

Andrew R. Ferguson (AF5154)
Benjamin H. Levites (5557046)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Sunday, January 12, 2025.

Benjamin H. Levites