# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

SHAARILLE LINZY,              )
    *Plaintiff*,               )
    v.                        )
UBER TECHNOLOGIES, INC.,      )
    *Defendant*.              )          1:21-cv-05097-ER

## REQUEST TO CHARGE–DAMAGES[1]

**I.  Case-Specific Charges Prior to Trial**

*PJI 1:2D. Split Trial-Damages*

The question of liability already has been decided. Thus, in this part of the case you will decide only the nature and extent of Plaintiff's injuries and what amount of money will fairly and justly compensate Plaintiff for all resulting loss. Should there be mention of how the accident happened, you will consider that reference only in deciding the amount of money, if any, that will fairly and justly compensate Plaintiff.

*PJI 1:7. Consider Only Competent Evidence*

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions, and you may hear no answer, or, where an answer has been given, I may instruct that it be stricken or removed from the record and that you disregard it. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decision. The law

---

[1] All references herein to the "PJI" are to the New York State Pattern Jury Instructions

requires that your decision be made solely on the evidence before you. Any items I exclude from your consideration will be excluded because they are not legally admissible.

*PJI 1:7A. Impartiality*

A lawsuit is a civilized method of determining disputes. It is basic to the administration of any system of justice that the decisions on both the law and the facts be made fairly and honestly. You as the jurors and I as the court have a heavy responsibility-to act impartially and ensure a just result is reached in deciding the dispute between the plaintiff and the defendant in this case.

*PJI 1:7B. Fair Juror and Absence of Implicit or Unconscious Bias*

As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a decision based on those stereotypes or attitudes. Keep in mind that bias is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

*PJI 1:8. Weighing Testimony*

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness ' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your

everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

*PJI 1:11. Discussion Among Jurors-Keep an Open Mind-Independent Research*

In fairness to the parties to this lawsuit, it is very important for you keep an open mind throughout the trial. You must reach your decision and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and my instructions to you on the law. Then you will exchange your views and opinions with the other members of the jury to reach your decision and verdict.

II.     **Case-Specific Charges After Trial**

*PJI 1:23. Burden of Proof*

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the

3

evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by any

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

*PJI 1:25. Consider Only Testimony and Exhibits*

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summations of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

*PJI 1:25C. General Instruction-Interested Witness-Generally*

The plaintiff testified before you. As a party to the action, she is an interested witness, that is, she has an interest in the outcome of the case that may have affected her testimony.

An interested witness is not necessarily less believable than a disinterested witness. The fact that she is interested in the outcome of the case does not mean that she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

*PJI 1:90. General Instruction-Expert Witness*

You will recall that medical experts testified concerning his qualifications in the field of orthopedic surgery and gave his opinions concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill that most people do not have, a qualified witness is permitted to state his opinions for the information of the court and jury. The opinions stated by any medical expert in this case were based on particular facts, as they obtained knowledge of them and testified about them. You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including the cross-examination of any expert, you decide that an opinion is not convincing. In other words, you are

not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Opinion testimony should be evaluated in the same way as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

*NY PJI 1:90NY PJI 1:90.2*

Any demonstrative exhibit of any medical expert was shown to you for the limited purpose of illustrating and assisting you to understand their opinion and may not be considered for any other purpose.

*NY PJI 2:277  :  Damages – General*

My charge to you on the law of damages must not be taken as a suggestion that you must find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant. If you decide that the Plaintiff is not entitled to recover from the Defendant, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you find that the Plaintiff is entitled to recover from the Defendant, you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries and disabilities she sustained.

*PJI 2:88E. No-Fault Law-Serious Injury-Permanent Consequential Limitation of Use of Body Organ or Member*

You must answer the following question: Did Plaintiff sustain a permanent consequential limitation of use of a body organ or member as a result of the accident on December 5, 2019?

A limitation of use of a body organ or member means that the body organ or member does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the use of the body organ or member. The limitation of use must be consequential, which means that it is significant, important or of consequence. A minor, mild or slight limitation of use is not significant, important or of consequence.

If you find that, Plaintiff sustained a permanent limitation of use as a result of the accident onDecember 5, 2019, and that the limitation is consequential, as I have defined it, you must answer the question "yes." If you find that there is no permanent limitation as a result of the accident on December 5, 2019, or that the limitation is not consequential, you must answer the question "no."

*PJI 2:88F. No-Fault Law-Serious Injury-Significant Limitation of Use of Body Function or System*

You must answer the following question: Did Plaintiff sustain a significant limitation of use of a body function or system as a result of the accident on December 5, 2019?

A limitation of use of a body function or system means that the function or system does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the body function or system or that the limitation of use is permanent. However, the limitation of use must be significant, meaning that the loss is important or meaningful. A minor, mild or slight limitation of use is not significant.

If you find that Plaintiff sustained a limitation of use as a result of the accident on December 5, 2019 and that the limitation is significant, you must answer the question "yes." If you find that Plaintiff did not sustain a limitation of use as a result of the accident onDecember 5, 2019, or that the limitation is not significant, you must answer the question "no."

*PJI 2:88G. No-Fault Law-Serious Injury-Non-Permanent Medically Determined Injury That Prevents Performance of Usual and Customary Daily Activities For 90 of 180 Days Immediately Subsequent to Injury*

You must answer the following question: Did Plaintiff sustain a medically determined injury or impairment of a non-permanent nature as a result of the accident on December 5, 2019 that prevented her from performing substantially all of the material acts that constituted her)usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident?

A medically determined injury is one that is supported by testimony by doctor. If you find that, as a result of the accident, there is a medically determined injury or impairment of a non-permanent nature that prevented Plaintiff from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "Yes." If you find that, as a result of the accident on December 5, 2019, Plaintiff did not sustain a medically determined injury or impairment of a non-permanent nature that prevented Plaintiff from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "No."

*PJI 2:280. Damages-Personal Injury-Injury and Pain and Suffering*

If you decide that defendant is liable, plaintiff is entitled to recover a sum of money which will justly and fairly compensate her for any injury, disability and conscious pain and suffering to date caused by defendant.

*NY PJI 2:301 :     Damages – Personal Injury – Collateral Sources – Itemized Verdict*

If you decide for the plaintiff on the question of liability, you must next consider past and future damages, including an award for past and future pain and suffering, if any. Based upon the evidence you may also include an award for each of the following items, separately divided into amounts intended to compensate the plaintiff for damages incurred before your verdict and amounts intended to compensate the plaintiff for damages to be incurred in the future: If you make an award for any item of damages to be incurred in the future, then for each such item, you must state the period of years over which the amount awarded is intended to provide compensation and the amount you fix must represent the full amount awarded to plaintiff for that item of damage for that future period without reduction to present value.

Your verdict will include answers to the following questions which will be submitted to you in writing:

> (1) State separately the amount awarded for the following items of damages, if any, from the time of the occurrence up to the date of your verdict:

> (a) Pain and suffering up to the date of your verdict.

If you decide not to make an award, you will insert the word "none" as to that item.

    (2) State separately the amount awarded for the following items of damages, if any, to be incurred in the future:

    (a) Pain and suffering, including the permanent effect of the injury, from the time of verdict to the time that plaintiff could be expected to live.

Plaintiff may not recover for any expense that was paid by defendant or for any services that were provided free of charge. If you decide not to make an award as to any item, you will insert the word "none" as to that item.

    (3) If you do decide to award any amounts intended to compensate the plaintiff for damages to be incurred in the future, then for each item for which an award is made, state the period of years over which such amounts are intended to provide compensation. For any item for which an award is not made, you will insert the word "none" as to that item.

  Uber reserves the right to amend or supplement these requested charges depending on the proof adduced at trial.

                Respectfully submitted,
                DEFENDANT,
                UBER TECHNOLOGIES, INC.
                By its attorneys,

                */s/ Ben Levites*
                Andrew R. Ferguson (AF5154)
                Benjamin H. Levites (5557046)
                Coughlin Betke LLP
                1330 Avenue of the Americas
                Suite 23A
                New York, NY 10019
                212-653-0380
                aferguson@coughlinbetke.com
                blevites@coughlinbetke.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Sunday, January 12, 2025.

                                                          Benjamin H. Levites